UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

STEVEN A. McLEOD #924820
Hamilton CI (main unit) Plaintiff,
10650 S.W. 46th St.
Jasper FL 32052
VS,

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
PAUL PEREZ U.S. ATTORNEY (M.D.FLA.)
F.B.I. PUBLIC CORRUPTION SQUAD (Tampa, FL)
        Defendants.

CASE N^

FILED
FEB 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV00247
JUDGE: John D. Bates
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 02/10/2006

## FREEDOM OF INFORMATION ACT ACTION

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Title 5 U.S.C. §552 and Federal Rules Of Civil Procedure, requesting this Honorable Court to enter an Order requiring the Defendants to provide documents and information, under expedited processing procedures, requested under the freedom of information act and offers the following in support thereof:

1. The Plaintiff was arrested in Tampa, Florida on September 20th, 2000, by City Of Tampa police officers for state charges of sexual battery and false imprisonment, in Case No. 00-15913, 13th Judicial Circuit, Hillsborough County, FL.

2. A search warrant was executed at the Plaintiffs' residence and present during the search were Tampa Police Department (TPD) detectives Scott Wolfe, John Yaratch and Robert Sheehan, who was a TPD detective deputized into an F.B.I. Task Force. (Exh #1, Pg. 2)

3. The Plaintiff's computer was seized during the search and taken into the custody of the F.B.I. for forensic testing (Exh. 2, Pg. 2) and returned to the T.P.D. Property Room on September 29th, 2000. (Exh. #3, 4).

4. The Plaintiff had been arrested at 12:30 p.m. on September 20th, 2000, (Exh. #5) but someone from law enforcement / F.B.I. had connected the computer to the Internet and responded to a query by the Plaintiff's friend, Niki Eakins, online. (Exh. #6).

**RECEIVED**
JAN 23 2006
NANCY MAYER WHITTINGTON, CLERK

1

5. Although some chatroom logs were produced during the state court discovery proceedings, Task Force member Robert Sheehan failed to appear at two depositions, after being subpoenaed as a T.P.D. detective in a T.P.D. investigation within the Tampa City Limits, failed to produce any type of written report on his participation in the search and the Plaintiff later learned that an F.B.I. analyst named Peggy or Margaret actually performed the forensic analysis of the Plaintiff's computer and no information on that analysis was ever provided.

6. During trial and in the Motion For New Trial, the Plaintiff learned how a piece of rope was planted in the desk drawer where the computer was located and in the area where F.B.I. Task Force member Robert Sheehan participated in the search of the Plaintiff's residence.

7. During trial, the Plaintiff also discovered, immediately after the jury verdict that Asst. State Attorney Suzanne Rossomondo of Hillsborough County, Florida's State Attorneys Office and T.P.D. detective Scott Wolfe, tampered with the same piece of evidence (the rope) to make it fit the alleged victim's testimony.

8. On March 23rd, 2001, the Plaintiff appeared for sentencing and Asst. U.S. Attorney James Muench was present because he had previously prosecuted the Plaintiff while working for the Hillsborough County State Attorney's Office and Asst. State Attorney Suzanne Rossomondo introduced T.P.D. Detective Scott Wolfe to Mr. Muench as: "the detective who tied the knots and loops in the rope", which was the nature of the evidence tampering, to obtain the Plaintiff's conviction. (Exh. #7)

9. On December 10th, 2003, the Plaintiff mailed a request for an investigation into the evidence tampering and planting allegations to Hillsborough County Commission Chairman Tom Scott (Exh. #8) which was forwarded to the F.B.I. Public Corruption Squad in Tampa, Florida and the investigation was initiated and supervised by Defendant U.S. Attorney Paul Perez and specifically Asst. U.S. Attorney Robert O'Neill in Tampa, Florida, Middle District of Florida.

10. On September 21st, 2004, the Plaintiff was visited at Hamilton C.I. (Main Unit) in Jasper, Florida by two F.B.I. agents from the Jacksonville, Florida, F.B.I. office and the Plaintiff was asked questions and for information about cases in Tampa, Florida that the Plaintiff had knowledge

2

of being fixed by state court officials and the F.B.I. agents requested detailed information and documents (Exh. #9) about those cases and the Plaintiff's case.

11. On September 21st, 2004, the Plaintiff mailed a copy of the previous investigation request to Hills. Co. Commission Chairman Tom Scott (Exh. #8) and all of the stated exhibits to the F.B.I. Public Corruption Squad in Tampa, Florida, to insure the F.B.I. had all of the documents.

