October 3rd, 2005

Steven M. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Marie A. O'Rourke, Assistant Director
United States Department of Justice
Freedom of Information/Privacy Act Unit
600 E Street NW, Room 7300
Washington, D.C. 20530

RE: FOIA Request No. 05-2530
   F.B.I. FOIA Request # 1029110-000

Ms. O'Rourke,

God's grace and peace to you in Jesus name! I am writing to you because I recently made a Freedom Of Information Act (FOIA) request to your office (Exh. #1) and an identical request to the F.B.I. (Exh. #2). In your response (Exh. #3) and in the FOIA response from the F.B.I. (Exh. #4) I was told there is no information in your possession. As you will see this is patently false, which gives me reason to believe that the F.B.I. office in Tampa and the U.S. Attorney's Office in Tampa are withholding exculpatory information because there employees were involved in criminal misconduct in my case. By this letter, I am requesting an investigation by the Justice Department of these federal offices in Tampa and disclosure of the information I requested. Let me explain.

   I was arrested on September 20th, 2000, at my home in Tampa, Florida on sexual battery charges. After my arrest a search warrant was executed by Tampa Police Department and T.P.D. Detective Scott Wolfe had Detective Robert Sheehan respond. (Exh. #5 & #6). Robert Sheehan is a T.P.D. detective who has been deputized into an F.B.I. Task Force On Computer Crimes and was called to the scene because the victim claimed she observed herself performing sex acts on me on the computer during the offense.

   At 12:30 p.m. on September 20th, 2000, I was arrested (Exh. #7) but at 3:28 a friend of mine made contact with someone using my computer. (Exh. #8). Detective Sheehan took possession of my computer (Exh. #5)

— Exhibit #13        —        1

to do the computer forensics. On September 29th, 2000, the computer was released from F.B.I. custody (Exh. #9) and placed in the T.P.D. property room. (Exh. #10).

I later learned a piece of rope was planted in the desk drawer (during the search) where the computer was located. I also, was told a female F.B.I. computer analyst named Peggy (Margaret) was the person who actually performed the computer forensics testing. Detective Sheehan failed to respond to two deposition subpoenas or to a subpoena for a hearing on March 16th, 2001 in court, even though he was a T.P.D. detective called to the scene of a crime in the Tampa city limits, by another T.P.D. detective and was a Category A witness listed in the State's discovery. To date, over five (5) years later, I have NEVER been able to obtain any type of written report or oral testimony about Detective Sheehan's participation in this case. I've never received ANY information on the computer forensics.

On the morning of my trial, this same piece of rope that had been planted in my desk drawer, was also tampered with by Detective Wolfe and Asst. State Attorney Suzanne Rossomondo. They opened the evidence bag in the State Attorney's Office before bringing it over to the courtroom for my trial and tied knots and loops in the rope so that it was consistent with the victim's testimony. Ms. Rossomondo never took the rope out of the bag or revealed the knots and loops until closing arguments so that none of the witnesses could be questioned about it.

During my Motion For New Trial, I was able to uncover that the detectives, including Detective Sheehan, were inside my house before the warrant arrived which was contrary to the police reports and previous testimony. Detective Sheehan didn't appear at the hearing like he was suppose to so I never got an opportunity to question him about his role in the search and evidence planting.

I appeared for sentencing on March 23rd, 2001 and Asst. State Attorney Suzzanne Rossomondo had Asst. U.S. Attorney James Muench appear at my sentencing. Mr. Muench had worked for the Hills. Co. State Attorney's Office in 1988 and prosecuted me in a kidnapping case before he went to the U.S. Attorney's Office. In the 1988 case, Mr.

2

Muench had withheld a key piece of evidence until the morning of my trial and I later uncovered documented evidence that he knowingly used perjured testimony to obtain my conviction.

Prior to my sentencing hearing on March 23rd, 2001, Ms. Rossomondo introduced Detective Wolfe to Mr. Muench as the detective who tied the knots and loops in the rope. Niki Eakins (Exh. #11) and three (3) other witnesses overheard the introduction. I talked about the evidence planting and tampering during the sentencing hearing and Mr. Muench never did anything about it. Basically, Ms. Rossomondo admitted committing a federal felony (obstruction of justice) to an Asst. U.S. Attorney (James Muench) who ignored it, which in and of itself is a federal felony.

This isn't unheard of in the U.S. Attorney's Office in Tampa because they have a history of misconduct. In 2000, Asst. U.S. Attorney Karen Cox was suspended for one (1) year from practicing law in Florida for knowingly using perjured testimony. (See, The Florida Bar v. Cox, 794 So.2d 1278 (Fla. 2001)). On February 14th 2001, (eight days after my trial) the misconduct in the case of U.S. v. Aisenberg by Asst. U.S. Attorneys Stephen Kunz and Rachelle DesVaux-Bedke was disclosed. Steven and Marlene Aisenberg's charges were dismissed and their attorneys, Todd Foster and Barry Cohen, were awarded $1.5 million in attorneys fees under the Hyde Amendment. In August of 2005, Asst. U.S. Attorney Del Fuoco resigned due to allegations of extortion while performing his official duties. This is quite a track record. (On the Aisenberg case, See, U.S. v. Aisengberg, 358 F.3d 1327 (11th Cir. 2004)).

