UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE, et al.
    Defendants.

CASE NO. 06-247 (JDB)

PROVIDED TO HAMILTON C.I. ON 3-23-14 JCH FOR MAILING

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENLARGE TIME

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, requesting this Honorable Court to consider this Plaintiff's response to the Defendants First Motion To Enlarge Time To File Answer Or Otherwise Respond To Complaint filed on March 15th, 2006 and offers the following in support thereof:

1. This cause came before this Honorable Court, pursuant to Title 5 U.S.C. 552, concerning the Defendants failure to provide documents in their possession and to comply with the time limitations of the Freedom of Information Act (FOIA).

2. Defense counsel filed a document titled, "Defendants First Motion To Enlarge Time To File Answer Or Otherwise Respond To Complaint" on March 15th, 2006, which was the day before the Answer was due, and without providing the Plaintiff a copy of the proposed Order attached to the Motion.

3. Of Interest to the instant litigation is defense counsel's statement in paragraph two that he: "has not had sufficient time to review the materials already obtained from some of the agencies named as defendants", because defense counsel is admitting possession of documents that the defendants have continually stated didn't exist.

4. The point here is that the Defendants are in possession of the documents and continually violated time limits to produce the documents

RECEIVED
MAR 27 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

and now defense counsel is seeking additional time to do so.

5. The Plaintiff does not object to the instant extension of time, but the Plaintiff would request an Order by this Court that full and complete disclosure be performed by the defendants by April 17th, 2006, because the Plaintiff has a deadline in early May, 2006 to file his federal habeas corpus petition, pursuant to Title 28 U.S.C. 2244(d), or properly file a state post-conviction motion in state court to toll the time.

6. While the defendants may enjoy the luxury of not facing any penalties for non-compliance with time limitations of Title 5 U.S.C. 552, the Plaintiff is forever barred from seeking federal habeas corpus relief if the time limitations of Title 28 U.S.C. 2244 are not met.

7. Furthermore, should defense counsel produce documents as a result of this litigation and attempt to file a dispositive motion in lieu of an answer, then defense counsel should address and concede the payment of cost to the Plaintiff as the prevailing party in this litigation, in any dispositive motion.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant the requested relief and any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct, under penalty of perjury.

DATED: 3/23/06

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

2

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Ass't U.S. Attorney, 555 4th St., N.W., Washington, D.C. 20530, by placing in the hands of Ms. Herring, D.O.C Law Library Employee, on this 23rd day of March, 2006.

Respectfully submitted,

_____
Steven A. McLeod, Pro Se