UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD,          )<br>                            )<br>    Plaintiff,              )<br>                            )<br>    v.                      )<br>                            )<br>U.S. DEPARTMENT OF JUSTICE, *et al.*  )<br>                            )<br>    Defendants.             )<br>                            ) | Civil Action No.: 06-247 (JDB) |

**DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully move for summary judgment in this case brought under the Freedom of Information Act ("FOIA"). Plaintiff, a *pro se* prisoner serving a life sentence in Florida, filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida ("USAO-Tampa"), and the FBI. Both requests sought information relating to Plaintiff's state prosecution in a particular case in Florida. Because Plaintiff failed to exhaust his administrative remedies, his claim against DOJ should be dismissed. Moreover, because both DOJ and the FBI conducted reasonable searches and located no records responsive to his requests, the agencies are entitled to judgment as a matter of law.

Finally, the FBI located four pages of interview notes that were not responsive to Plaintiff's request, but it voluntarily released a redacted copy of the notes to Plaintiff anyway. Even if those notes were deemed responsive to his FOIA request, the limited redactions made by the FBI were proper and correct pursuant to FOIA Exemptions 6 and 7(C).

A memorandum in support of this motion is attached, which includes a statement of

material facts and supporting exhibits.  A proposed order is also attached.

May 17, 2006                                          Respectfully submitted,

                                                      _____
                                                      KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                      United States Attorney

                                                           /s/
                                                      _____
                                                      RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                      Assistant United States Attorney

                                                           /s/
                                                      _____
                                                      ALAN BURCH, D.C. Bar # 470655
                                                      Assistant United States Attorney
                                                      555 4th St., N.W., Washington, D.C. 20530
                                                      (202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 06-247 (JDB) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully move for summary judgment in this case brought under the Freedom of Information Act ("FOIA").  DOJ also moves to dismiss.  Plaintiff, a *pro se* prisoner serving a life sentence for state charges in Florida, filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida ("USAO-Tampa"), and the FBI offices in Tampa, Florida.  Both requests sought information relating to Plaintiff's state prosecution in a specified case in Florida.

Because he was prosecuted by state authorities in Florida, Defendants in this action do not have documents responsive to his request.  The case should be dismissed as it relates to the USAO-Tampa because Plaintiff failed to exhaust his administrative remedies by failing to appeal the finding of no records to the Office of Information and Privacy.  In any event, DOJ's search was reasonable and DOJ therefore satisfied its obligations under FOIA.

As for the FBI, it too located no responsive records after conducting a thorough and reasonable search.  Indeed, upon searching their records a second time--in response to further

correspondence from Plaintiff--the FBI located interview notes relating to Plaintiff but not the case in Florida specified in his request. Even though these records were not responsive to his FOIA request, the FBI nevertheless voluntarily provided redacted copies of them to Plaintiff. Even if the records were deemed responsive, the FBI's redactions were proper under Exemptions 6 and 7(C) of FOIA.

The material facts are set forth below, as required by Local Civil Rule 7(h), and supported by the attached exhibits.

## STATEMENT OF MATERIAL FACTS

There is no genuine dispute about the following material facts in this case:

1. Plaintiff sent a FOIA request to USAO-Tampa, dated August 7, 2005, in which he requested "any information currently in your possession of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida v. Steven A. McLeod, Case No. 00-15913, 13th Judicial Circuit Court, In and For Hillsborough County, Florida." See Compl., Ex. 11; accord Dec. Luczynski, attached as Ex. 1 hereto, Ex. A thereto (Plaintiff's request letter to USAO-Florida).

2. The USAO-Tampa received Plaintiff's FOIA request on August 11, 2005. See Ex. 1, Ex. G thereto ¶ 5 (Griffiths Decl.).

3. The USAO-Tampa searched its Legal Information Office Network System ("LIONS") system of records for any and all information pertaining to Plaintiff's name, that is, not simply information relating only to the particular state-court prosecution described in his FOIA request. See id. ¶¶ 7-9.

4. The USAO-Tampa found no records responsive to Plaintiff's FOIA request, nor any records relating to him at all. See id.

5. Plaintiff did not bring an administrative appeal of his FOIA request to the USAO-Tampa to the Office of Information and Privacy, U.S. Department of Justice ("OIP").

6. Plaintiff sent a substantially identical FOIA request to the FBI, dated August 7, 2005, in which he requested "any information currently in your possession of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida v. Steven A. McLeod, Case No. 00-15913, 13th Judicial Circuit Court, In and For Hillsborough County, Florida." See Compl., Ex. 10; accord Dec. David. Hardy, attached as Ex. 2 hereto, ¶ 5.

