IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 1:06-CV-00247-JDB |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, EXECUTIVE OFFICE FOR ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Steven McLeod. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

*FOIA request No. 05-3441*

4. By letter dated August 7, 2005, United States Attorneys Office for the Middle District of Florida received Plaintiff's FOIA request for any and all records relating to him. **Exhibit A.**

5. By letter dated September 19, 2005, EOUSA informed Plaintiff that the records he is seeking fall under the state and local jurisdiction and therefore outside the scope of the Freedom of Information Act. Plaintiff was notified that he should direct his FOIA request directly to the state agencies. **Exhibit B.**

6. On October 12, 2005, EOUSA received Plaintiff's letter insisting that there are records responsive to his request in possession by a federal agency. **Exhibit C.**

7. By letter dated January 17, 2006, EOUSA responded to Plaintiff's request. The response letter notified Plaintiff that he has failed to provide a certification of his identity. In addition, EOUSA informed Plaintiff that his request would not be processed until he complied but that he can submit another request. **Exhibit D.**

*FOIA request No. 06-892*

8. On February 7, 2006, EOUSA received another letter from Plaintiff along with a filled out form, the Certification of Identity. Plaintiff's letter states that even though he was informed he has to start the FOIA request process anew, he is not going to "jump through all these legal hoops" and is "NOT going to start over with the request," and that he has already filed the FOIA action in court without first filing an appeal with the Office of Information and Privacy ("OIP".) **Exhibit E**.

9. On March 30, 2006, as a response to Plaintiff's renewed inquiry, EOUSA notified Plaintiff that his request will be handled on a first-in-first-out basis. The response informed him that FOIA requests are processed in the order they are received. Plaintiff was notified of his appeal rights and provided contact information for the Office of Information and Privacy and that after the appeal has been decided, Plaintiff may have judicial review by filing a complaint. Plaintiff was also informed that the request has been assigned a FOIA No. 06-892. **Exhibit F**.

## ADEQUACY OF THE SEARCH

10. After receiving Plaintiff's FOIA request EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. The FOIA Contacts for the United States Attorneys Office for the Middle District of Florida conducted a systematic search for records responsive to Plaintiff's request. To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/FLM that were listed under the name "Steven A. McLeod" .The FOIA Contact also sent e-mails to the Assistant United States Attorney in the Criminal Division to ascertain whether they had any responsive records. In connection with the search for responsive records to Plaintiff's FOIA request, the FOIA Contacts used the computer tracking system for the United States Attorney Offices, the "LIONS" system. The "LIONS"

system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the "LIONS" system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contacts used the LIONS system to locate records based upon the Plaintiff's name. The FOIA Contact for the Middle District of Florida has included a letter describing her search. **Exhibit G**. All responsive documents to Plaintiff's FOIA request would have been located in the USAO/FLM. There are no other records systems or locations within EOUSA or DOJ in which other files pertaining to Plaintiff's name were maintained.

11. No appeal of any kind has been made with the Office of Information and Privacy by the Plaintiff prior to bringing this action.

## CONCLUSION

12. Each step in the handling of Mr. McLeod's request has been entirely consistent with the EOUSA and the United States Attorneys Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

Page 4 of 4

August 7th, 2005

Steven A. McLeod, D.C.#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Robert E. O'Neill, Esq.
U.S. Attorney Office
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798

Mr. O'Neill,

This letter is my official request pursuant to the federal Freedom Of Information Act (FOIA) for any information currently in your possession of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida v. Steven A. McLeod, Case No. 00-15913, 13th Judicial Circuit Court, In And For Hillsborough County, Florida. Please respond to this request within the applicable time period under federal law. Thank you and God bless

Sincerely,

cc: file


GOVERNMENT EXHIBIT A

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

SEP 19 2005

Request Number: **05-2530**     Date of Receipt: **August 15, 2005**

Requester: **Steven A. McLeal**     Subject: **Self ( State Case)**

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ] Your request has been forwarded to _____ for a direct response to you.

2. [ ] The records responsive to your request have been destroyed pursuant to Department of Justice guidelines.

3. [ ] Your request seeks public records which may be obtained from the clerk of the court.

4. [X] Your request pertains to state or local matters, the records for which are maintained by state or local agencies and, therefore, are outside the scope of the Act. You should contact the pertinent state or local agency for a response to your request.

5. [ ] The Freedom of Information Act only applies to records already in existence and does not require an agency to conduct research, create new records, or answer questions presented as FOIA requests.

6. [ ] Your request concerns material which is publicly available through the Government Printing Office. You can obtain/purchase a copy of the requested material by writing to the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402.

