UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
  Plaintiff,

v.                                           Civil Action No.: 06-cv-247(JDB)

U.S. DEPARTMENT OF JUSTICE, et al.
  Defendants,
_____/

PROVIDED TO
HAMILTON CI ON 5-31-06
FOR MAILING ___JCH___

### MOTION FOR CONTINUANCE ON RULING ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF TO CONDUCT DISCOVERY

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, Rule 56(f), requesting this Honorable Court to grant a ninety (90) day continuance in ruling on the Defendants Motion To Dismiss And Motion For Summary Judgment so the Plaintiff can obtain documents and conduct discovery to oppose summary judgment in the above-styled cause and offers the following in support thereof:

1. This cause comes before this Honorable Court, pursuant to Title 5 U.S.C. 552, as a Freedom Of Information Act (FOIA) litigation, in which the Plaintiff is seeking from the Defendants documents and information concerning criminal misconduct by persons in Hillsborough County, Florida, of evidence tampering, planting, case fixing and other exculpatory evidence in respect to the Plaintiff's state criminal prosecution, that was obtained by the Defendants during a federal corruption investigation of the Hillsborough County Courthouse in Tampa, Florida.

2. After producing four (4) redacted pages of documents, the Defendants have filed a Motion To Dismiss And Motion For Summary Judgment in this litigation.

RECEIVED
JUN 5 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3. On May 18th, 2006, this Honorable Court entered an Order requiring the Plaintiff respond to the Defendants Motion To Dismiss And Motion For Summary Judgment by June 23rd, 2006.

4. The Plaintiff is simultaneously filing with this instant motion a Motion To Strike Defendants Motion To Dismiss And Motion For Summary Judgment, seeking sanctions against the Defendants and a Motion For Production For In Camera Review.

5. The Plaintiff has attached an Affidavit with exhibits, as a chronology of events with documentary support to show the specific discovery, depositions and documents needed to oppose the Defendants summary judgment and the Plaintiff will outline in this motion the specific discovery known to be needed at this time and the assistance needed by the Plaintiff from this Court to complete the discovery process. (Attached, Affidavit of Steven A. McLeod, Exh. A).

6. The discovery obtained by the Plaintiff and information provided for in camera inspection by Defendant F.B.I. Public Corruption Squad in Tampa, Florida will show the police and prosecutors planted and tampered with evidence to obtain the Plaintiff's criminal conviction, the Plaintiff's criminal trial counsel, Ursula Richardson knowingly and willingly collaborated with state court officials to assist prosecutors to obtain the Plaintiff's criminal conviction, obstruction of justice by Hillsborough County Circuit Court judges in fixing criminal case outcomes, the placement of former Asst. State Attorney Suzanne Rossomondo in the Federal Witness Protection Program for cooperating with F.B.I. agents during the investigation and other corrupt criminal acts by persons associated with the Hillsborough County, Florida, judicial system.

7. The Plaintiff further believes that this litigation will prove that Defendant U.S. Attorney's Office in Tampa, Florida, due to close association with the Hillsborough County State Attorney's Office quashed the investigation by the F.B.I. Public Corruption Squad

2

in Tampa, Florida and suppressed the results of the investigation of the F.B.I. Public Corruption Squad to avoid publicity and criminal charges against Asst. U.S. Attorney James Muench and Det. Robert Sheehan, deputized into an F.B.I. Task Force because exposure of the mass corruption in the Hillsborough County Courthouse in Tampa, Florida, would result in thousands of state court convictions being called into question.

8. A purpose of the Rule 56, Fed. R. Civ. P. notice requirement is that summary judgment may not be used to cut off discovery. <u>Benchmark Electronics, Inc. v. J M Huber Corp.</u>, 343 F.3d 719 (5th Cir. 2003); citing <u>Clark v. Tarrant County</u>, 798 F.2d 736, 746 (5th Cir.

9. A non-moving party must have a full and fair opportunity to conduct discovery. <u>Athridge v. Rivas</u>, 141 F.3d 357, 362 (C.A.D.C. 1998); citing <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); <u>Tax Analysts v. I.R.S.</u>, 214 F.3d (C.A.D.C. 2000).

10. An affidavit must be filed with Rule 56(f), Fed. R. Civ. P. motion to show additional discovery is necessary. <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 488 (6th Cir. 2000); and cases cited therein.

