IN THE THIRTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CRIMINAL JUSTICE DIVISION

STATE OF FLORIDA,
    Plaintiff,

vs.                            CASE NO. 00-15913
                               DIVISION X

STEVEN A. McLEOD,
    Defendant,
_____/

PROVIDED TO HAMILTON C.I. ON
AUG 2 5 2003    FOR MAILING

2003 AUG 27 AM 9:48

## MOTION TO DISQUALIFY STATE ATTORNEY'S OFFICE OF THIRTEENTH JUDICIAL CIRCUIT

COMES NOW, the Defendant, Steven A. McLeod, Pro Se, pursuant to Florida Rules of Criminal Procedure, requesting this Honorable Court to disqualify the entire State Attorney's Office of the Thirteenth Judicial Circuit in the above-styled cause and offers the following in support thereof:

1. The Defendant went to trial on sexual battery charges and was prosecuted at trial by Asst. State Attorney Suzanne Rossomondo.

2. The Defendant was represented by Asst. Public Defender Ursula Richardson.

3. Ms. Richardson has left the Public Defender's Office and is now employed by the State Attorney's Office, prosecuting criminal defendants in the same courtroom the defendant was convicted in.

— Exhibit #6

COPY SENT TO: LAW CLERK 9-5-03
              STATE ATTY   9-5-03
              PUBLIC DEF   9-5-03

3. On May 21st, 2003, the Defendant filed a request for an investigation after uncovering substantial evidence that Ms. Richardson assisted and conspired with Ms. Rossomondo in respect to evidence that was tampered with to obtain the Defendant's conviction.

4. The request for investigation was filed with Tampa Mayor Pam Iorio and the Defendant provided copies of the letter to Ms. Richardson and Ms. Rossomondo.

5. The Defendant has been a paralegal working with attorney's in the Tampa Bay area for several years and is currently preparing information to be provided to the F.D.L.E. and Department of Justice Civil Rights Division of specific cases of clients that were fixed by the prosecutors in the Hillsborough County State Attorneys Office.

6. As a result of the Defendant's request for investigation the Defendant has information that conversations occurred between Ms. Richardson and Ms. Rossomondo that can be verified by their cellular phone records and that these cellular phone records may provide evidence of collaboration by Ms. Richardson and Ms. Rossomondo around the time of the Defendant's trial.

7. A criminal defendant is entitled to the disqualification of an entire judicial circuits State Attorney's Office, if the defendant's defense counsel becomes employed by the State Attorney's Office and has conversations with other State Attorney's Office prosecutors concerning the case. Castro v. State, 597 So.2d 259 (Fla. 1992)

8. For the foregoing reasons, including the possibility of an unknown scope of the investigation into the impropriety of State Attorney's Office employees by the Defendant's investigation requests, the Defendant is entitled to have the entire Hillsborough County State Attorney's Office disqualified.

WHEREFORE, the Defendant prays that this Honorable Court to disqualify the entire State Attorney's Office and grant any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Fl. Stat. 92.525, that the foregoing is true and correct under penalty of perjury.

DATED: 8/25/03

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: State Attorney's Office, 800 E. Kennedy Blvd., Tampa, FL 33602, by delivering to prison authorities on this 25th day of August, 2003.

Respectfully submitted,

Steven A. McLeod, Pro Se

2