1    IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
     CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
2
                CIRCUIT CRIMINAL DIVISION
3

4    STATE OF FLORIDA,
              Plaintiff,
5                                        Case No.: 00-15913
     vs.
6                                        Division: H

     STEVEN MCLEOD,
7            Defendant.
     _____/
8

9

10

11

12          This case came on to be heard before the
     HONORABLE Wayne S. Timmerman, Circuit Judge, at the
13   Hillsborough County Courthouse Annex, Tampa, Florida, on
     February 7, 2005, commencing at approximately 8:30 a.m.
14

15

16

17   APPEARANCES:

18   Michael Sinacore, Assistant State Attorney,
     800 East Kennedy Boulevard,
19   Tampa, Florida 33602
     On behalf of the State.
20

21

22

23

24                    Exhibit #17

25

AOC CIRCUIT COURT REPORTERS
HILLSBOROUGH COUNTY, FLORIDA

1          (THE FOLLOWING PROCEEDINGS ENSUED IN OPEN

2    COURT.)

3          THE COURT:  Steven McLeod.

4          MR. SINACORE:  He is in prison.

5          THE COURT:  He has filed a motion for

6    rehearing.  I will deny his motion for rehearing.

7          MR. SINACORE:  I had done a response contesting

8    all grounds and we were waiting for the Court to

9    order whether we are having any kind of hearing.

10   There is no order done on the responses.

11         THE COURT:  All right.  There is also a motion

12   for direct criminal contempt wherein Mr. McLeod is

13   seeking to have Mr. Sinacore held in direct

14   criminal contempt.  Mr. McLeod obviously is not

15   acquainted with the rule on direct criminal

16   contempt.  It is inappropriate.  Thus, I will deny

17   it.

18         MR. SINACORE:  I don't know if you want to put

19   it on for a status.

20         CLERK:  It is still being worked on.

21         THE COURT:  My staff attorney is still working

22   on it.  I think she said she would have something

23   by Wednesday.

24         (THE PROCEEDINGS CONCLUDED.)

25

CERTIFICATE OF REPORTER

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH


        I, Natalie Lama, AOC Circuit Court Reporter,
hereby certify that I was authorized to and did report
the foregoing proceedings had in the previously-styled
cause; and that the preceding transcript attached hereto
is a true, accurate, and correct computerized
transcription of said proceedings.

        I further certify that I am not employed by or
related to any of the parties in this matter, nor am I
financially or otherwise interested in this action.

        IN WITNESS WHEREOF, I have hereunto set my hand
in Tampa, Hillsborough County, Florida.




                            _Natalie Lama_____
                            Natalie Lama
                            AOC Circuit Court Reporter

autopsy before cremation occurs.

29. Due to my previous experience of studying F.B.I. patterns and investigative techniques, the fact Ms. Rossomondo "died" on February 14th, 2004, the presence of the F.B.I. agent in the courtroom during the February 4th, 2004 hearing when Ms. Rossomondo made multiple false statements while under oath, the comment by the male F.B.I. agent during my interview here and the lack of an autopsy report, I had a well-founded, reasonable belief that Suzanne Rossomondo was not deceased, but had been placed in the Federal Witness Protection Program. My experience in studying the F.B.I. investigation techniques provided the basis to believe the F.B.I. agent in the courtroom on February 4th, 2004 obtained the cell phone records of Ms. Rossomondo and Ms. Richardson and then confronted Ms. Rossomondo with her perjury to obtain her cooperation in the F.B.I. corruption investigation at the Hillsborough County, Florida Courthouse. The F.B.I. technique of using cremation for witnesses who cooperate in federal investigations and placement in the Federal Witness Protection Program is a common technique because there is no concern of an open casket, funeral or a gravesite service and no one ever checks to verify the death, due to grief for the "decedent," so the person effectively disappears.

30. In early March of 2005, I received an Order Denying Motion For Rehearing (Exh.#16) from my criminal case in Tampa, Florida, which stated: "On February 7th 2005, Defendant appeared in court and argued the instant Motion." and also, "...and considering the parties arguments, the Court finds the Defendant is not entitled to any relief on the instant Motion." Since I knew I was at Hamilton C.I. (Main Unit) in Jasper, Florida on February 7th, 2005 and not Tampa, Florida, I obtained a copy of the transcript (Exh.#17), which verified that I was in prison that day and didn't make any arguments in court.

31. After the interview with the F.B.I. agents on September

10