April 1st, 2006

Steven A. McLeod, D.C.#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Ann Shannon, Esq.
Federal Bureau of Investigation
7820 Arlington Expressway, Suite 200
Jacksonville, FL 32211-7499
RE: FOIA Litigation, McLeod v. DOJ, FBI
    U.S.D.C. 06-CV-0247

PROVIDED TO HAMILTON C.I. ON
__4/5/06__ FOR MAILING

Ms. Shannon,

God's grace and peace to you in Jesus name! I am in receipt of your letter and information concerning the above-referenced matter and I appreciate your response. One item notably absent from your response was any reference to the interview done here on September 21st, 2004, with me by two (2) agents from your office. The reason the F.O.I.A. request was directed to the Tampa F.B.I. office is because your agents told me that the interview was being done for the Tampa office. The female agent had a letter that I had written in her possession, she took notes during the interview and she left me a handwritten instruction sheet on the information needed by the F.B.I. office in Tampa, which I attached as Exhibit #9 of the F.O.I.A. litigation.

The agents had to complete some type of Contact/Interview Report for the September 21st, 2004, interview to send from your office to the Tampa office and I want it. If you fail to provide it and Mr. Burch executes a declaration of disclosure, then I'm going to file for a court order to obtain the logs from the Control Room here at Hamilton C.I. (Main Unit) for September 21st, 2004, have a deposition done of Prison Inspector Leroy, who escorted your agents and then move for sanctions in federal court against you and Mr. Burch. I also believe the interview was taped because there was a tape recorder on the desk.

On a side note, I sent Agent Alexander McDonald in your office a letter dated March 20th, 2006 and I would like to know if it was received. Also, on the copy of my letter dated June 29th, 2005, which you provided, at the bottom there appears to be an investigation number and you can consider this letter my F.O.I.A. request for the report of that investigation. Thank you and God bless,

IN Christ,
[signature]

cc: AUSA Alan Burch
    file

Exhibit #21

April 14th, 2006

Stanley McLeod #824820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St,
Jasper, FL 32052

Asst. U.S. Attorney Alan Burch
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

PROVIDED TO HAMILTON C.I. ON
__4/5/06__ FOR MAILING

RE: F.O.I.A. Litigation McLeod v DOJ, FBI
U.S.D.C. 06-247-JDB

Mr. Burch,

God's grace and peace to you in Jesus name! Please find the enclosed letter to Ann Shannon concerning information she provided me from the F.B.I. office in Jacksonville, Florida about the above-titled litigation. It should be pretty self-explanatory concerning my position of the information provided.

I do want to make you aware that if you attempt to invoke the current law-enforcement investigation exemption portion of Title 5 U.S.C. 552, then I fully intend to argue this exemption should be stricken down as being unconstitutional. My argument is that I have a constitutional right to due process of law in obtaining exculpatory evidence from government agencies and the statutory pending investigation exemption is unconstitutional because it allows government law enforcement agencies to withhold the exculpatory evidence in its' possession for an undeterminative length of time. I think I can make a pretty powerful argument to have this exemption deemed to be unconstitutional.

Also, if you provide <u>any</u> information in the possession of the defendants in this litigation and file a dispositive pleading, then you need to address the issue of costs, pursuant to Rule 54(d), Fed.R.Civ.P. and Title 28 U.S.C. 2412. My position is the defendants violated the time limits of Title 5 U.S.C. 552 to provide the information in the F.O.I.A., so if any information is provided, then I'm the prevailing party in this litigation. I currently estimate the costs at $325-$350 total for the filing fee, copies, postage, etc., so I would appreciate you addressing this issue, if you file an attempted dispositive pleading. I believe your current deadline is April 17th 2006 and I do object to any further extensions of time. Thank you and God bless.

cc: file

P.S. Please provide me copies of ANY proposed orders in the future. I never saw the last order at all.

IN Christ,

— Exhibit #22

FD-302 (Rev. 10-6-95)

-1-

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription   09/22/2004

STEVEN A. McCLEOD, white male, DOB 11/30/60, SSN 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, Florida Department of Corrections Inmate number A-924820, was interviewed at the Hamilton Correctional Institution, 10650 S.W.46th Street, Jasper, Florida 32052, telephone number (386) 792-5151, where he is serving a life sentence. McCLEOD was advised as to the identity of the interviewing agents and as to the nature of the interview. He then provided the following information:

McCLEOD has completed 3 years of college. After being released from prison in 1991 he attended Paralegal Careers, a small private school and graduated in 1993 as a paralegal. He worked for [                    ] in Tampa from 1994 to 1995 as a free lance paralegal, then started his own company called National Legal Alliance. The company worked with Federal Criminal Defense attorneys. McCLEOD reviewed the legal aspects of wire tap (Title III), surveillance, indictments and affidavits for defense attorneys.   b6   b7C

McCLEOD advised his father, HUGHEY McCLEOD was the Chief Deputy to the Clerk of Circuit Court, RICHARD AKE, in Hillsborough County. Therefore, McCLEOD either knew personally many of the judges or knew of many of the judges in Hillsborough County.

