UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
Plaintiff,

PROVIDED TO
HAMILTON CI ON 5-31-06
FOR MAILING ___JCH___

v.

Civil Action No.: 06-cv-247 (JDB)

U.S. DEPARTMENT OF JUSTICE, et al.
Defendants.

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, Rule 11(c)(1)(A) and Rule 56(g), requesting this Honorable Court to strike the Defendants Motion To Dismiss And Motion For Summary Judgment and impose sanctions for costs and expenses to Defendants counsel, pursuant to Rule 11(c)(2) and Rule 56(g), Fed. R. Civ. P. and Title 28 U.S.C. 1927, as well as, requiring Defendants counsel to file a proper responsive pleading within fifteen (15) days of this Court's Order and further U.S. Attorney Kenneth L. Wainstein, Asst. U.S. Attorney Rudolph Contreras, Asst. U.S. Attorney Alan Burch and David Luczynski of the Executive Office for U.S. Attorney's should be required to showcause why sanctions should not be imposed in the above-styled cause and offers the following in support thereof:

1. This cause comes before this Honorable Court, pursuant to Title 5 U.S.C. 552, and the Plaintiff's Freedom Of Information Act Action signed by the Plaintiff on January 17th, 2006 and filed pursuant to the prison mailbox rule at 8:30 a.m. on January 18th, 2006.

2. A Defendants Motion To Dismiss And Motion For Summary Judgment has been filed after Defendants Counsel filed two (2) Motions For Enlargement Of Time and obtained two (2) extensions of time to file a responsive pleading.

RECEIVED
JUN 5 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

response under the facts and circumstances for Defendants counsel to file a Motion To Dismiss, due to failure of the Plaintiff to exhaust remedies, because under the Oglesby decision the response by DOJ was not received until after the litigation was filed so judicial review by compelling release of the documents is the proper remedy.

## SUMMARY JUDGMENT FOR DEFENDANTS DOJ, FBI

17. After obtaining two (2) extensions of time to file a responsive pleading, Defendants counsel filed a Defendants' Motion To Dismiss And Motion For Summary Judgment, which stated in pertinent part: "Moreover, because both DOJ and the FBI conducted reasonable searches and located no records responsive to his requests, the agencies are entitled to judgment as a matter of law," and this statement is patently false as to the reasonableness of the searches.

18. The FOIA requires the agency responding to an FOIA request to conduct a reasonable search using methods which can be reasonably expected to produce information that is requested. Bennett v. DEA, 55 F.Supp.2d 36, 39 (D.D.C. 1999); citing Campbell v. U.S. Dept. of Justice, 164 F.3d 20, 27 (C.A.D.C. 1998)

19. In Campbell, the circuit court of appeals held the burden of proof is on the agency to show its search was reasonably calculated to uncover all relevant documents and in applying the reasonableness test concerning the adequacy of the search, the agency must show a good faith effort. 164 F.3d, at 27.

20. In respect to Defendant DOJ, Defendants counsel attached the Declarations of David Luczynski of EOUSA and Christina Griffiths of the U.S. Attorney's Office in Tampa, Florida.

21. The original FOIA request to Defendant DOJ was made to Asst. U.S. Attorney Robert O'Neill (Exh.#1) and in the Freedom Of Information Act Action complaint filed by the Plaintiff,

5

in Paragraph 9, specifically states Mr. O'Neill was the person in charge of the investigation into criminal misconduct by law enforcement officers and other parties to improperly obtain the conviction in the Plaintiff's criminal case, but no one contacted him.

22. Furthermore, in the Affidavit of Steven A. McLeod, attached to the Plaintiff's Motion For Continuance On Ruling On Defendant's Motion To Dismiss And Motion For Summary Judgment For Plaintiff To Conduct Discovery, Exhibits 14, 25 and 26 clearly show documents sent to Mr. O'Neill concerning the Plaintiff by the Administrative Office Of The Courts, (Exh# 6,7)

23. If after conducting computerized searches for and of records, an agency finds no responsive records, then specific agency personnel should be contacted, who may have access to the records, for the search to be determined adequate or reasonable for summary judgment purposes. <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 328 (C.A.D.C. 1998).

24. In respect to Defendant F.B.I., Defendants counsel attached the Declaration of David Hardy in support of a reasonable search.

25. In paragraphs 5 and 9 of the Freedom of Information Act Action, the Plaintiff specifically alleged his computer was in possession of an F.B.I. Task Force member, Robert Sheehan, the computer forensics were performed by an F.B.I analyst and that an F.B.I. computer receipt was attached as Exhibit #3 of the Complaint. Furthermore, in Paragraph 9 of the Complaint specifically alleges the F.B.I. Public Corruption Squad in Tampa, Florida was performing an investigation into criminal misconduct in the Plaintiff's criminal case.

