August 7th, 2005

Steven A. McLeod, D.C.#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Robert E. O'Neill, Esq.
U.S. Attorney Office
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798

Mr. O'Neill,

    This letter is my official request pursuant to the federal Freedom Of Information Act (FOIA) for any information currently in your possession of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida v. Steven A. McLeod, Case No. 00-15913, 13th Judicial Circuit Court, In And For Hillsborough County, Florida. Please respond to this request within the applicable time period under federal law. Thank you and God bless.

Sincerely,

cc: file

— Exhibit #1


GOVERNMENT EXHIBIT A



*Main Office*
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

*Post Office Box 600*
200 West Forsyth Street, Room 700
Jacksonville, Florida 32201
904/232-2682
904/232-2620 (Fax)

**U.S. Department of Justice**
**United States Attorney**
**Middle District of Florida**

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (fax)

501 W. Church Street, Suite 300
Orlando, Florida 32805
407/648-7500
407/648-7643 (Fax)

Reply to:
**Tampa, FL**

August 15, 2005

Mr. Steven A. McLeal
DC #924820
Hamilton CI (Main Unit)
10650 S.W. 46th Street
Jasper, Florida 32052

    Re:    <u>FOIA Request for Records</u>

Dear Mr. McLeal:

    Our office has received your FOIA request dated August 8, 2005. Your request was forwarded to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington D.C. on August 15, 2005.

    Federal regulation 28 U.S.C. § 16.3 requires that all United States Attorneys offices forward FOIA requests to the FOIA Unit in Washington D.C. That office coordinates the processing of all FOIA requests for all of the United States Attorneys Offices and will respond directly with you regarding your request.

    In the future, please direct all of your FOIA matters to the FOIA Unit in Washington D.C. as this will accelerate the processing of your request. The address for the FOIA Unit is:

    Freedom of Information Act/Privacy Act Unit
    Executive Office for United States Attorneys
    600 E Street, N.W., Room 7300
    Washington D.C. 20530
    Telephone: 202-616-6757
    Facsimile: 202-616-6478

Exhibit #2

Mr. Steven A. McLeal
August 15, 2005
Page 2

    If you have any questions regarding this matter, please direct your questions to the FOIA Unit in Washington DC.

                              Sincerely,

                              PAUL I. PEREZ
                              United States Attorney

By:                      
                              Christina Griffiths
                              Paralegal Specialist



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

SEP 19 2005

Request Number: __05-2530__     Date of Receipt: __August 15, 2005__

Requester: __Steven A. McLeal__   Subject: __Self ( State Case)__

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ]  Your request has been forwarded to _____ for a direct response to you.

2. [ ]  The records responsive to your request have been destroyed pursuant to Department of Justice guidelines.

3. [ ]  Your request seeks public records which may be obtained from the clerk of the court.

4. [X]  Your request pertains to state or local matters, the records for which are maintained by state or local agencies and, therefore, are outside the scope of the Act. You should contact the pertinent state or local agency for a response to your request.

5. [ ]  The Freedom of Information Act only applies to records already in existence and does not require an agency to conduct research, create new records, or answer questions presented as FOIA requests.

6. [ ]  Your request concerns material which is publicly available through the Government Printing Office. You can obtain/purchase a copy of the requested material by writing to the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402.

7. [ ]  This office is continuing its work on the other subject/districts mentioned in your request.

8. [X]  This is the final action my office will take on your request.

