UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
  Plaintiff,

PROVIDED TO
HAMILTON CI ON 5-31-06
FOR MAILING  JH

vs.

Civil Action No.: 06-cv-00247(JDB)

U.S. DEPARTMENT OF JUSTICE, et al.
  Defendants.

## MOTION FOR PRODUCTION OF RECORDS AND INFORMATION FOR IN CAMERA REVIEW

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Title 5 U.S.C. 552(a)(4)(B) requesting this Honorable Court to enter an Order requiring Defendant F.B.I. Public Corruption Squad in Tampa, Florida to produce any and all records and information obtained during the corruption investigation of the Hillsborough County Courthouse in Tampa, Florida, to this Court for an in camera review of any records improperly withheld from the Plaintiff in the above-styled cause and offers the following in support thereof:

1. This cause comes before this Honorable Court via a Freedom of Information Act Action, pursuant to Title 5 U.S.C. 552(a), in which the Plaintiff seeks any information currently in the Defendants possession of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in the case of State of Florida, Case No. 00-15913, 13th Judicial Circuit Court, In and For Hillsborough County, Florida. (See, Complaint, Exh. #1).

2. Defendant F.B.I. has released a four (4) page report of an interview of the Plaintiff by F.B.I. agents on September 21st, 2004, (Exh. #1) under F.B.I. File No. 194A-TP-55469 and claimed statutory exemptions under Title 5 U.S.C. 552(b)(6) + (b)(7) and specifically Title 5 U.S.C. 552(a)(j)(2) (Exh. #1A), which provides a statutory exemption of records "maintained by an agency or component thereof

1

RECEIVED
JUN 5 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals...." (Exh. #1B)

3. The Defendants have filed a Motion To Dismiss and Motion For Summary Judgment and attached an Affidavit of David M. Hardy, (Exh. #2), which stated the Plaintiff was interviewed "at the same time that the TPFO <u>was</u> conducting an FBI investigation into law enforcement corruption in the Hillsborough County Courthouse in Tampa, Florida" (Exh. #2, Pg. 12, Para.(23)), and further discussed this investigation by stating, "F.B.I. SAs from TPFO who <u>were</u> responsible for conducting, supervising, and/or maintaining the investigation into corruption in Hillsborough County requested the interview of plaintiff. The responsibilities also included <u>interviewing cooperating witnesses</u> and sources, and reviewing materials compiled as a result of the investigation of corruption in Hillsborough County." (Exh. #2, Pg. 13, Para. 26). (emphasis added)

4. As noted by the emphasized words from the quoted passages shown above in Mr. Hardy's Declaration, would tend to show the investigation is being referred to in past tense and the Defendants are not attempting to use a statutory exemption under Title 552(b)(7)(A) or (B) or (c)(1) concerning a currently pending investigation.

5. In the original Freedom of Information Act Action filed by the Plaintiff, it specifically alleged that an F.B.I. investigation was initiated as a result of a request for an investigation sent to Hillsborough County Commission Chairman Tom Scott (Para. 11 and Exh. #8, Complaint) and that Asst. Hillsborough County State Attorney Suzanne Rossomondo became a cooperating witness for the F.B.I. (Complaint, Para. #12).

6. The evidence planting by Tampa Police Department detectives occurred on September 20th, 2000, and the evidence tampering by T.P.D. Detective Scott Wolfe and Ms. Rossomondo occurred on February 5th or 6th, 2001, so unless a federal grand jury

2

indictment has been handed down and sealed, any federal criminal charges against these individuals would be barred by the five (5) year statute of limitations as provided for by Title 18 U.S.C. 3282(a).

7. The Declaration of David Hardy for the F.B.I., attached to the Defendants Motion To Dismiss And Motion For Summary Judgment specifically stated; "In accordance with the DOJ FOIA regulations, 28 C.F.R. Sections 16.3(a) and 16.41(a), FOIA requesters are placed on constructive notice that it is incumbent upon them to direct their requests to those F.B.I. field offices most likely to have records responsive to their requests," (Exh.#2, Pg.9, Para.16), which the Plaintiff did, (Exh.#3) and even though the Plaintiff attached an F.B.I. receipt signed by Robert Sheehan to prove the Plaintiff's computer was in the possession of Defendant F.B.I. (Complaint, Exh.#3), the F.B.I. field office in Tampa, Florida, has not provided any documents responsive to the Plaintiff's request after admitting to conducting an investigation into corruption in the Hillsborough County Courthouse.

8. In accordance with the statement marked by Marie O'Rourke of the Defendant U.S. Department Justice letter of January 17th, 2006, "A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person." (Exh.#4).

9. Since the Defendant F.B.I., through Det. Robert Sheehan's actions in the Plaintiff's criminal case as an F.B.I. Task Force agent, under Florida Rule of Criminal Procedure, Rule 3.220(j) and Federal Rule of Criminal Procedure, Rule 16(c), originally participated in the investigation in the Plaintiff's criminal case and had a continual duty to disclose to the Plaintiff any exculpatory evidence as stated in the U.S. Supreme Court decision in Brady v. Maryland, 373 U.S. 83, 87 (1963), (holding government suppression of evidence favorable to accused violates due process of law if evidence is material to guilt or punishment), the Plaintiff is entitled to any exculpatory evidence.

