UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-247 (JDB) |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE ON RULING ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF TO CONDUCT DISCOVERY**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully oppose Plaintiff's request for discovery, docket entry no. [18], in this case brought under the Freedom of Information Act ("FOIA"). Defendants have no objection to Plaintiff being accorded additional time to file an opposition to Defendants' pending dispositive motion, however.

Plaintiff, a *pro se* prisoner serving a life sentence in Florida, filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida ("USAO-Tampa"), and the FBI. Both requests sought information relating to Plaintiff's state prosecution in a specifically identified case in Florida. As Defendants explained in their combined motion to dismiss or for summary judgment, nos. [15] & [16], Plaintiff failed to exhaust his administrative remedies and, therefore, his claim against DOJ should be dismissed. Moreover, because both DOJ and the FBI conducted reasonable searches and located no records responsive to his requests, the agencies are entitled to judgment as a matter of law. Plaintiff has not filed an opposition to Defendants'

dispositive motion, and his deadline to do so is June 23, 2006.

As for Plaintiff's instant motion, discovery is highly disfavored in FOIA cases generally. See Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998), aff'd in part, reversed in part, 185 F.3d 898 (D.C. Cir. 1999); Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996). Although discovery is sometimes permitted with respect to the scope of an agency's search, its indexing and classification procedures, and similar factual matters, see Weisberg v. Department of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); Schaffer v. Kissinger, 505 F.2d 389, 391 (D.C. Cir. 1974); Exxon Corp. v. FTC, 384 F. Supp. 755, 760 (D.D.C. 1974), the government must first be permitted to submit its dispositive motion and supporting affidavits and have an opportunity to rebut allegations that its affidavits are insufficient. Military Audit Project v. Casey, 656 F.2d 724, 750 (D.C. Cir. 1981); Founding Church of Scientology v. Marshals Serv., 516 F. Supp. 151, 156 (D.D.C. 1980). Discovery should be denied altogether if the Court is satisfied from the agency's affidavits that no factual disputes remain. Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), vacated in part, reh'g denied, 607 F.2d 367 (D.C. Cir. 1979).

Here, Plaintiff seeks discovery regarding the scope of the FOIA searches conducted by the FBI and DOJ, but those searches already had been adequately described in the declarations submitted by the agencies and the agencies are entitled to a ruling on the sufficiency of their declarations prior to the Court ordering discovery.

Moreover, there is nothing in Plaintiff's motion that supports the need for discovery. The closest thing to a substantial allegation is that the FBI somehow still has possession of Plaintiff's computer, having allegedly seized it in a search of Plaintiff's home. See Plf. Mot. Cont. &

Disco., no. [18], Ex. 5 at 7.  The allegation, however, is flatly contradicted by the evidence Plaintiff himself presented to support the allegation in his complaint that the computer was <u>returned</u> to the Tampa Police Department and thus is no longer in the possession of the FBI.  See Compl. ¶ 3 ("Plaintiff's computer was seized . . . and returned to the T.P.D. Property Room on September 29th, 2000. (Exh. #3, 4)."  Exhibits 3 and 4 of Plaintiff's complaint are the receipts showing exactly that.  There is no need for discovery regarding Plaintiff's computer, or for that matter, regarding any other aspect of the agencies' search for records.  Accordingly, Plaintiff's motion should be denied.  A proposed order is attached.

June 13, 2006                                    Respectfully submitted,

 

                                                KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Continuance on Ruling on Defendants' Motion to Dismiss and Motion for Summary Judgment for Plaintiff to Conduct Discovery to be served upon *pro se* Plaintiff by first class mail addressed to:

    STEVEN A. McLEOD
    R#924820
    Hamilton C.I. (Main Unit)
    10650 S.W. 46th Street
    Jasper, FL 32052

on this 13th day of June 2006.

                      /s/
              ALAN BURCH, D.C. Bar # 470655
              Assistant United States Attorney
              555 4th St., N.W.
              Washington, D.C. 20530
              (202) 514-7204
              alan.burch@usdoj.gov