UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 06-247 (JDB) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS AND INFORMATION FOR IN CAMERA REVIEW**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully oppose Plaintiff's request for production of records and *in camera* inspection, docket entry no. [20], in this case brought under the Freedom of Information Act ("FOIA").

Plaintiff, a *pro se* prisoner serving a life sentence in Florida, filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida ("USAO-Tampa"), and the FBI. Both requests sought information relating to Plaintiff's state prosecution in a specifically identified case in Florida. As Defendants explained in their combined motion to dismiss or for summary judgment, nos. [15] & [16], Plaintiff failed to exhaust his administrative remedies and, therefore, his claim against DOJ should be dismissed. Moreover, because both DOJ and the FBI conducted reasonable searches and located no records responsive to his requests, the agencies are entitled to judgment as a matter of law. Plaintiff has not filed an opposition to Defendants' dispositive motion, and his deadline to do so is June 23, 2006.

Plaintiff's motion for production and *in camera* review should be denied because it is

premature and groundless, in the light of Defendants' position that their reasonable and adequate searches located no responsive records. The purpose of *in camera* review is for the Court to assess the application of particular exemptions from FOIA and the segregability of purely factual information among the information redacted or withheld by the agencies. See 5 U.S.C. § (a)(4)(B). Here, there plainly was no responsive information withheld by the agency. While the FBI did redact certain information in the 4 pages of materials it provided to Plaintiff, the FBI made expressly clear in that production that the records were not responsive to Plaintiff's FOIA request in any event. See Hardy Dec. ¶¶ 16 & 17, and Ex. G thereto. Plaintiff has made no showing to contradict that fact. Accordingly, there is nothing to be reviewed, whether *in camera* or otherwise.

      Moreover, Plaintiff has made no showing contradicting the FBI's alternative position that its redactions were proper. See id. ¶¶ 18-43. For these reasons, Plaintiff's motion should be denied. A proposed order is attached.

June 13, 2006                                Respectfully submitted,

                                            KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

                                            /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                                            /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Production of Records and Information for in Camera Review to be served upon *pro se* Plaintiff by first class mail addressed to:

> STEVEN A. McLEOD
> R#924820
> Hamilton C.I. (Main Unit)
> 10650 S.W. 46th Street
> Jasper, FL 32052

on this 13th day of June 2006.

      /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov