UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven A. McLeod,

     Plaintiff,

        v.

U.S. Department of Justice *et al.*,

     Defendants.

Civil Action No.  06-0247 (JDB)

ORDER

In separate motions filed in this Freedom of Information Act ("FOIA") case, plaintiff

moves (1) to strike defendants' dispositive motion as an improper pleading and for sanctions, (2)

to produce records and for an  *in camera* review of withheld material, and (3) for a 90-day

continuance in ruling on defendants' motion so that he may conduct discovery.[1]  In FOIA actions,

discovery is limited to the issues surrounding an agency's processing of a request.  *See Benavides*

*v. Drug Enforcement Administration*, 968 F.2d 1243, 1249-50 (1992).  "The courts must not

grant FOIA plaintiffs discovery that would be 'tantamount to granting the final relief sought.'"

*Tax Analysts v. IRS*,  410 F.3d 715, 722 (D.C. Cir. 2005) (quoting *Military Audit Project v.*

*Casey*, 656 F.2d 724, 734 (D.C. Cir.1981)) (other citation omitted).  The propriety of defendants'

handling of plaintiff's FOIA request will be determined by consideration of the pending summary

judgment motion and plaintiff's opposition.  Plaintiff's motions to produce records and to

conduct discovery therefore are premature.

---

[1]   Plaintiff seeks a continuance pursuant to Fed. R. Civ. P. 56(f), which permits the Court
to continue proceedings for discovery "[s]hould it appear from [plaintiff's] affidavit[] that [he]
cannot . . . present by affidavit facts essential to justify [his] opposition."  *Id*.  Plaintiff's attached
affidavit is a narrative of his criminal proceedings in Florida.  It sheds no light on his purported
need for discovery with respect to these proceedings.

Plaintiff moves to strike because defendants filed a dispositive motion instead of a responsive pleading. Plaintiff's motion is baseless inasmuch as defendants may file a responsive pleading or, as done here, assert their defenses "by motion." Fed. R. Civ. P. 12(b). Defendants do not object to an enlargement of time for plaintiff to respond to their dispositive motion. Accordingly, it is

ORDERED that plaintiff's motion to strike and for sanctions [Dkt. No. 19] is DENIED; it is

FURTHER ORDERED that plaintiff's motion to produce records and to conduct an *in camera* review [Dkt. No. 20] is DENIED; it is

FURTHER ORDERED that plaintiff's motion for a continuance to conduct discovery [Dkt. No. 18] is DENIED; and it is

FURTHER ORDERED, *sua sponte*, that the time for plaintiff to respond to defendants' motion to dismiss or for summary judgment is ENLARGED. Plaintiff shall file his response by **August 25, 2006** or, as previously advised by Order of May 18, 2006, risk dismissal of the complaint.



s/
JOHN D. BATES
United States District Judge

Dated: June 26, 2006


Paper Copy to:

Steven A. McLeod
R924820
Hamilton Correctional Institution
10650 S.W. 46th Street
Jasper, FL 32052