UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
　　　Plaintiff,

PROVIDED TO
HAMILTON CI ON 6-22-06
FOR MAILING _____

VS.

Civil Action No. 06-247(JDB)

U.S. DEPARTMENT OF JUSTICE, etal.,
　　　Defendants.

_____ /

## PLAINTIFF'S MOTION FOR CHANGE OF VENUE AND TO CONSOLIDATE CASES

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure and Title 28 U.S.C. 1404(a) requesting this Honorable Court to transfer this case to the U.S. District Court, Middle District of Florida, Tampa, Florida for consolidation with the Plaintiff's Petition For Writ Of Habeas Corpus, pursuant to Title 28 U.S.C. 2254, currently pending before U.S. District Judge Steven Merryday, in Case No. 8:06-cv-794-T-23EAJ and offers the following in support thereof:

1. This cause comes before this Honorable Court, via a Freedom Of Information Act Action, pursuant to Title 5 U.S.C. 552, in which the Plaintiff sought exculpatory evidence in possession of the Defendants concerning the Plaintiff's state court criminal conviction in Case No. 00-15913, 13th Jud. Cir., Hillsborough County, Florida.

2. On April 25th, 2006, the Plaintiff filed a Petition For Writ Of Habeas Corpus, pursuant to Title 28 U.S.C. 2254, in Case No. 8:06-cv-794-T-23EAJ in the U.S. District Court, Middle District of Florida, Tampa, Florida before the Honorable U.S. District Court Judge Steven Merryday, who has entered an Order To Show Cause to the State of Florida Attorney General's Office to RESPOND.

RECEIVED

JUN 26 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

by June 27th, 2006 and provide the Court with a full copy of the lower state court proceedings, including the trial transcripts.

3. In the instant litigation, the Plaintiff has filed a Plaintiff's Motion For Production Of Records And Information For In Camera Review concerning an F.B.I. investigation into corruption in the Hillsborough County Courthouse in Tampa, Florida and the bulk of the records the Plaintiff wants reviewed would be in the possession of the F.B.I. Public Corruption Squad in Tampa, Florida.

4. In the instant litigation, the Plaintiff has filed a Plaintiff's Motion For Continuance On Ruling On Defendants' Motion To Dismiss And Motion For Summary Judgment For Plaintiff To Conduct Discovery and the bulk of the discovery would need to be conducted in Tampa, Florida.

5. On June 1st, 2006, the Plaintiff filed a Motion For Judicial Notice Of Documents Filed In Parallel Litigation (Exh. #1) in the federal habeas corpus litigation in Tampa, Florida to make that Court aware of the instant litigation and documents being filed before this Court.

6. Pursuant to Title 5 U.S.C. 552(a)(4)(B), this litigation can be brought in the District Court in which the agency records are situated and the bulk of the documents and information sought by the Plaintiff are in possession of Defendants F.B.I. and U.S. Attorney's Office in Tampa, Florida.

7. Pursuant to Title 28 U.S.C. 1404(a), this Court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses or in the interest of justice. Gherebi v. Bush, 352 F. 3d 1278 (9th Cir. 2003)

8. Since, the U.S. District Court in Tampa currently has

2

jurisdiction over the Plaintiff's state court conviction and the documents to determine what exactly constitutes exculpatory evidence in that case, as well as, the bulk of the records sought being located in Tampa, Florida, the Plaintiff would request this Honorable Court to communicate with U.S. District Judge Steven Merryday concerning the viability of transferring this litigation to the U.S. District Court in Tampa, Florida for consolidation with the Plaintiff's federal habeas corpus proceeding for the sake of judicial economy.

9. The Plaintiff is serving a copy of the instant motion on the Clerk's Office of the U.S. District Court in Tampa, Florida and the State of Florida Attorney General's Office so that all parties have notice of this motion.

10. A proposed order is attached to this motion.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant the requested relief and any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 6/22/06

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of

3

the foregoing has been served by U.S. Mail to: Clerk's Office, U.S. District Court, Middle District of Florida, 801 N. Florida Avenue, Tampa, FL 33602, Robert J. Krauss, Esq., Attorney General's Office, 3507 E. Frontage Rd., Suite 200, Tampa, Florida, 33607 and to Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St., N.W., Washington, D.C., 20530 by hand delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 23rd day of June, 2006.

Respectfully submitted,

Steven A. McLeod, Plaintiff

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN A. McLEOD,
Petitioner,

PROVIDED TO
HAMILTON CI ON _____ - 06
FOR MAILING _____

VS.

