UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
  Plaintiff,

vs.                                     Civil Action No.: 06-247 (JDB)

U.S. DEPARTMENT OF JUSTICE, et al.,
  Defendants.
_____/

PROVIDED TO
HAMILTON CI ON 6-22-06
FOR MAILING ___JCH___

PLAINTIFF'S MOTION TO PROVIDE DEFENDANT'S 21 DAY SAFE HARBOR PERIOD BEFORE RULING ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SANCTIONS OR IN THE ALTERNATIVE PROCEED ONLY ON COSTS AND SANCTIONS UNDER TITLE 28 U.S.C. 1927

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, requesting this Honorable Court to provide the Defendant's the 21-day grace period provided for under Rule 11 (c)(1)(A), Fed. R. Civ. P. to withdraw the Defendant's Motion To Dismiss And Motion For Summary Judgment filed in the above-styled cause and offers the following in support thereof:

1. This cause comes before this Honorable Court, via a Freedom Of Information Act Action, pursuant to Title 5 U.S.C. 552, concerning exculpatory information in the possession of the Defendants.

2. The Defendant's filed a Motion To Dismiss And Motion For Summary Judgment claiming the Plaintiff had failed to exhaust his administrative remedies and the DOJ and FBI had conducted reasonable searches of records in respect to the Plaintiff's FOIA request, which is patently false as a matter of law and matter of fact.

RECEIVED
JUN 26 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3. On May 31st, 2006, the Plaintiff filed a Plaintiff's Motion To Strike Defendant's Motion To Dismiss And Motion For Summary Judgment And Motion For Sanctions setting forth the applicable case law and exhibits proving the Defendants position was frivolous, seeking Rule 11, Fed. R. Civ. P. and Title 28 U.S.C. 1927 sanctions and concedingly served the Defendants on the same date as the Motion To Strike was filed.

4. On June 13th, 2006, even after being provided notice of the sanctionable position in the Defendant's Motion To Dismiss And Motion For Summary Judgment, the Defendants filed three (3) additional motions maintaining the Plaintiff had failed to exhaust his administrative remedies and the searches were reasonable in documents titled, Defendants' Opposition To Plaintiff Motion For Production Of Records And Information For In Camera Review, Defendants Opposition To Plaintiff's Motion For Continuance On Ruling On Defendants Motion To Dismiss And Motion For Summary Judgment For Plaintiff To Conduct Discovery, and Defendants' Motion To Enlarge Time To File Opposition To Plaintiff's Motion To Strike Defendants' Motion To Dismiss And Motion For Summary Judgment And Plaintiff's Motion For Sanctions, which all now become sanctionable.

5. The district court has the authority to grant the defendants the 21-day safe harbor period before proceeding with sanctions under Rule 11(c)(1)(A) because the rule specifically provides:"...(or such other period as the court may prescribe)..." Pannonia Farms, Inc. v. USA Cable, 426 F.3d 650, 652 (2nd Cir. 2005).

6. Furthermore, inasmuch as the Plaintiff seeks costs, under Title 28 U.S.C. 1927 in the Plaintiff's Motion To Strike Defendants' Motion To Dismiss And Motion For Summary Judgment And Plaintiff's Motion For Sanctions, the 21-day safe harbor period, pursuant to Rule 11(c)(1)(A), Fed. R. Civ. P. does not apply. Steinart v. Winn Group, Inc., 440 F.3d 1214, 1223 (10th Cir. 2006); Harris v. Franklin Williamson Human Services, Inc., 97 F. Supp. 2d 892, 910 (S.D. Ill. 2000).

2

7. Moreover, if the Defendants do not withdraw the Motion To Dismiss And Motion For Summary Judgment, as well as, the three (3) motions filed on June 13th, 2006, when the Defendants file their response to the Plaintiff's Motion To Strike on June 28th, 2006, the Plaintiff would request this Court to provide harsher sanctions for egregiously filing patently false motions on a frivolous position after being placed on proper notice by the Plaintiff's Motion To Strike because it would be a continuing violation.

8. The Plaintiff requests this Honorable Court to grant the requested relief of providing the Defendants the 21 day safe harbor period, under Rule 11(c)(1)(A), Fed. R. Civ. P. or to proceed solely on the costs sanction under Title 28 U.S.C. 1927.

9. A proposed order is attached to this motion.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant the requested relief and any and all other relief that this Court deems just, proper and equitable.

### UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct, under penalty of perjury.

DATED: 6/21/06

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

### CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the

3

foregoing has been served by U.S. Mail to: Alan Burch, Esq. U.S. Attorney's Office, 555 4th St., N.W., Washington, D.C. 20530 by hand delivery to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 22nd day of June, 2006.

Respectfully submitted,

_____
Steven A. McLeod, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. MCLEOD
    Plaintiff,

CIVIL ACTION NO: 06-247 (JDB)

v.

U.S. DEPARTMENT OF JUSTICE, et al..
    Defendants.
_____/

## ORDER

THIS CAUSE, having come before this Court, via Plaintiff's Motion to provide Defendant's 21 day safe harbor period before ruling on Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Motion to Dismiss and Plaintiff's Motion For Sanctions or in the alternative proceeding only on cost and sanctions under Title 28 U.S.C. 1927, it is hereby **ORDERED and ADJUDGED:**

1. The above-referenced Plaintiff's Motion is hereby **GRANTED.**

2. The Defendant shall have a 21 day grace period to take the appropriate action, if any, before this Court will rule on the Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Motion for Summary Judgment and Plaintiff's Motion for Sanctions, pursuant to Rule 11 (c) (1) (a), Fed. R. Civ. P.

**DONE AND ORDERED** in chambers on this ___ day of _____, 2006.

_____
John D. Bates, U.S. District Judge