UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 06-247 (JDB) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR CHANGE OF VENUE AND TO CONSOLIDATE CASES**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully oppose Plaintiff's request to transfer this case to the U.S. District Court for the Middle District of Florida and consolidate it with his allegedly pending petition for *habeas corpus*, see docket entry no. [26].

Plaintiff, a *pro se* prisoner serving a life sentence in Florida, filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida and the FBI. Both DOJ and the FBI conducted reasonable searches and located no records responsive to his requests. See Defs. Mot. Sum. J., docket entry no. [15]. Plaintiff has not filed an opposition to Defendants' dispositive motion, and his deadline to do so is August 25, 2006, per this Court's order of June 26, 2006, docket entry no. [24].

As for Plaintiff's instant motion, transfer makes little or no sense for several reasons. As an initial matter, it is not all clear that the statutory authority cited by Plaintiff would permit a FOIA case to be consolidated with a petition for *habeas corpus*. Undersigned counsel is unaware

of any examples of such a hybrid civil action.  Accord Ferguson v. FBI, No. 89-5071, 1992 WL 229958 (S.D.N.Y. Sep. 2, 1992) (denying motion to consolidate FOIA and *habeas* claims), aff'd, 996 F.2d 302 (2d Cir. 1993), vacated on other grounds, No. 92-6272 (2d Cir. July 19, 1993).

Second, there is no apparent reason why Plaintiff could not have anticipated the need or desirability of litigating his instant FOIA claim in Florida prior to filing it here in D.C.  It is not without cost that this Court and this Office have now devoted resources to adjudicating this case, and that expense would be wasted because a midstream transfer would require the transferee district court and U.S. Attorney's Office to duplicate that effort familiarizing themselves with the case.

Third, there is no reason to think that the Middle District of Florida would have superior expertise than this Court to adjudicate his FOIA claims.  After all, because venue for all FOIA cases is proper in D.C., this Court hears a disproportionately large share of all FOIA cases nationwide and so this Court is at least as capable of resolving Plaintiff's FOIA claims as any other federal district court.

Fourth, in this case, the agencies have raised a defense of no records, and there is no reason why this defense would be more readily resolved by the district court in Florida than this Court.  Indeed, Plaintiff again implies the existence of responsive records by claiming that they "are located" in Florida, but again provides no evidence for the assertion.  Resolution of this issue necessarily means ruling on Defendants' dispositive motion anyway and the better course for doing that is to do so directly, i.e., by consideration of any opposition Plaintiff may choose to file to Defendants' pending dispositive motion.

Finally, prisoners petitioning for a writ of *habeas corpus* are not generally entitled to

discovery, see Rule 6 of Rules Governing *Habeas Corpus* Proceedings, reprinted in Federal Civil Judicial Procedure and Rules, at 323 (West 2006 ed.); accord Williams v. Taylor, 529 U.S. 420 (2000). There is no evidence in the record here showing either that the Florida district court has permitted discovery or that it should. Thus, there is no reason to think that any allegedly ongoing discovery in his *habeas* case would overlap with the FOIA issues in such a way as to result in judicial economy from transferring the case.

July 12, 2006                                    Respectfully submitted,

                                                                                 
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Change of Venue and to Consolidate Cases to be served upon *pro se* Plaintiff by first class mail addressed to:

> STEVEN A. McLEOD
> R#924820
> Hamilton C.I. (Main Unit)
> 10650 S.W. 46th Street
> Jasper, FL 32052

on this 12th day of July 2006.

                                                /s/
                                      ALAN BURCH, D.C. Bar # 470655
                                      Assistant United States Attorney
                                      555 4th St., N.W.
                                      Washington, D.C. 20530
                                      (202) 514-7204
                                      alan.burch@usdoj.gov