UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
Plaintiff,

PROVIDED TO
HAMILTON CI ON 7-7-06
FOR MAILING _____

VS.

CASE NO. 06-cv-0247(JDB)

U.S. DEPARTMENT OF JUSTICE, et al.,
Defendants.
_____/

### NOTICE OF FILING MISSING PAGE

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, filing the attached page, which was omitted during copying, and is Page 10 of the Affidavit Of Steven A. McLeod, attached to the Plaintiff's Motion For Continuance For Ruling On Defendants Motion To Dismiss And Motion For Summary Judgment dated May 30th, 2006, and filed in this case. The Plaintiff apologizes for any inconvenience for this error.

### CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served to: Alan Burch, Esq., U.S. Attorney's Office, 555 W. Fourth St., N.W., Washington, D.C. 20530 and for filing in Case No. 8:06-cv-794-T-23EAJ by the Clerk's Office, U.S. District Court 801 N. Florida Avenue, Tampa, FL 33602 and to Robert J. Krauss, Attorney General's Office, Concourse Center Four, 3507 E. Frontage Rd, Suite 200, Tampa, FL 33607 by hand delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on 7th day of July, 2006.

Respectfully submitted,

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

RECEIVED
JUL 24 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

autopsy before cremation occurs.

29. Due to my previous experience of studying F.B.I. patterns and investigative techniques, the fact Ms. Rossomondo "died" on February 14th, 2004, the presence of the F.B.I. agent in the courtroom during the February 4th, 2004 hearing when Ms. Rossomondo made multiple false statements while under oath, the comment by the male F.B.I. agent during my interview here and the lack of an autopsy report, I had a well-founded, reasonable belief that Suzanne Rossomondo was not deceased, but had been placed in the Federal Witness Protection Program. My experience in studying the F.B.I. investigation techniques provided the basis to believe the F.B.I. agent in the courtroom on February 4th, 2004 obtained the cell phone records of Ms. Rossomondo and Ms. Richardson and then confronted Ms. Rossomondo with her perjury to obtain her cooperation in the F.B.I. corruption investigation at the Hillsborough County, Florida Courthouse. The F.B.I. technique of using cremation for witnesses who cooperate in federal investigations and placement in the Federal Witness Protection Program is a common technique because there is no concern of an open casket funeral or a gravesite service and no one ever checks to verify the death, due to grief for the "decedent," so the person effectively disappears.

30. In early March of 2005, I received an Order Denying Motion For Rehearing (Exh #16) from my criminal case in Tampa, Florida, which stated: "On February 7th 2005, Defendant appeared in court and argued the instant Motion." and also, "...and considering the parties arguments, the Court finds the Defendant is not entitled to any relief on the instant Motion." Since I knew I was at Hamilton C.I. (Main Unit) in Jasper, Florida on February 7th, 2005 and not Tampa, Florida, I obtained a copy of the transcript (Exh #17) which verified that I was in prison that day and didn't make any arguments in court.

31. After the interview with the F.B.I. agents on September

10