12. From September of 2004 until the summer of 2005, the Plaintiff mailed numerous letters, documents and information requests concerning the investigation in the Plaintiff's case and about the placement of Asst. State Attorney Suzanne Rossomondo's          - in the Federal Witness Protection Program, after she provided information about the misconduct in the Plaintiff's case.

13. On August 7th, 2005, the Plaintiff made a Freedom Of Information Act request to the F.B.I. Public Corruption Squad (Exh. #10) and the U.S. Attorney's Office (Exh. #11) in Tampa, Florida.

14. Defendant U.S. Department of Justice responded to the FOIA request on September 19th, 2005, (Exh. #12) stating the requested information was in possession of other state or local agencies, which is patently false, pursuant to the averments in paragraphs 8, 10 and 12 of this litigation, but the Defendant Department Of Justice failed to notify the Plaintiff of his right to appeal as required by Title 5 U.S.C. 552(a)(6)(A)(i).

15. On October 3rd, 2005, the Plaintiff mailed a response (Exh. #13) to the determination by Defendant Department Of Justice (Exh. #12) contesting the finding made by Marie A. O'Rourke.

16. On September 20th, 2005 Defendant Federal Bureau of Investigation (Exh. #14) responded to the Plaintiff's FOIA request that they can find no records responsive to the Plaintiff's request and the Defendant F.B.I. notified the Plaintiff of his appeal right.

17. On October 3rd, 2005, the Plaintiff appealed the determination of the F.B.I. response (Exh. #14) and the appeal was assigned #06-0128 but the Plaintiff was informed that there was a backlog of appeals and it may take several months for the appeal determination, which is contrary to Title 5 U.S.C. 552(a)(6)(A)(ii).

3

18. On December 7th, 2005, the Plaintiff sent notice of intent to file this action to the Defendants if the information from the original investigation, the exculpatory evidence from the F.B.I. investigation into the misconduct and any other exculpatory evidence in their possession was not released within thirty (30) days, then this action would be filed because the Plaintiff would not wait until some open-ended date in the future for the appeal to be resolved. (Exh. #15).

19. In Hidalgo v. F.B.I., 344 F.3d 1256 (C.A.D.C. 2003), the Court held that exhaustion of the administrative remedy process was required as a condition precedent to seeking judicial relief but the Plaintiff asserts that the Hidalgo decision is inapplicable to this case because: 1) the Defendant Department of Justice failed to notify the Plaintiff of the right to appeal as required by Title 5 U.S.C. 552(a)(6)(A)(i); (Exh #12); the Defendant F.B.I. failed to resolve the appeal within the time periods set forth in Title 5 U.S.C. 552(a)(6)(A)(ii) and 3) the Defendants possess exculpatory information and evidence of gross police and prosecutorial misconduct of evidence tampering and planting to obtain his conviction and the Plaintiff's constitutional rights to procedural and substantive due process of law are being violated by the Defendants.

20. The Plaintiff seeks expedited review procedures in this litigation because his federal habeas corpus time limitations, pursuant to Title 28 U.S.C. 2244 expire in May of 2006, and the evidence in possession of the Defendants is critical to the issues raised in the state court proceedings and expedited review procedures are actionable in a Title 5 U.S.C. 552 proceeding as set forth in Edmonds v. F.B.I., 417 F.3d 1319 (C.A.D.C. 2005).

21. The Plaintiff requests this Honorable Court to file an Order requiring the Defendants to make a determination on the Plaintiff's appeal and provide any and all information or evidence in their possession to the Plaintiff by no later than March 1st, 2006.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant expedited litigation procedures, judgment against the Defendants and any and all other relief that this court deems just and proper, including costs for this litigation against the Defendants.

4

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 1/17/06

*[signature]*
Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Co-Director, Office of Information and Privacy, U.S. Department of Justice, Suite 570, Flag Building, Washington, D.C., 20530 for Defendant F.B.I. (Washington D.C.); Marie A. O'Rourke, Asst. Director, United States Department of Justice, Freedom of Information/Privacy Act Unit, 600 E. Street, N.W., Room 7300, Washington, D.C. 20530 for Defendant Department of Justice (U.S. Attorney's Office - Washington, D.C.); Paul Perez, U.S. Attorney, 400 N. Tampa St., Suite 3200, Tampa, FL 33602 and to the F.B.I. Public Corruption Squad, 500 E. Zack St., Suite 610, Tampa, FL 33602 by handdelivering to Mr. Fletcher, Fl. Dept of Corrections, Mailroom Employee, on this 18th day of January, 2006.

Respectfully submitted,

*[signature]*
Steven A. McLeod, Petitioner