In December of 2003, I sent a request for an investigation to Hills. Co. Commission Chairman Tom Scott, (Exh. #12) in an attempt to get a state or federal investigation of the criminal misconduct in my case. I later learned Chairman Scott forwarded this request to the F.B.I. Public Corruption Squad in Tampa. I have very good reason to believe (including documented evidence) that Asst. State Atty. Suzanne Rossomondo (who is believed to be deceased) was actually placed in the F.B.I. Witness Protection Program after cooperating with the F.B.I. for her criminal misconduct and other federal felonies while working

3

as a prosecutor in Tampa. This misconduct included my case.

Prior to my trial, I owned my own business, as a paralegal, called the National Legal Alliance and I worked with attorneys in Tampa and nationwide in criminal cases. On September 21st 2004, I was visited here by F.B.I. Agent Janet Pellichotti and another agent for a debriefing on several cases that I knew about being fixed in Tampa. I provided them the details in five (5) cases that day, including four (4) payments I made to former Hills. Co. State Atty. Harry Lee Coe, for a defense attorney in Tampa. Agent Pellichotti requested that I detail the other cases and she provided me an outline to follow. (Exh. H 13) Harry Coe committed suicide in the summer of 2000, during an investigation of his criminal wrongdoing.

After Agent Pellichotti left on September 21st 2004, I wasn't sure about whether the F.B.I. Public Corruption Squad in Tampa had all of the document in my case, even though, I discussed it with them. The next day, Sept. 22nd, 2004, I sent the F.B.I. in Tampa a copy of the letter to Chairman Tom Scott. A short time later, I found out that Asst. U.S. Attorney Robert E. O'Neill was the prosecutor in charge of the investigation in my case. I have written him and the F.B.I. several times without any response.

My point in all of this is that your position that you have no information on my case is false and somebody is involved in a cover up. The F.B.I. office in Tampa was involved in the original investigation in my case. If your office doesn't have any information, then it means the F.B.I. office and U.S. Attorney's Office in Tampa are withholding all of this investigation information to protect James Muench and Robert Sheehan. I'm entitled to this information and I am requesting a full investigation in this matter by the U.S. Justice Department. Thank you and God bless.

IN Christ,

cc: F.B.I. Office (Washington, D.C.)
    F.B.I. Office (Tampa, FL)
    U.S. Attorney's Office (Tampa)
    Marsha Schein, Esq. 1945 Mason Mill Rd., Decatur, GA 30033
    Tampa Tribune - Elaine Silvestrini
    Washington Post
    file



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

September 20, 2005

MR STEVEN A MCLEOD
**924820
MAIN UNIT
10650 SOUTHWEST 46TH STREET
JASPER, FL 32052

Request No.: 1029110-000
Subject: MCLEOD, STEVEN A

Dear Mr. McLeod:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

A search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

— Exhibit #14

December 7th, 2005

Paul Perez, U.S. Attorney
Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, FL 33602

RE: FOIA Appeal No. 06-0128
    FOIA # 05-2530 (U.S. Atty.)
    FOIA # 1029110-000 (F.B.I.)

Steven McLeod, D.C.
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

NOTICE OF INTENT TO
FILE FOIA ACTION IN
FEDERAL COURT

Mr. Perez,

God's grace and peace to you in Jesus name! This letter is my official notice of intent to file a Title 5 U.S.C. action against you and the F.B.I. Public Corruption Squad Office in Tampa if the information requested in the above-shown FOIA numbers is not produced, within thirty (30) days of this letter. This request is in respect to the investigation by the F.B.I. office and Asst. U.S. Attorney Robert O'Neill into evidence planting and tampering by Tampa Police Department detectives and other officials to obtain my state court conviction in Case No. 00-15913, in the 13th Judicial Circuit Court. The F.B.I. also participated in the original investigation in my case and the misconduct involved Detective Robert Sheehan, who was deputized into an F.B.I. Task Force and Asst. State Attorney Robert Muench.

The information I am seeking is contained in your office and the F.B.I. Office in Tampa, Florida. I was notified the appeal was pending in the U.S. Justice Department in Washington, D.C. but I'm not waiting several months to obtain this information, which includes exculpatory evidence. If I have not received the response by January 6th, 2006, then I will file the FOIA action in the U.S. District Court, Middle District of Florida, Tampa Division without further notice. Thank you and God bless.

IN Christ,

CC: Marie A. O'Rourke, FOIPA, Asst. Dir.
    F.B.I. - Tampa Office
    file

Exhibit #15