7. As the FOIA request to the FBI request did not specify which office of the FBI to search, the FBI searched its Central Records System for responsive records, see Compl. Ex. 10, Hardy Dec. ¶ 14, and because the FOIA request was addressed to the FBI's Tampa, Florida, office, the FBI searched its files at that office as well, see id. ¶ 15. These searches used the various combinations of "Steven A. McLeod" as search tools, and they found no responsive records. See id. ¶¶ 14-15.

8. In response to correspondence from Plaintiff asserting the existence of interview notes for an interview he gave to the FBI regarding a completely separate criminal prosecution of another person, not identified or referenced in any way in his FOIA request, the FBI searched for and located interview notes not responsive to his FOIA request. See id. ¶ 15.

9. The FBI redacted the interview notes, pursuant to FOIA Exemptions 6 and 7(C), to remove the names of FBI agents and identifying information of third parties. See id.

¶¶ 15-43. The FBI agents and other third parties had substantial privacy interests in withholding their identity, both to protect themselves from potential retaliation and/or stigma, and to protect the effectiveness of law enforcement activities. See id.

10. The interview notes were obtained pursuant to the law enforcement purpose of investigating potential criminal conduct. See id. ¶¶ 33-34.

11. The interview notes were reviewed for segregability, even though the redacted information was limited to names and other identifying information only, so that the potential for segregable information was virtually zero. See id. ¶ 44.

## LEGAL STANDARDS

### I. Evidentiary Standards for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the

Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). See also McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983), modified on other grounds, 711 F.3d 1076 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991); Public Citizen, Inc. v. Dep't of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

**II.     Standards for Locating Responsive Records**

    **A.     Adequate Search**

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce responsive information. Id. at 777 n.4. An agency is not

required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Consistent with the reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Thus, the reasonableness standard does not require the agency to prove that it located all responsive documents. See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) ("'the search need only be reasonable; it does not have to be exhaustive.'") (citing Nat'l Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search

through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980). Although the agency has the burden of proof on the adequacy of its search, the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs., 926 F.2d at 1200). Thus, once the agency has met its burden regarding adequacy of its search, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. See Carney, 19 F.3d at 813; SafeCard, 926 F.2d at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

    B.    **Segregability**

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." Mead Data,

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  Mead Data, 566 F.2d at 261, n.55.

**III.    Standards for Exemptions 6 and 7(C).**

    **A.    Exemption 6**

Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute an unwarranted invasion of personal privacy."  See 5 U.S.C. § 552(b)(6).  The threshold issue to be determined in the application of Exemption 6 was firmly established in U.S. Dept. of State v. Washington Post Co., 456 U.S. 595 (1982).  The Supreme Court made clear that all information that "applies to a particular individual" meets the threshold requirement for protection under Exemption 6.  Id. at 602.  The materials withheld in this matter are part of a law enforcement file and are identifiable by an individual's name or other personal identifier and apply to a particular individual.  Therefore, these documents meet the threshold requirement for protection under Exemption 6.  See Washington Post Co., 456 U.S. at 602.

"The next step under Exemption 6 involves identifying the relevant privacy interests in non-disclosure and the public interests in disclosure, and determining 'whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy.'"  Reed v. National

Labor Relations Board, et al., 927 F.2d 1249, 1251 (D.C. Cir. 1991) (quoting National Ass'n of Retired Federal Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989), cert. denied, 494 U.S. 1078 (1990)). "'The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information.'" Dept. of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

> **B.  Exemption 7--Threshold Issue**

Application of any of FOIA's exemptions in Exemption 7 requires the agency to satisfy the threshold issues of, first, whether the agency has the requisite law enforcement purpose in compiling the records at issue and, second, whether the information gathered has a sufficient nexus to the law enforcement purpose. See, e.g., Tax Analysts v. IRS, 294 F.3d 71, 76-79 (D.C. Cir. 2002); Jefferson v. DOJ, 284 F.3d 172, 176-77 (D.C. Cir. 2002); Campbell v. DOJ, 164 F.3d 20, 32 (D.C. Cir. 1998); Pratt v. Webster, 673 F.2d 408, 419 (D.C. Cir. 1982).

In Jefferson, the court drew a distinction between agencies gathering information as part of any government agency's "oversight of the performance of duties by its employees," and information sought as part of investigations into illegal conduct for which the agency might impose criminal or civil sanctions. 284 F.3d at 177. Thus, the rule from Jefferson provides a broadly applicable distinction based more on the agency's mission and reasons for collecting the information at issue.