7. [ ] This office is continuing its work on the other subject/districts mentioned in your request.

8. [X] This is the final action my office will take on your request.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 005A

**GOVERNMENT EXHIBIT B**

October 3rd, 2005

Steven M. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Marie A. O'Rourke, Assistant Director
United States Department of Justice
Freedom of Information/Privacy Act Unit
600 E. Street, NW, Room 7300
Washington, D.C. 20530

RE: FOIA Request No. 05-2530
F.B.I. FOIA Request # 1029110-000

Ms. O'Rourke,

God's grace and peace to you in Jesus name! I am writing to you because I recently made a Freedom Of Information Act (FOIA) request to your office (Exh. #1) and an identical request to the F.B.I. (Exh. #2). In your response (Exh. #3) and in the FOIA response from the F.B.I. (Exh. #4), I was told there is no information in your possession. As you will see this is patently false, which gives me reason to believe that the F.B.I. office in Tampa and the U.S. Attorney's Office in Tampa are withholding exculpatory information because there employees were involved in criminal misconduct in my case. By this letter, I am requesting an investigation by the Justice Department of these federal offices in Tampa and disclosure of the information I requested. Let me explain.

I was arrested on September 20th, 2000, at my home in Tampa, Florida on sexual battery charges. After my arrest a search warrant was executed by Tampa Police Department and T.P.D. Detective Scott Wolfe had Detective Robert Sheehan respond. (Exh. #5 & #6). Robert Sheehan is a T.P.D. detective who has been deputized into an F.B.I. Task Force On Computer Crimes and was called to the scene because the victim claimed she observed herself performing sex acts on me on the computer during the offense.

At 12:30 p.m. on September 20th, 2000, I was arrested (Exh. #7) but at 3:28 a friend of mine made contact with someone using my computer. (Exh. #8). Detective Sheehan took possession of my computer (Exh. #5)

1


GOVERNMENT EXHIBIT

to do the computer forensics. On September 29th, 2000, the computer was released from F.B.I. custody (Exh. #9) and placed in the T.P.D. property room. (Exh. #10).

I later learned a piece of rope was planted in the desk drawer (during the search) where the computer was located. I also was told a female F.B.I. computer analyst named Peggy (Margaret) was the person who actually performed the computer forensics testing. Detective Sheehan failed to respond to two deposition subpoenas or to a subpoena for a hearing on March 16th, 2001 in court, even though, he was a T.P.D. detective called to the scene of a crime in the Tampa city limits by another T.P.D. detective and was a Category A witness listed in the State's discovery. To date, over five (5) years later, I have NEVER been able to obtain any type of written report or oral testimony about Detective Sheehan's participation in this case. I've never received ANY information on the computer forensics.

On the morning of my trial, this same piece of rope that had been planted in my desk drawer, was also tampered with by Detective Wolfe and Asst. State Attorney Suzanne Rossomondo. They opened the evidence bag in the State Attorney's Office before bringing it over to the courtroom for my trial and tied knots and loops in the rope so that it was consistent with the victim's testimony. Ms. Rossomondo never took the rope out of the bag or revealed the knots and loops until closing arguments so that none of the witnesses could be questioned about it.

During my Motion For New Trial, I was able to uncover that the detectives, including Detective Sheehan, were inside my house before the warrant arrived which was contrary to the police reports and previous testimony. Detective Sheehan didn't appear at the hearing like he was suppose to so I never got an opportunity to question him about his role in the search and evidence planting.

I appeared for sentencing on March 23rd, 2001 and Asst. State Attorney Suzzanne Rossomondo had Asst. U.S. Attorney James Muench appear at my sentencing. Mr. Muench had worked for the Hills. Co. State Attorney's Office in 1988 and prosecuted me in a kidnapping case before he went to the U.S. Attorney's office. In the 1988 case, Mr.

2

Muench had withheld a key piece of evidence until the morning of my trial and I later uncovered documented evidence that he knowingly used perjured testimony to obtain my conviction.

Prior to my sentencing hearing on March 23rd 2001, Ms. Rossomondo introduced Detective Wolfe to Mr. Muench as the detective who tied the knots and loops in the rope. Niki Eakins (Exh. #11) and three (3) other witnesses overheard the introduction. I talked about the evidence planting and tampering during the sentencing hearing and Mr. Muench never did anything about it. Basically, Ms. Rossomondo admitted committing a federal felony (obstruction of justice) to an Asst. U.S. Attorney (James Muench) who ignored it, which in and of itself, is a federal felony.