11. An affidavit filed in conjunction with a motion to conduct discovery under Rule 56(f), Fed. R. Civ. P. must show essential facts that opposing party cannot yet present and why discovery is needed. <u>U.S. v. Dairy Farmers of America, Inc.</u>, 426 F.3d 850 (6th Cir. 2005).

12. The Plaintiff in the case at bar has attached his affidavit (Exh. A) with multiple exhibits to provide the specific discovery materials needed and the manner of obtaining the necessary documents shall be set forth as follows:

3

A. In respect to the Affidavit of the Plaintiff, Paragraphs 5 & 6 and Exhibits 1-3, a deposition of Det. Robert Sheehan.

B. The Plaintiff is in the process of obtaining certified copies of the subpoenas served on Det. Robert Sheehan to appear at depositions from the Clerk of the Circuit Court in Hillsborough County, Florida and a copy of the transcript from the hearing on November 20th 2000, before Judge Jack Espinosa in Case No. 00-15913, 13th Jud. Cir., in respect to paragraph 6 of the Plaintiff's Affidavit.

C. A deposition of Asst. U.S. Attorney James Muench in respect to Paragraph 16 of the Plaintiff's Affidavit.

D. A deposition by written questions, pursuant to Rule 31, Fed. R. Civ. P. of Hills. Co. Commission Chairman Tom Scott in respect to the Plaintiff's Affidavit, Paragraph 16 and Exhibit #7 to develop the facts of Chairman Scott's actions on the request for investigation mailed by the Plaintiff to Chairman Scott and any subsequent communications with Defendants U.S. Attorney's Office and F.B.I. Public Corruption Squad in Tampa, Florida concerning this investigation request.

E. A court order by this Court to be served by the U.S. Marshal's Office in Tampa, Florida on Tampa Police Department Public Records Officer Curtis Scott, One Police Plaza, Tampa, Florida for production of the exhibit size crime scene photographs stated in Paragraphs 17 & 18 of the Plaintiff's Affidavit, in Tampa Police Department Report #00-70522.

F. A deposition by written questions, pursuant to Rule 31, Fed. R. Civ. P., of Chief Judge Manuel Menendez, 13th Jud. Cir., Hillsborough County, Florida concerning the Plaintiff's Affidavit Paragraphs 20, 26, 31 and 38 concerning the context of any conversations between Chief Judge Menendez and Asst. U.S. Attorney Robert O'Neill confirmed by Exhibit #26 and knowledge of

4

any exculpatory evidence of the Plaintiff that Chief Judge Menendez may have in respect to the F.B.I. investigation into Public corruption at the Hillsborough County, Florida, Courthouse.

G. An oral deposition of David A. Rowland, Court Counsel, Administrative Office of the Courts, 13th Jud. Cir. in Hillsborough County, Florida, in respect to the Plaintiff's Affidavit Paragraphs 20, 26, 31 and 38 and Exhibits #14, 25 and 26.

H. An oral deposition of Asst. U.S. Attorney Robert O'Neill of the U.S. Attorney's Office, in respect to Paragraphs 5-40 and the corresponding Exhibits, concerning any exculpatory evidence, evidence of criminal or other misconduct obtained from the F.B.I. investigation of corruption at the Hills. County Courthouse in Tampa, Florida, in respect to the Plaintiff's criminal case, Case No. 00-15913, 13th Jud. Cir., Hillsborough County, Florida.

I. A subpoena duces tecum or court order served on the Records Custodian, St. Joseph's Hospital, 3001 W. Dr. Martin Luther King, Jr. Blvd, Tampa, Florida, 33607 to be served by the U.S. Marshal's Service in Tampa, Florida for the medical records of Suzanne Lynn Rossomondo, during the period immediately proceeding Ms. Rossomondo's "death" on February 14th, 2004, in respect to Para. 27 and 37

J. An oral deposition served by subpoena duces tecum by the U.S. Marshal's Service in Tampa, Florida to: Dr. Abib Conteh, 4726 N. Habana Avenue, Suite 103, Tampa, Fl, 33614, who signed the death Certificate of Suzanne Lynn Rossomondo Kreis on February 14th, 2004 and any medical records of Ms. Rossomondo, in respect to Paragraph 27 of the Plaintiff's Affidavit and Exhibit #15.