McCLEOD stated he knew the late HARRY COE, former Circuit Court Judge in Hillsborough County. In 1991 COE became an elected State Attorney. He was ruthless in prosecution. In 2000 he came under investigation regarding worthless or forged checks and having guns in his office. COE had a $200,000/year income and often visited gambling websites on his laptop computer. McCLEOD said one day COE was found dead.

McCLEOD advised the written statement he made in his letter to Judge MENENDEZ, "The last case I have personal knowledge of happened a month before my arrest," was the following:

[                    ] had been out of jail for [    ]   b6   b7C
[                    ]. In August 2000 Tampa Police Detectives on the vice squad, came to their house, knocked the front door and bedroom

---

Investigation on   9/21/2004   at   Jacksonville, Florida

File # 194A-TP-55469              Date dictated   9/22/2004
      SA
by    SA [            ]   b6
                         b7C

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

Exhibit #23

FD-302a (Rev. 10-6-95)

194A-TP-55469

Continuation of FD-302 of  Steven A. McCLeod  , On 9/21/2004 , Page  2
C

door down and arrested ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ McCLEOD advised he
knew ▢▢▢ last name but could not recall it at the moment.  He
said in June 2002 ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢, sometime in August    b6
2000, ▢▢▢ came to the N. Dakota address to discuss the proceedings
with ▢▢▢▢▢▢▢. The met in the living room.  McCLEOD and another   b7C
man named ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ McCLEOD
said he did not know ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
sentence.  McCLEOD saw ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢

     The next morning McCLEOD went to court with ▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ to wait a moment while he walked
out into the hallway and met with the prosecutor.  McCLEOD did not
know the prosecutor's name.  McCLEOD watched out the glass door
window into the hallway and ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢   b6
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ the night before.  The         b7C
courtroom. ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
jail sentence.  McCLEOD had not seen or spoken to ▢▢▢▢▢▢ since
his he ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ McCLEOD said Judge ESPINOSA may
have been the presiding judge.

     McCLEOD described ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢    b6
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢    b7C

     McCLEOD then advised another written statement he made in
his letter to Judge MENENDEZ, "I personally made 4 payments for a
defense lawyer to the late HARRY COE on East Street which runs
behind the Annex," was the following:

     The four instances occurred from ▢▢▢▢▢▢▢ and were all
for HARRY COE.  They occurred while McCLEOD ▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ LNU.  McCLEOD would not give ▢▢▢▢▢▢▢▢
last name because he said ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢    b6
▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢    b7C

FD-302a (Rev. 10-6-95)

194A-TP-55469

Continuation of FD-302 of  Steven A. McCLeod  , On 9/21/2004 , Page  3
C

cases. ☐ defended a lot of subjects on drug charges. ☐
☐
☐ would have
McCLEOD file legal paperwork at the courthouse on a regular basis.
McCLEOD usually did it at the end of the day on his way home. A
man called ☐ always came to ☐ office with a lunch sac. One
day after ☐ left ☐ office, ☐ told McCLEOD he wanted to
talk to him. McCLEOD was going to the courthouse to drop off some
legal paper for ☐ on his way home. ☐ asked McCLEOD if he knew   b6
who HARRY COE was. McCLEOD said he did. ☐ then asked McCLEOD to
drop off a manila envelope to COE at COE's car, which was parked on   b7C
East Street behind the Annex. The manila envelope was stapled at
the top and taped with thick binding tape at the top also. ☐
told McCLEOD to take the envelope to COE before he went to the
Courthouse. The next morning ☐ thanked McCLEOD.

About a week to ten days later ☐ asked McCLEOD to do
the same thing again. Deliver a manila envelope to COE at his car.
The third time ☐ asked McCLEOD to deliver a manila envelope to
COE he didn't bind the envelope with tape. The flap was open a bit
so McCLEOD looked in the envelope and saw there were stacks of
money in it. So the fourth time ☐ asked McCLEOD to take a manila
envelope to COE, McCLEOD took an empty envelope with him. McCLEOD   b6
went into the bathroom, tore open the envelope ☐ had given him,
took out $8,000 in cash, kept $1,000 and put the remaining $7,000   b7C
in the new envelope and sealed it. McCLEOD then gave COE the
envelope. ☐ did not say anything to McCLEOD about the delivery.
However, ☐ never asked McCLEOD to deliver an envelope to COE
again.