26. In the Declaration of David Hardy, it was even admitted that the FBI was conducting an investigation into corruption at the Hillsborough County Courthouse in

6

Tampa, Florida (Declaration of Hardy, Pg. 12, Para. 23, Pg. 13, Para. 26, Pg. 14, Para. 28, Pg. 17, Para. 34, Pgs. 18-19, Para. 37) and Mr. Hardy failed to contact Robert Sheehan or provide an Affidavit from any Tampa Field Office F.B.I. personnel.

27. Moreover, Mr. Hardy states in Paragraph 15 of his Declaration that the FOIA request was directed to the Tampa F.B.I. office and in Footnote 4 on Page 7 that it is the F.B.I.'s current policy that absent a specific request a search of cross-references at the administrative level.

28. In Campbell v. U.S. Department of Justice, 164 F.3d 20, (C.A.D.C. 1998), the Court held that a reasonable search required the agency contact the local agency supervisor for ELSUR and "tickler" searches, when the agency had performed such searches in other cases in order for the agency search to be deemed adequate and reasonable. Campbell 164 F.3d at 28 and multiple other cases cited therein.

29. As previously noted, the failure to contact specific agency personnel in a specific location where records may be found does not constitute an adequate or reasonable search for responsive records. Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321 (C.A.D.C. 1998)

30. The Declaration by David M. Hardy is clearly insufficient for summary judgment purposes and frivolous.

## SANCTIONS

31. The Defendants Motion To Dismiss And For Summary Judgment was signed by U.S. Attorney Kenneth L. Wainstein, Asst. U.S. Attorney Rudolph Contreras and Asst. U.S. Attorney Alan Burch and the Declaration Of David Luczynski of EOUSA on the Defendants Motion To Dismiss was patently frivolous to base the Motion To Dismiss upon.

7

32. When a party or attorney signs a motion or pleading, under Rule 11(b), Fed.R.Civ.P., the person is making a good faith assertion that the document is not false or frivolous. <u>Andretti v. Borla Performance Industries, Inc.</u> 426 F.3d 824 (6th Cir. 2005).

33. A court has the inherent authority to impose sanctions for actions taken in bad faith, vexatiously, wantonly or oppressive reasons and bad faith can be demonstrated by delaying or disrupting the litigation. <u>Chambers v. NASCO, Inc.</u> 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed. 2d 27 (1991).

34. In considering a motion for sanctions, pursuant to Rule 11, Fed.R.Civ.P., a court conducts a two-step inquiry: 1) whether the party's claims are objectively frivolous; and 2) whether the person who signed the pleadings should have been aware that they were frivolous. <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1105 (11th Cir. 2001) (holding when attorney failed to conduct a reasonable inquiry into the matter the court is obligated to impose sanctions even if the attorney had a good belief that the claim was sound.)

35. A court can strike the offending motion as a sanction, under Rule 11, Fed.R.Civ.P. <u>Footman v. Cheung</u>, 341 F.Supp. 2d 1224 (M.D.Fla. 2004).

36. Under D.C. Local Rules, sanctions should be imposed for a violation of Rule 11, Fed.R.Civ.P., for a false or frivolous motion or pleading. <u>Reynolds v. U.S. Capitol Police Board</u>, 357 F.Supp. 2d. 19, 23 (D.D.C. 2004); <u>Geller v. Randi</u>, 40 F.3d 1300, 1304-05 (C.A.D.C. 1994).

37. The Motion To Dismiss And For Summary Judgment filed by Defendants counsel in this litigation is patently frivolous and the Plaintiff would request this Honorable Court to strike the motion and order the Defendants to file a proper responsible pleading or motion within fifteen (15) days with no further extensions of time.

38. Furthermore, the Plaintiff would request this Court to issue an Order to show cause to U.S. Attorney Kenneth L. Wainstein, Asst. U.S. Attorneys Rudolph Contreras and Alan Burch, under Rule 11(c), Fed. R. Civ. P. and to attorney David Luczynski of EOUSA, under Rule 56(g), Fed. R. Civ. P. to show cause why sanctions should not be imposed, including but not limited to, costs under Title 28 U.S.C. 1927, for any discovery required in respect to the Plaintiff's Motion For Continuance For Ruling On Defendants Motion To Dismiss And Summary Judgment To Conduct Discovery.

39. A proposed order is attached.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant the requested relief or any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 5/30/06

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St, N.W., Washington, D.C. 20530, by delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 31st day of May, 2006.

Respectfully submitted,

Steven A. McLeod, Plaintiff

9