Sincerely,

Marie A. O'Rourke
Assistant Director

— Exhibit #3

Form No. 005A - 6/02

October 3rd, 2005

Steven ... McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

Marie A. O'Rourke, Assistant Director
United States Department of Justice
Freedom of Information/Privacy Act Unit
600 E Street, NW, Room 7300
Washington, D.C. 20530

RE: FOIA Request No. 05-2530
    F.B.I. FOIA Request #1029110-000

Ms. O'Rourke,

    God's grace and peace to you in Jesus name! I am writing to you because I recently made a Freedom Of Information Act (FOIA) request to your office (Exh.#1) and an identical request to the F.B.I. (Exh.#2). In your response (Exh.#3) and in the FOIA response from the F.B.I. (Exh.#4), I was told there is no information in your possession. As you will see this is patently false, which gives me reason to believe that the F.B.I. office in Tampa and the U.S. Attorney's Office in Tampa are withholding exculpatory information because there employees were involved in criminal misconduct in my case. By this letter, I am requesting an investigation by the Justice Department of these federal offices in Tampa and disclosure of the information I requested. Let me explain.

    I was arrested on September 20th, 2000, at my home in Tampa, Florida on sexual battery charges. After my arrest, a search warrant was executed by Tampa Police Department and T.P.D. Detective Scott Wolfe had Detective Robert Sheehan respond. (Exh.#5 & #6). Robert Sheehan is a T.P.D. detective who has been deputized into an F.B.I. Task Force On Computer Crimes and was called to the scene because the victim claimed she observed herself performing sex acts on me on the computer during the offense.

    At 12:30 p.m. on September 20th, 2000, I was arrested (Exh.#7) but at 3:28 a friend of mine made contact with someone using my computer. (Exh.#8). Detective Sheehan took possession of my computer (Exh.#5)

1

Exhibit #4

GOVERNMENT EXHIBIT C

to do the computer forensics. On September 29th, 2000, the computer was released from F.B.I. custody (Exh. #9) and placed in the T.P.D. property room. (Exh. #10).

I later learned a piece of rope was planted in the desk drawer, (during the search) where the computer was located. I also was told a female F.B.I. computer analyst named Peggy (Margaret) was the person who actually performed the computer forensics testing. Detective Sheehan failed to respond to two deposition subpoenas or to a subpoena for a hearing on March 16th, 2001 in court, even though, he was a T.P.D. detective called to the scene of a crime in the Tampa city limits by another T.P.D. detective and was a Category A witness listed in the State's discovery. To date, over five (5) years later, I have NEVER been able to obtain any type of written report or oral testimony about Detective Sheehan's participation in this case. I've never received ANY information on the computer forensics.

On the morning of my trial, this same piece of rope that had been planted in my desk drawer, was also tampered with by Detective Wolfe and Asst. State Attorney Suzanne Rossomondo. They opened the evidence bag in the State Attorney's Office before bringing it over to the courtroom for my trial and tied knots and loops in the rope so that it was consistent with the victim's testimony. Ms. Rossomondo never took the rope out of the bag or revealed the knots and loops until closing arguments so that none of the witnesses could be questioned about it.

During my Motion For New Trial, I was able to uncover that the detectives, including Detective Sheehan, were inside my house before the warrant arrived which was contrary to the police reports and previous testimony. Detective Sheehan didn't appear at the hearing like he was suppose to so I never got an opportunity to question him about his role in the search and evidence planting.

I appeared for sentencing on March 23rd, 2001 and Asst. State Attorney Suzanne Rossomondo had Asst. U.S. Attorney James Muench appear at my sentencing. Mr. Muench had worked for the Hills. Co. State Attorney's Office in 1988 and prosecuted me in a kidnapping case before he went to the U.S. Attorney's Office. In the 1988 case, Mr.

2

Muench had withheld a key piece of evidence until the morning of my trial and I later uncovered documented evidence that he knowingly used perjured testimony to obtain my conviction.

Prior to my sentencing hearing on March 23rd, 2001, Ms. Rossomondo introduced Detective Wolfe to Mr. Muench as the detective who tied the knots and loops in the rope. Niki Eakins (Exh. #11) and three (3) other witnesses overheard the introduction. I talked about the evidence planting and tampering during the sentencing hearing and Mr. Muench never did anything about it. Basically, Ms. Rossomondo admitted committing a federal felony (obstruction of justice) to an Asst. U.S. Attorney (James Muench) who ignored it, which in and of itself, is a federal felony.