10. Under Title 5 U.S.C. 552(a)(4)(B) specifically provides this Court with the authority "to order the production of any agency records improperly withheld from the complainant," and in understanding the seriousness of making such an allegation, the Plaintiff believes an in camera inspection of the investigation records into the corruption in Hillsborough County Courthouse in Tampa, Florida by the F.B.I. will show that Asst. State Attorney Suzanne Rossomondo agreed to cooperate with the F.B.I. and was placed in the Federal Witness Protection Program and subsequently Defendants F.B.I. and/or U.S. Attorney's Office in Tampa, Florida squashed the investigation and suppressed the results of mass corruption in the Hillsborough County judicial system because: 1) evidence of evidence planting by F.B.I. Task Force member Robert Sheehan would reflect on the integrity of F.B.I. officials and bring into question federal and state cases, which Det. Sheehan had been involved in; 2) evidence of Asst. U.S. Attorney James Muench being told about criminal conduct of tampering with evidence by Det. Scott Wolfe and Asst. State Attorney Suzanne Rossomondo would subject Mr. Muench to disbarment, Rule 4-8.3(a), Florida Bar Rules of Professional Conduct, after failing to report it and causing publicity problems for the U.S. Attorney's Office; 3) the Plaintiff's criminal case was prosecuted in Division "H" of the 13th Judicial Circuit, which exclusively involves sex crimes and evidence of misconduct in this division and/or participation by members of the Hills. Co. Public Defender's in assisting the State Attorney's Office to obtain criminal defendants convictions would cast doubt on thousands of criminal cases in Hillsborough County, Florida, including all of the sex offense cases in the past several years; and 4) the close relationship between the Hills. Co. State Attorney's and U.S. Attorney's Office in Tampa, Florida because many of the employees in the U.S. Attorney's Office in Tampa, Florida began their careers as prosecutors with the Hills. Co. State Attorney's Office, as demonstrated by the appearance of Asst. U.S. Attorney James Muench, at the Plaintiff's sentence at the request of Asst. Hills. Co. State Attorney Suzanne Rossomondo.

11. At the time immediately prior to the Plaintiff's arrest

and through the Plaintiff's conviction and sentencing, the U.S. Attorney's Office was under intense media scrutiny for misconduct by prosecutors of their office, U.S. v. Sigma Int'l, Inc., 196 F.3d 1314 (11th Cir. 1999)(holding that although affirming the conviction, the court of appeals would be remiss for failing to address blatant misconduct by Asst. U.S. Attorney Michael Rubenstein (Tampa office) during grand jury proceedings); Cox v. The Florida Bar, 794 So.2d 1278 (Fla. 2001)(holding that disbarment too severe a sanction but approving suspension of Asst. U.S. Attorney Karen Cox (formerly of the Hills. Co. State Attorney's Office) for withholding the true identity of a government witness to suppress the witness' prior criminal history from defense attorneys during federal criminal trial); U.S. v. Aisenburg, 120 F.Supp.2d 1345 (M.D. Fla. 2000); 247 F.Supp.2d 1272 (M.D. Fla. 2003); 358 F.3d 1327 (11th Cir. 2004) holding that dismissal of indictment and Hyde Amendment attorneys fees award appropriate for malicious prosecution based on inaudible audio recordings by Asst. U.S. Attorneys Stephen Kunz and Rachelle Des Vaux) and also the resignation of Asst. U.S. Attorney Del Fuoco in 2005 for investigation of extortion charges during the official performance of his duties.

12. Furthermore, in the month or two prior to the Plaintiff's arrest on September 20th 2000, former judge and at the time, elected Hills. Co. State Attorney Harry Loe committed suicide while being investigated by the Tampa media for gambling and financial misconduct and a state grand jury investigation resulted in several Hills. Co. Circuit Court Judges (Ward, Alvarez, Ficcarrotta, Holloway, etc.) resigning, retiring or being removed from the bench during the calendar years of 2000 and 2001.

13. The FOIA is intended to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire and Rubber Co., 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed. 2d 159 (1978)." Judicial Watch Inc. v. Rossotti, 326 F.3d 1309, 1310 (C.A.D.C. 2003).

5

14. The FOIA creates a strong presumption in favor of disclosure and requires this court to conduct a de novo review of the government agency's determination to withhold requested information. Davin v. U.S. Dept. of Justice, 60 F.3d 1043, 1049 (3rd Cir. 1995); Hronek v. D.E.A., 16 F. Supp. 2d 1260, 1265 (D.Or. 1998).

15. In respect to public government corruption cases, "Given the compelling evidence Plaintiff has uncovered suggesting massive government misconduct, the public interest in disclosure of this information far outweighs any privacy interest Chambers may have." Bennett v. D.E.A., 55 F. Supp. 2d 36, 42 (D.D.C. 1999).

16. Due to the foregoing facts, the Plaintiff requests this Honorable Court to order Defendants F.B.I. Public Corruption Squad and U.S. Attorney's Office to produce all files, documents and information obtained in the corruption investigation in the Hillsborough County Courthouse in Tampa, Florida, for in camera review by this Court, and order production to the Plaintiff of any documents, which contain exculpatory evidence in the Plaintiff's criminal case.

17. A proposed order is attached.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant this motion and the requested relief and any and all other relief that this Court deems just and proper.

### UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 5/30/06

_____
Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

6

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing and attached exhibits have been served by U.S. Mail to: Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St., N.W., Washington, D.C. 20530 by delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 31st day of May, 2006.

Respectfully submitted,

Steven A. McLead, Plaintiff