CASE NO. 8:06-cv-794-T-23EAJ

JAMES R. McDONOUGH, Sec.
Fl. Dept of Corrections, et al.
Respondents.

_____/

<u>MOTION FOR JUDICIAL NOTICE OF
DOCUMENTS FILED IN PARALLEL
LITIGATION</u>

COMES NOW, the Petitioner, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure and Federal Rules of Evidence, Rule 201(b)(2)(d) requesting this Honorable Court to take judicial notice of the attached documents filed in the litigation of <u>McLeod v. U.S. Department of Justice</u>, Case No. 06-cv-247-(JDB), in the U.S. District Court in the District of Columbia in Washington, D.C. because of related subject matter with the instant litigation filed in the above-styled cause and offers the following in support thereof:

1. This cause is currently before this Honorable Court via a Petition For Writ of Habeas Corpus, pursuant to Title 28 U.S.C. 2254, concerning the Petitioner's state court criminal conviction in Case No. 00-15913, 13th Judicial Circuit Court, Hillsborough County, Florida.

2. The Petitioner is also the Plaintiff in a Freedom of Information Act litigation, pursuant to Title 5 U.S.C. 552(a), in a case titled, <u>McLeod v. U.S. Department of Justice, et al.</u>, in Case No. 06-cv-247-(JDB) in the U.S. District Court, in Washington, D.C.

3. The Plaintiff has attached to the instant motion, a Motion For Production Of Records And Information For In Camera Review, Plaintiff's Motion For Continuance On Ruling On Defendants Motion To Dismiss And Motion For Summary Judgment For Plaintiff To Conduct

1

Discovery and a Plaintiff's Motion To Strike Defendants Motion To Dismiss And Motion For Summary Judgment And Motion For Sanctions being filed in the FOIA litigation because the Petitioner has learned of a federal investigation being conducted by the F.B.I. Public Corruption Squad in Tampa, Florida, into corruption in the Hillsborough County Courthouse and this investigation and the FOIA litigation can have a significant impact on the grounds for relief in the federal habeas corpus petition currently pending before this Court.

4. In U.S. v. Jones, 29 F.3d 1549, 1553, (11th Cir. 1994), the court of appeals held that judicial notice by a court of a document filed in another court may be taken "not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Jones, 29 F.3d at 1553; quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2nd Cir. 1992).

5. The Jones Court specifically stated: "Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents on the subject matter of the litigation." Jones, 29 F.3d at 1553.

6. The Petitioner is filing in this Court and serving on the Respondent's counsel, the complete motions, with attached exhibits and proposed orders, being filed in the FOIA litigation because it is the normal practice and procedure of the U.S. District Court, in Washington, D.C., to only provide notice of electronic filings for rulings on motions by the federal court, instead of actual executed orders, and a proposed order for this motion is attached.

7. In the instant litigation, this Court entered an Order dated May 11th, 2006, providing the Respondent's forty-five (45) days to respond to the Petition in this case and the Petitioner wanted to provide ample opportunity for the

2

counsel of the Respondent to review the attached documents, in considering its response, to avoid any unnecessary delays in this litigation.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant this motion and take judicial notice of the attached documents and any orders by the court in the FOIA litigation and grant any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 5/31/06

Steven A. McLead, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing and the attached motions, exhibits and proposal orders are being served by U.S. Mail to: Robert J. Krauss, Chief Asst. Attorney General, Attorney General's Office, Concourse Center Four, 3507 E. Frontage Road, Suite 200, Tampa, FL 33607 by delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit), on this 1st day of June, 2006.

Respectfully submittal,

Steven A. McLead, Pro Se

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


STEVEN A. MCLEOD
      Plaintiff,

                                  CIVIL ACTION NO: 06-247 (JDB)

v.

U.S. DEPARTMENT OF JUSTICE, et al..
      Defendants.
_____/


<u>ORDER</u>


      THIS CAUSE, having come before this Honorable Court, pursuant to Plaintiff's Motion for Change of Venue and to Consolidate Cases, is hereby **ORDERED and ADJUDGED:**

1. The Plaintiff's Motion for Change of Venue and to Cosolidate Cases is hereby **GRANTED.**

2. The Clerk of this Court is hereby directed to imeadiately transfer the court file in this litigation to the Clerk, U.S. District Court, Middle District oF Florida, Tampa Division for Consolidation with Case No. 8:06-cv-794-T-23EAJ, McLeod vs. McDonough, et al.


      **DONE AND ORDERED** in chambers on this ___ day of _____, 2006.


                                        _____
                                        John D. Bates, U.S. District Judge