Many types of agency activities have been upheld as having law enforcement purpose, even several that arguably go beyond the core law enforcement mission of investigating crimes that have been committed. See, e.g., Mittleman v. OPM, 76 F.3d 1240, 1241-43 (D.C. Cir. 1996)

10

(OPM background investigation), cert. denied, 519 U.S. 1123 (1997); Heggestad v. DOJ, 182 F. Supp. 2d 1, 13 (D.D.C. 2000) (Hogan, J.) (IRS has law enforcement purpose); Center to Prevent Handgun Violence v. Dep't of Treasury, 981 F. Supp. 20 (D.D.C. 1997) (Robertson, J.) (collecting information on all repeat handgun sales); Doe v. DOJ, 790 F. Supp. 17, 20-21 (D.D.C. 1992) (background investigations).

In addition, the case law in this circuit is unambiguous that the agency need not tie its collection of information to any specific or ongoing investigation. See Tax Analysts, 294 F.3d at 78; Keys 830 F.2d at 342. This is fully consistent with the courts' broad acceptance that the 1986 amendments to FOIA relaxed the required threshold showing for Exemption 7. See, e.g., United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989) (recognizing that the shift from "would constitute" standard to "could reasonably be expected to constitute" standard represents a congressional effort to ease considerably the burden in invoking Exemption 7); S. Rep. No. 221, 98th Cong., 1st Sess. 25 (1983) ("Substitute 'records or information' for 'investigatory records' as the threshold qualification for the exemption: This amendment would broaden the scope of the exemption to include 'records or information compiled for law enforcement purposes,' regardless of whether they may be investigatory or noninvestigatory.").

    **C.**    **Exemption 7(C)**

The FOIA, 5 U.S.C. § 552, does not apply to matters that are:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  Reporters Comm. for Freedom of the Press v. U.S. Dept of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).  Indeed, an agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity.  Reporters Comm. for Freedom of the Press, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

      The names of law enforcement officers who work on criminal investigations have also traditionally been protected against release by Exemption 7(C).  Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. U.S. Dept of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980).  Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity.  Computer Prof'ls for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Dept. of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987).  The fact that the requester might be able to ascertain the individuals' identities through other means, or that their identities have been disclosed elsewhere, does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990); Weisberg v. Dept. of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

      Once a privacy interest has been established, as here, it must be balanced against the public interest, if there is any, that would be served by disclosure.  Albuquerque Publ'g Co. v.

Dept. of Justice, 726 F. Supp. 851, 855 (D.D.C. 1989). The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's performance of its statutory duties." Reporters Comm. for Freedom of the Press, 489 U.S. at 773. This standard is not easily satisfied when law enforcement information pertaining to individuals is sought, for there "is no reasonably conceivable way in which the release of one individual's name . . . would allow citizens to know 'what their government is up to.'" Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990). See also Albuquerque Publ'g Co., 726 F. Supp. at 855-56 (no public interest in disclosure of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation). Furthermore, the requester must not only demonstrate the existence of the public interest but also that the public interest is both significant and compelling, in order to overcome legitimate privacy interests. Senate of Puerto Rico v. Dept. of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987); Stone v. FBI, 727 F. Supp. 662, 667-69 (D.D.C. 1990), aff'd, No. 90-5065, 1990 WL 134431 (D.C. Cir. Sep 14, 1990).

## ARGUMENT

**I.     DOJ Is Entitled to Judgment as a Matter of Law.**

    **A.     Plaintiff Failed to Exhaust Administrative Remedies.**

Exhaustion of administrative remedies is required under FOIA before a party can seek judicial review. Dettmann v. DOJ, 802 F.2d 1472, 1477 (D.C. Cir. 1986). A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including, for example: (1) providing the required proof of identity, Summers v. DOJ, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2)

13

reasonably describing the records sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) complying with fee requirements, Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). See also 5 U.S.C. § 552(a)(3) (requester must follow agency's published regulations governing FOIA requests); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to follow agency regulations constitutes failure to exhaust administrative remedies). Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction. Oglesby, 920 F.2d at 57.

Here, the USAO-Tampa attempted to help Plaintiff comply with the first requirement of exhaustion (proof of identity) and Plaintiff responded by declaring his intent do abandon the administrative process altogether and file suit in this Court (even as he supplied the proof of identity). See Ex. 1, Ex. E thereto (Plf. letter of Jan. 24, 2006). The USAO-Tampa continued to process his request by searching for responsive records and ultimately found no responsive records. See Luczyinski Dec. ¶ 10. Plaintiff, meanwhile, never filed an administrative appeal to the Office of Information and Privacy ("OIP") to challenge DOJ's no-records determination. See id. ¶ 11. By failing to file any appeal to OIP, Plaintiff removed the jurisdiction from this Court to hear his FOIA case. Therefore, this Court should dismiss the case against DOJ.

**B.  DOJ Conducted A Reasonable Search.**

Alternatively, even if the Court had jurisdiction, it is clear that DOJ fully complied with its obligations under FOIA. DOJ submitted two declarations, with supporting exhibits, that describe the process by which the agency searched for responsive records. See Luczynski Dec.