This isn't unheard of in the U.S. Attorney's Office in Tampa because they have a history of misconduct. In 2000, Asst. U.S. Attorney Karen Cox was suspended for one (1) year from practicing law in Florida for knowingly using perjured testimony. (See, The Florida Bar v. Cox 794 So.2d 1278 (Fla. 2001)). On February 14th 2001, (eight days after my trial) the misconduct in the case of U.S. v. Aisenberg by Asst. U.S. Attorneys Stephen Kunz and Rachelle Des Vaux-Bedke was disclosed. Steven and Marlene Aisenberg's charges were dismissed and their attorneys, Todd Foster and Barry Cohen, were awarded $1.5 million in attorneys fees under the Hyde Amendment. In August of 2005, Asst. U.S. Attorney Del Fuoco resigned due to allegations of extortion while performing his official duties. This is quite a track record. (On the Aisenberg case, See, U.S. v. Aisengberg, 358 F.3d. 1327 (11th Cir. 2004)).

In December of 2003, I sent a request for an investigation to Hills. Co. Commission Chairman Tom Scott (Exh. #12) in an attempt to get a state or federal investigation of the criminal misconduct in my case. I later learned Chairman Scott forwarded this request to the F.B.I. Public Corruption Squad in Tampa. I have very good reason to believe (including documented evidence) that Asst. State Atty. Suzzanne Rossomondo (who is believed to be deceased) was actually placed in the F.B.I. Witness Protection Program after cooperating with the F.B.I. for her criminal misconduct and other federal felonies while working

3

as a prosecutor in Tampa. This misconduct included my case.

Prior to my trial, I owned my own business, as a paralegal, called the National Legal Alliance and I worked with attorneys in Tampa and nationwide in criminal cases. On September 21st, 2004 I was visited here by F.B.I. Agent Janet Pellichotti and another agent for a debriefing on several cases that I knew about being fixed in Tampa. I provided them the details in five (5) cases that day, including four (4) payments I made to former Hills. Co. State Atty. Harry Lee Coe, for a defense attorney in Tampa. Agent Pellichotti requested that I detail the other cases and she provided me an outline to follow. (Exh. #13) Harry Coe committed suicide in the summer of 2000, during an investigation of his criminal wrongdoing.

After Agent Pellichotti left on September 21st, 2004, I wasn't sure about whether the F.B.I. Public Corruption Squad in Tampa had all of the document in my case, even though, I discussed it with them. The next day, Sept. 22nd, 2004 I sent the F.B.I. in Tampa a copy of the letter to Chairman Tom Scott. A short time later, I found out that Asst. U.S. Attorney Robert E. O'Neill was the prosecutor in charge of the investigation in my case. I have written him and the F.B.I. several times without any response.

My point in all of this is that your position that you have no information on my case is false and somebody is involved in a cover up. The F.B.I. office in Tampa was involved in the original investigation in my case. If your office doesn't have any information, then it means the F.B.I. office and U.S. Attorney's Office in Tampa are withholding all of this investigation information to protect James Muench and Robert Sheehan. I'm entitled to this information and I am requesting a full investigation in this matter by the U.S. Justice Department. Thank you and God bless.

IN Christ,

cc: F.B.I. Office (Washington, D.C.)
F.B.I. Office (Tampa, FL)
U.S. Attorney's Office (Tampa)
Marsha Schein, Esq. 1945 Mason Mill Rd., Decatur, GA 30033
Tampa Tribune - Elaine Silvestrini
Washington Post
file

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JAN 17 2006

Requester: <u>STEVEN A. MCLEOD</u>        Request Number: <u>05-3441</u>

Subject of Request: <u>SELF</u>

Dear Requester:

    Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1. [X] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2. [ ] The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3. [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4. [ ] A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first

(Page 1 of 2)
Form No. 003 - 9/01


GOVERNMENT EXHIBIT

two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

[X] Enclosure(s)

(Page 2 of 2)
Form No. 003 - 9/01

January 24, 2006

Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Marie A. O'Rourke, Asst. Director
Executive Office for U.S. Attorney's
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Rm. 7300
Washington, D.C. 20530

RE: Request Number <u>05-3441</u>

Ms. O'Rourke,

God's grace and peace to you in Jesus name! I am in receipt of your response dated January 17th, 2006, concerning the above-shown request number. I have no idea where this request number came from but I have filled out the form you have sent me. I am NOT going to start over with the request process because your office's handling of this matter has been totally ridiculous. You want me to jump through all these legal hoops while you totally ignore the time limitations of Title 5 U.S.C. § 552, to respond to these requests. Last week, I filed the FOIA action in the U.S. District Court in Washington, D.C. so you can explain all of this to the Court. Thank you and God bless