K. A court order or subpoena duces tecum to be served by the U.S. Marshal's office in

5

Jacksonville, Florida on Hamilton Correctional Institution Warden Jack Sapp or Prison Inspectors Cercy or Fontaine, at 10650 S.W. 46th Street, Jasper Florida for a copy of the Control Room Visitor's Log for September 21st, 2004 to ascertain the identity of two F.B.I. agents who visited the Plaintiff to obtain information about the interview as stated in the Plaintiff's Affidavit Paragraphs 36, 21-23 and Exhibits 10 and 23.

L. An oral deposition of the Plaintiff's trial counsel, Ursula Richardson, currently employed by Tampa City Attorney's Office, Tampa City Hall, 300 E. Kennedy Blvd., Tampa, Florida, in respect to her conversations with Asst. State Attorney Suzanne Rossomondo, and/or Det. Robert Sheehan, and/or U.S. Justice Department officials in respect to Para. 6 of the Plaintiff's Affidavit and the hearing on November 20th 2000, before Judge Espinosa in Case No. 00-15913, 13th Jud. Cir. and regarding any interviews or contact by F.B.I. Public Corruption Squad agents or U.S. Attorney's Office employees about the Plaintiff's criminal case, and the F.B.I. corruption investigation in Tampa, Fl.

M. A court order directed to the Clerk, U.S. District Court, Middle District of Florida, Tampa Division, located at 801 N. Florida Avenue, Tampa, Florida, 33602 for a copy of the court file on Case No. 8:90-cv-568-T-17B, McLeod v. Dugger with the understanding that the costs will be held in abeyance until this litigation is fully completed and assessed against the non-prevailing party, pursuant to Rule 54(d), Fed. R. Civ. P. and Title 28 U.S.C. 2412.

13. Although the Plaintiff has been found indigent for the purposes

of this litigation, the Plaintiff believes he can obtain the funds necessary to secure the presence of a court reporter at any and all depositions and to obtain deposition transcripts, with costs being assessed to the non-prevailing party, pursuant to Rule 54(d), Fed. R. Civ. P. and Title 28 U.S.C. 2412 or in respect to Title 28 U.S.C. 1927, should this Court grant the Plaintiff's Motion For Sanctions being simultaneously filed with this motion.

14. The Plaintiff further would request a granting of this Order and Motion to include the understanding that upon scheduling the necessary depositions with the Defendants counsel, that Defendant U.S. Attorney in Tampa, Florida would submit a writ of habeas corpus ad testificandum to the Hillsborough County Sheriff's Office in Tampa, Florida to have the Plaintiff transported and housed in the Hillsborough County Jail in Tampa, Florida. The Hillsborough County Sheriff's Office regularly and routinely transports inmates from Hamilton C.I. (Main Unit) to be housed in the Hillsborough County Jail for the purposes of attending state and federal civil and criminal proceedings in Tampa, Florida.

15. A proposed order granting this motion and providing the parties ninety (90) days to complete discovery is attached.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant this motion and allow the stated discovery within the next ninety (90) days and grant any and all other relief that this Court deems just and proper, including a continuance in this case.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 5/30/06

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

7

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Esq. U.S. Attorney's Office, Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. 20530 by delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 31st day of May, 2006.

Respectfully submitted,

/s/ 

Steven A. McLeod, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. MCLEOD
    Plaintiff,

CIVIL ACTION NO: 06-247 (JDB)

v.

U.S. DEPARTMENT OF JUSTICE, et al..
    Defendants.
_____/

ORDER

THIS CAUSE, having come before this Court, pursuant to the Plaintiff's Motion for Continuance In Ruling on Defendants Motion to Dismiss and for Summary Judgment, it is hereby **ORDERED and ADJUDGED:**

1. The Plaintiff's Motion for Continuance In Ruling on Defendant's Motion to Dismiss and Summary Judgment is hereby **GRANTED.**

2. This cause shall be continued for a period of ninety (90) days, while the parties conduct discovery and both parties are ordered to be diligent to complete discovery within this time period.

**DONE AND ORDERED** in chambers on this ___ day of _____, 2006.

_____
John D. Bates, U.S. District Judge