McCLEOD advised ☐ probably did not know what was going
on with ☐ and his deliveries to COE. He advised ☐ was very
honest. ☐                                                            b6
area.                                                                b7C

McCLEOD advised he has more information regarding
corruption in Hillsborough County but needs time to correctly
delineate it. Agents gave McCLEOD a written list of the specific
points in detail to cover for each instance. He advised he would
write down the details of the incidents and send them to the FBI
Tampa Office, Public Corruption Squad.

McCLEOD advised his motive for contacting Judge MENDEZ
after being incarcerated for four years was 1) McCLEOD believes
evidence in his case was tampered with and hurt his case; 2) He has

FD-302a (Rev. 10-6-95)

194A-TP-55469

Continuation of FD-302 of __Steven A. McCLeod__, On __9/21/2004__, Page __4__
C

    had time to reflect, read Hillsborough County cases in the law library at the prison and does not want what has occurred in his case (possible evidence tampering) to happen to someone else.

    McCLEOD advised he is willing to take a polygraph examination. He advised he will be in Tampa some time in November for a post conviction matter. He will be housed in the Hillsborough jail and is willing to speak to agents in the FBI Tampa Office at that time.

    McCLEOD then advised he had some information regarding terrorism that may be useful. When he was arrested by the State his computer was seized. He said the State should still have his computer. McCLEOD thought Officer [        ] TPD, a task force officer was the seizing officer. [        ] LNU did the forensic analysis of his computer. On McCLEOD's computer is a notify list which has the screen name of a man he was communicating with in Yemen. Over a period of 4-5 months, around the end of August 2000, before McCLEOD's arrest in 2000 he communicated with this man on a constant basis. The man knew McCLEOD was a paralegal and the type of work he did. He man asked a lot of detailed questions regarding surveillance, how they are conducted, how to spot one, counter surveillance, places in the United States such as malls, airports, and court buildings. McCLEOD said he would find this man in the MIRC chatroom, address www.mirc.com. This chat room was run out of South Africa.

b6
b7C

May 1, 2006

MAY 0 4 2006

Steven McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St,
Jasper, FL 32052

St. Joseph's Hospital
3001 W. Dr. Martin Luther King, Jr. Blvd.
Tampa, FL 33607

RE: Suzanne Lynn Rossomondo Kreis
SSN. 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

Records Custodian,

God's grace and peace to you in Jesus name! I am writing to you to request a complete copy of the medical record of Suzanne Lynn Rossomondo Kreis, who became deceased at St. Joseph's Hospital on February 14th, 2004. If I need a court order to obtain this medical record, then please let me know and the name of the person the court order needs to be served on. Thank you for a prompt response. God bless,

IN Christ,

— Exhibit #24

ST. JOSEPH'S HOSPITAL
ATTN: RELEASE OF INFORMATION
3001 WEST DR ML KING JR BLVD
TAMPA, FL 33607


05/11/2006

STEVEN MCLEOD DC#924820
HAMILTON CORRECTIONAL INST.
10650 SW 46TH ST
JASPER FL 32052


*REGARDING: ROSSOMONDO, SUZANNE*
*DATE OF BIRTH:    /  /*

Your request for information for the above named patient has been received.
We are sending back your request due to the following reason:

WE WOULD REQUIRE A COPY OF THE DEATH CERTIFICATE AND YOU LISTED AS THE
INFORMANT OR LEGAL PAPERWORK SHOWING  YOU AS LEGAL REP.



Custodian of Medical Records
813-870-4669



# ADMINISTRATIVE OFFICE OF THE COURTS
THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA
LEGAL DEPARTMENT

DAVID A. ROWLAND                                                                                    COURT COUNSEL

May 5, 2006

Steven A. McLeod, DC #924820
Hamilton Correctional Institution (Main Unit)
10650 Southwest 46th Street
Jasper, Florida 32052

Re:   State of Florida v. Steven McLeod, Case No.: 00-15913
      Thirteenth Judicial Circuit Court, Criminal Justice Division

Dear Mr. McLeod:

This is a response to your two letters to Chief Judge Manuel Menendez, Jr. both dated April 18, 2006. Your first letter requests information concerning the audio system used in Judge Espinosa's courtroom on the second floor of the main courthouse in the old County Commission boardroom during February and March of 2001. Your second letter is a public records request for any of your correspondence forwarded to the F.B.I. in the spring of 2004 or other documents sent or received from federal law enforcement authorities concerning that matter.

In response to your first letter, please be advised that the audio system used in Judge Espinosa's courtroom during his tenure in that courtroom was used for amplification purposes only. The system did not have a recording mechanism and therefore no recordings were ever made from this system.