This isn't unheard of in the U.S. Attorney's Office in Tampa because they have a history of misconduct. In 2000, Asst. U.S. Attorney Karen Cox was suspended for one (1) year from practicing law in Florida for knowingly using perjured testimony. (See, The Florida Bar v. Cox, 794 So.2d 1278 (Fla. 2001)). On February 14th, 2001, (eight days after my trial) the misconduct in the case of U.S. v. Aisenberg by Asst. U.S. Attorneys Stephen Kunz and Rachelle Des Vaux-Bedke was disclosed. Steven and Marlene Aisenberg's charges were dismissed and their attorneys, Todd Foster and Barry Cohen, were awarded $1.5 million in attorneys fees under the Hyde Amendment. In August of 2005, Asst. U.S. Attorney Del Fuoco resigned due to allegations of extortion while performing his official duties. This is quite a track record. (On the Aisenberg case, See, U.S. v. Aisengberg, 358 F.3d 1327 (11th Cir. 2004)).

In December of 2003, I sent a request for an investigation to Hills. Co. Commission Chairman Tom Scott (Exh. #12) in an attempt to get a state or federal investigation of the criminal misconduct in my case. I later learned Chairman Scott forwarded this request to the F.B.I. Public Corruption Squad in Tampa. I have very good reason to believe (including documented evidence) that Asst. State Atty. Suzzanne Rossomondo (who I believed to be deceased) was actually placed in the F.B.I. Witness Protection Program after cooperating with the F.B.I. for her criminal misconduct and other federal felonies while working

3

as a prosecutor in Tampa. This misconduct included my case.

Prior to my trial, I owned my own business, as a paralegal, called the National Legal Alliance and I worked with attorneys in Tampa and nationwide in criminal cases. On September 21st, 2004 I was visited here by F.B.I. Agent Janet Pellichotti and another agent for a debriefing on several cases that I knew about being fixed in Tampa. I provided them the details in five (5) cases that day, including four (4) payments I made to former Hills. Co. State Atty, Harry Lee Coe, for a defense attorney in Tampa. Agent Pellichotti requested that I detail the other cases and she provided me an outline to follow. (Exh. #13) Harry Coe committed suicide in the summer of 2000, during an investigation of his criminal wrongdoing.

After Agent Pellichotti left on September 21st, 2004, I wasn't sure about whether the F.B.I. Public Corruption Squad in Tampa had all of the document in my case, even though, I discussed it with them. The next day, Sept. 22nd, 2004 I sent the F.B.I. in Tampa a copy of the letter to Chairman Tom Scott. A short time later, I found out that Asst. U.S. Attorney Robert E. O'Neill was the prosecutor in charge of the investigation in my case. I have written him and the F.B.I. several times without any response.

My point in all of this is that your position that you have no information on my case is false and somebody is involved in a cover up. The F.B.I. office in Tampa was involved in the original investigation in my case. If your office doesn't have any information, then it means the F.B.I. office and U.S. Attorney's Office in Tampa are withholding all of this investigation information to protect James Muench and Robert Sheehan. I'm entitled to this information and I am requesting a full investigation in this matter by the U.S. Justice Department. Thank you and God bless.

IN Christ,

cc: F.B.I. Office (Washington, D.C.)
F.B.I. Office (Tampa, FL)
U.S. Attorney's Office (Tampa)
Marsha Schein, Esq. 1945 Mason Mill Rd., Decatur, GA 30033
Tampa Tribune - Elaine Silvestrini
Washington Post
file

U.S. Department of Justice
EOUSA/FOIA Unit
600 E STREET, N.W., RM. 7300

Washington, D.C. 20530
Official Business
Penalty for Private Use $300

**LEGAL MAIL-OPEN ONLY**
**IN PRESENCE OF INMATE**

Steven A. McLeod
DC #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th Street
Jasper, FL 32052