14

and Griffiths Dec. The Griffiths declaration explains that the agency conducted its search by looking for any records pertaining to Plaintiff in the agency's system for tracking the cases assigned to the USAO-Tampa. See id. at ¶¶ 7-9. This search was broader in scope than was necessary to locate records responsive to Plaintiff's request, because the request sought records only related to a single, specified state-court prosecution of him. He did not make a broader request, such as all records pertaining to himself. See Compl., Ex. 11. Moreover, the USAO-Tampa also searched the federal courts' electronic record system, PACER, see Griffiths Dec. ¶ 8, even though PACER is not the agency's system of records, and this search served to confirm the results of the agency's search of its LIONS system by verifying that the USAO-Tampa had not conducted any federal prosecution of Plaintiff that might have created case files at the USAO-Tampa that might conceivably have escaped entry into LIONS. Therefore, the agency's search was well beyond what was necessary for a reasonable search under FOIA. Because there were no records located, there are no further issues to resolve, and DOJ is entitled to judgment as a matter of law.

**II.     FBI Is Entitled to Summary Judgment.**

    **A.     FBI Conducted A Reasonable Search and Found No Responsive Records.**

The FBI's search was reasonably designed to locate all records pertaining to Plaintiff generally, without regard to the limitation in his FOIA request that he sought only records relating to "any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida v. Steven A. McLeod, Case No. 00-15913, 13th Judicial Circuit Court, In and For Hillsborough County, Florida." See Hardy Dec. ¶¶ 14-15. This search was clearly adequate since it cast a far broader net than was

necessary. Furthermore, the FBI searched both its central system and the records at its Tampa office. See id. ¶¶ 15-16. Therefore, the agency's search was well beyond what was necessary to locate any responsive records. Because the only records located were not responsive to his request, the FBI fulfilled it obligations under FOIA and summary judgment for the FBI is appropriate on the grounds that this is a no-records case.

      **B.    Alternatively, if Interview Notes are Deemed Responsive, the Redactions were Proper.**

Alternatively, even if the Court finds that the interview notes were responsive to Plaintiff's FOIA request to the FBI, the FBI's decision to redact certain information reflected a proper and correct application of FOIA Exemptions 6 and 7(C). First, with respect to Exemption 6, the FBI's limited use of this exemption was well within the established precedents on this Exemption for the names of both law enforcement personnel and other third parties, because release of their names would constitute an unwarranted invasion of their privacy. See Hardy Dec. at 11 and ¶¶ 24-32 (discussing each redaction individually). The descriptions in this Vaughn declaration are more than sufficient to permit the Court to review the factual basis for the agency's application of the Exemption and should be upheld.

Similarly, the FBI properly invoked Exemption 7(C). First, the records were clearly obtained for law enforcement purposes, as required to meet the threshold issue in Exemption 7. See id. ¶¶ 33-34. Second, the Hardy declaration explains the invasion of privacy that would result, within the meaning of Exemption 7(C), from release of the redacted information. There is nothing to be gained, in terms of learning what the government is "up to" from the limited information redacted, and in light of the privacy interests on the other side of the equation, the

balancing of interests, therefore, overwhelmingly supports the withholding of the information. Therefore, even if the interview notes are deemed responsive to Plaintiff's request, the FBI's use of Exemption 7(C) was proper.

Finally, the FBI properly screened for segregable information. A review of the redactions themselves reveals immediately the limited nature of the redactions and the necessarily tiny potential for further segregability. See Hardy Dec. Ex. G thereto. Moreover, the FBI specifically reviewed the redacted information, as required under FOIA. See Hardy Dec. ¶ 44. Therefore, the FBI is entitled to summary judgment.

## CONCLUSION

For these reasons, Defendants submit that the Court should grant their motion to dismiss and for summary judgment and enter judgment for Defendants.

May 17, 2006                                Respectfully submitted,

                                            _____
                                            KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                            United States Attorney

                                                /s/
                                            _____
                                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                                            Assistant United States Attorney

                                                /s/
                                            _____
                                            ALAN BURCH, D.C. Bar # 470655
                                            Assistant United States Attorney
                                            555 4th St., N.W.
                                            Washington, D.C. 20530
                                            (202) 514-7204
                                            alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Motion to Dismiss and for Summary Judgment, Supporting Memorandum, Statement of Material Facts, and attached exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

    STEVEN A. McLEOD
    R#924820
    Hamilton C.I. (Main Unit)
    10650 S.W. 46th Street
    Jasper, FL 32052

on this 17th day of May 2006.

        /s/
    ALAN BURCH, D.C. Bar # 470655
    Assistant United States Attorney
    555 4th St., N.W.
    Washington, D.C. 20530
    (202) 514-7204
    alan.burch@usdoj.gov