IN Christ,

cc: file
ATTACHMENTS


GOVERNMENT EXHIBIT E

U.S. Department of Justice

# Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Steven Alan McLeod_

Citizenship Status [2] _U.S. Citizen_   Social Security Number [3] _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_

Current Address _Hamilton C.I. (Main Unit), 10650 S.W. 46th St, Jasper, FL 32052_

Date of Birth _11/30/60_   Place of Birth _Bethesda, Maryland_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _[signature]_   Date _1/24/06_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: __06-892__ Requester: __Steven A. McLeod__

MAR 3 0 2006

Subject: __Self/FLM__

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

    Sincerely,

William G. Stewart II
Acting Assistant Director

FILE

Form No. 001-1/06



Note: Your request is being expedited. This does not guarantee that processing will occur within the statutory time limits.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN McLEOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE FOR UNITED )<br>STATES ATTORNEYS, )<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____ ) | 06-CV-00247-JDB |

### DECLARATION OF CHRISTINA J. GRIFFITHS

I, Christina J. Griffiths, declare the following to be a true and correct statement of facts:

1. I am a Paralegal Specialist assigned to the United States Attorney's Office ("USAO") for the Middle District of Florida, Tampa Division. My responsibilities include serving as liaison (FOIA Coordinator) to the Freedom of Information Act and Privacy Act Staff ("the FOIA/PA Staff") for the Executive Office for United States Attorneys in Washington, D.C. My duties in that regard require me to receive requests filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1996), and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a (1988) whenever the records are identified as likely to be located in the Middle District of Florida. The Middle District of Florida encompasses five branch offices located in Tampa, Jacksonville, Orlando, Ocala and Fort Myers.

2. The statements I make in this declaration are made on the basis of my review of the official files and records of the USAO for the Middle District of Florida, my own personal knowledge, or on the basis of knowledge acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this



office in responding to the FOIA/PA request, made by Steven McLeod, dated August 8, 2005 that is the subject of this action.

4. This declaration is made in support of the motion to dismiss or in the alternative, motion for summary judgment filed by the United States Department of Justice, defendant in this lawsuit.

5. On August 11, 2005, a FOIA request from Mr. McLeod was received by my office in the Middle District of Florida. This request was handwritten and appeared to be from Steven "McLeal". I searched for records responsive to the request under the name Steven "McLeal".

6. By using the computer indexes in our office and the district court (PACER), I determined that no office of the Middle District of Florida nor the district court for the Middle District of Florida had a criminal case matter or file regarding "Mr. McLeal". As required by statute, I transmitted the FOIA request, documentation regarding my search and a copy of a letter I sent to Mr. McLeod advising him that I was forwarding his FOIA request, to the attention of the Assistant Director of the FOIA Unit via facsimile.

7. On October 3, 2005, I received additional communication from Mr. McLeod. This letter was also handwritten but his correct name, McLeod, was much clearer on this second communication. Because my initial search was for the last name "McLeal", I conducted a second search in LIONS for "McLeod". Again, I found no criminal matter or case records.

8. On March 30, 2006, I received an expedited FOIA request (#06-892) pertaining to Mr. McLeod from the FOIA Unit, Washington DC. Utilizing LIONS and PACER, I conducted a search for records pertaining to Mr. McLeod. No criminal matter or case records were found in LIONS; our office did have one closed civil case. This civil case was opened then closed because the case is presently pending before the District Court in the District of Columbia, not the district

court in the Middle District of Florida. PACER revealed no criminal cases in the Middle District of Florida. Documentation responsive to this FOIA request was forwarded to the FOIA Unit on April 4, 2006.

9. The various searches I conducted for records responsive to Mr. McLeod's FOIA/PA requests were systematic searches to determine the location of any and all files relating to him in order to comply with the requests. The specific computer case tracking systems utilized in searching for records pertaining to Mr. McLeod was the Legal Information Office Network System (LIONS) The LIONS system tracks civil, criminal, and appellate investigations and cases. The retrieval of information in the LIONS database can be made by a defendant's name, USAO file jacket number, and district court docket number. Because Mr. McLeod was searching for records dating back to 2000, a LIONS search is the appropriate computerized system to search for USAO files pertaining to Mr. McLeod.

10. Each step in the handling of Mr. McLeod's requests was entirely consistent with the EOUSA and the United States Attorney's office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2006.

CHRISTINA J. GRIFFITHS
Paralegal Specialist
United States Attorney's Office for
the Middle District of Florida

Page 3 of 3