In response to your second letter, enclosed are the following four letters: (1) your letter to Chief Judge Menendez dated April 30, 2004; (2) Chief Judge Menendez's cover letter to Robert O'Neill, Assistant United States Attorney, dated May 4, 2004, enclosing your April 30, 2004 letter; (3) your letter to Chief Judge Menendez dated September 23, 2004, forwarded to Mr. O'Neill without a cover letter; and (4) my response letter to you on behalf of Judge Menendez dated November 1, 2004, forwarded to Mr. O'Neill.

Sincerely,

David A. Rowland

cc:   Chief Judge Manuel Menendez, Jr.                — Exhibit #25

800 E. TWIGGS STREET  •  SUITE 603  •  TAMPA, FLORIDA 33602  •  PHONE (813) 272-6843  •  FAX (813) 272-5710



CHAMBERS OF
# CIRCUIT JUDGE
THIRTEENTH JUDICIAL CIRCUIT

**MANUEL MENENDEZ, JR.**
CHIEF JUDGE

PHONE: (813) 272-5022
FAX: (813) 272-5522

May 4, 2004

Robert O'Neill
Chief Criminal Division
United States Attorneys Office
400 North Tampa Street
Suite 3200
Tampa, Fla. 33602

Dear Mr. O'Neill:

    Enclosed is a copy of correspondence dated April 30th, 2004 from Steven A. McLeod (an inmate at the Hamilton Correctional Institute) which we discussed earlier today. If you need further information, please feel free to contact my office.

    Thank you for your attention to this matter.

Sincerely,

Manuel Menendez, Jr.
Chief Judge

MMJ:mvf
Enclosure

— Exhibit #26

800 E. Twiggs Street • Room 602 • Tampa, Florida 33602

IN THE THIRTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

STATE OF FLORIDA,
    Plaintiff,

vs.                        CASE NO. 00-15913
                             DIVISION: H

STEVEN A. McLEOD,
    Defendant.
_____/

## MOTION FOR PRODUCTION OF PHONE RECORDS FOR IN CAMERA INSPECTION

COMES NOW, the Defendant, Steven A. McLeod, Pro Se, pursuant to Florida Rules of Criminal Procedure, requesting this Honorable Court to require Assistant State Attorney's Ursula Richardson and Suzzanne Rossomondo to produce phone records for the purpose of an in camera inspection by this Court, in respect to the currently pending Motion To Disqualify State Attorney's Office filed in the above-styled cause and offers the following in support thereof:

1. The Defendant currently has pending a Motion To Disqualify State Attorney's Office that has been set for hearing before this Court on January 8th, 2004 at 8:30 a.m.

2. In the Motion To Disqualify State Attorney's Office, the Defendant alleged that his former trial counsel and currently Assistant State Attorney Ursula Richardson and the trial prosecutor Suzzanne Rossomondo had cellular phone conversation[s], concerning a request for an F.D.L.E. investigation made to Tampa Mayor Pam Iorio dated May 21st, 2003 (See

— Exhibit #27 —

Motion To Disqualify State Attorney, Pg.2, Para. 6)

3. Under the current case law, one of the reasons that an entire State Attorney's Office can be disqualified is if a former defense attorney for a criminal defendant becomes employed by the State Attorney's Office and has conversations with prosecutors about the criminal defendants case. (See, Bogle v. State, 655 So. 2d 1103 (Fla.

4. The Defendant requests that this Court require Ms. Richardson and Ms. Rossomondo provide a copy of their home telephone bill representing their home phone numbers, produce the direct line phone number to their office in the State Attorney's and the phone records for May & June of 2003 for any personal or employment provided cellular phone records, for this Court to view them in camera for the purpose of determining whether the phone records reflect any conversations between Ms. Richardson and Ms. Rossomondo in the days following the investigation request to Mayor Iorio on May 21st, 2003.

5. The Defendant recognizes that these phone records contain personal information of Ms. Rossomondo and Ms. Richardson, which the Defendant is not entitled to access to and that after the Court's in camera inspection, the phone records will be sealed and preserved for any possible appellate review.

6. The Defendant contends that by implementing the foregoing procedure, the Court can properly balance Ms. Richardson's and Ms. Rossomondo's privacy rights with the Defendant's right to due process of law, under the 14th Amendment of the U.S Constitution.

2

WHEREFORE, the Defendant prays that this Honorable Court will grant the requested relief or any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Fl. Stat. 92.525, that the foregoing is true and correct under penalty of perjury.

DATED: 12/10/03

Steven A. McLeod, D.C.#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that the foregoing has been served by U.S. Mail to: State Attorney's Office, Hills. Co. Courthouse Annex, 800 E. Kennedy Blvd., Tampa, FL, 33602 by delivering to prison authorities on this 10th day of December, 2003.

Respectfully submitted,

Steven A. McLeod, Pro Se

3