## ADMINISTRATIVE OFFICE OF THE COURTS
THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA
LEGAL DEPARTMENT

DAVID A. ROWLAND                                                          COURT COUNSEL

May 5, 2006

Steven A. McLeod, DC #924820
Hamilton Correctional Institution (Main Unit)
10650 Southwest 46th Street
Jasper, Florida 32052

      Re:    State of Florida v. Steven McLeod, Case No.: 00-15913
                Thirteenth Judicial Circuit Court, Criminal Justice Division

Dear Mr. McLeod:

      This is a response to your two letters to Chief Judge Manuel Menendez, Jr. both dated April 18, 2006. Your first letter requests information concerning the audio system used in Judge Espinosa's courtroom on the second floor of the main courthouse in the old County Commission boardroom during February and March of 2001. Your second letter is a public records request for any of your correspondence forwarded to the F.B.I. in the spring of 2004 or other documents sent or received from federal law enforcement authorities concerning that matter.

      In response to your first letter, please be advised that the audio system used in Judge Espinosa's courtroom during his tenure in that courtroom was used for amplification purposes only. The system did not have a recording mechanism and therefore no recordings were ever made from this system.

      In response to your second letter, enclosed are the following four letters: (1) your letter to Chief Judge Menendez dated April 30, 2004; (2) Chief Judge Menendez's cover letter to Robert O'Neill, Assistant United States Attorney, dated May 4, 2004, enclosing your April 30, 2004 letter; (3) your letter to Chief Judge Menendez dated September 23, 2004, forwarded to Mr. O'Neill without a cover letter; and (4) my response letter to you on behalf of Judge Menendez dated November 1, 2004, forwarded to Mr. O'Neill.

                                            Sincerely,

                                            David A. Rowland

                                         — Exhibit #6

cc:     Chief Judge Manuel Menendez, Jr.



CHAMBERS OF
# CIRCUIT JUDGE
THIRTEENTH JUDICIAL CIRCUIT

**MANUEL MENENDEZ, JR.**
CHIEF JUDGE

PHONE: (813) 272-5022
FAX: (813) 272-5522

May 4, 2004

Robert O'Neill
Chief Criminal Division
United States Attorneys Office
400 North Tampa Street
Suite 3200
Tampa, Fla. 33602

Dear Mr. O'Neill:

Enclosed is a copy of correspondence dated April 30th, 2004 from Steven A. McLeod (an inmate at the Hamilton Correctional Institute) which we discussed earlier today. If you need further information, please feel free to contact my office.

Thank you for your attention to this matter.

Sincerely,

Manuel Menendez, Jr.
Chief Judge

MMJ:mvf
Enclosure

Exhibit #9

800 E. Twiggs Street  •  Room 602  •  Tampa, Florida 33602

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. MCLEOD
    Plaintiff,

CIVIL ACTION NO: 06-247 (JDB)

v.

U.S. DEPARTMENT OF JUSTICE, et al..
    Defendants.
_____/

## ORDER

THIS CAUSE, having come before this Court, pursuant to the Plaintiff's Motion to Strike Defendants Motion to Dismiss and for Summary Judgment and Motion for Sanctions it is hereby **ORDERED and ADJUDGED:**

1. The Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Summary Judgement is hereby **GRANTED.**

2. Defendant's counsel shall file a proper responsive pleading to the complaint in this action within fifteen (15) days or a default judgment shall be entered.

3. United States Attorney Kenneth L. Wainstein, Asst. U.S. Attorney Rudolph Contreras, Asst. U.S. Attorney Alan Burch and David Luczynski of the Executive Office for the U.S. Attorneys, U.S. Department of Justice shall show cause within twenty (20) days of this Order, why sanctions should not be imposed.

**DONE AND ORDERED** in chambers on this ___ day of _____, 2006.

_____
John D. Bates, U.S. District Judge