UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
    Plaintiff,

PROVIDED TO
HAMILTON CI ON 7-7-06
FOR MAILING

VS.

CASE NO. 06-cv-0247 (JDB)

U.S. DEPARTMENT OF JUSTICE, et al.
    Defendants.
_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, Rule 54(b), requesting this Honorable Court to grant reconsideration of the Order dated June 26th, 2006 and offers the following in support thereof:

    The Defendants have filed a Motion To Dismiss And Motion For Summary Judgment in this case as a responsive pleading in the Plaintiff's FOIA action. The Plaintiff filed a Motion To Strike And For Sanctions directed at the Defendant's responsive pleading as well as a motion for continuance and motion to produce records for in camera inspection.

    On June 26, 2006, this Honorable Court entered an Order denying the Plaintiff's Motion To Strike And For Sanctions, as well as, the motions concerning discovery and in camera. In the order by this Court, it stated the Plaintiff filed the motion "to strike because the defendants filed a dispositive motion instead of a responsive pleading" and held that the Plaintiff's motion was baseless because the defendants may file a responsive pleading or assert their defenses by motion.

    A motion to grant reconsideration of a non-final order falls within the sound discretion of the district court and may be granted under Rule 54(b), Fed. R. Civ. P. when justice requires. Cobell v. Norton,

1

RECEIVED
JUL 24 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

355 F. Supp. 2d. 531, 540 (D.D.C. 2005); Lewis v. U.S., 290 F. Supp 2d. 1, 3 (D.D.C. 2003). It is apparent from the Order dated June 26th, 2006, that this Honorable Court misunderstood the basis of the Plaintiff's motions so the Plaintiff requests reconsideration.

First, the Plaintiff wants this Honorable Court to clearly understand that the Plaintiff realizes the Defendants can file their defenses by motion, instead of by a responsive pleading. What the Plaintiff takes exception to is the Defendants filing for two (2) thirty day extensions of time and then filing a Motion To Dismiss And Motion For Summary Judgment, which are clearly meritless and frivolous as a matter of law. In the declarations attached to the Defendants motion, the declarants went to great lengths to describe their qualifications to respond and it is well known the U.S. Attorney's Office in Washington, D.C. has some of the best attorneys in the United States of America so ignorance is not a defense here by the Defendants. If a pro se prisoner can figure it out, then clearly experienced government lawyers can after having ninety (90) days total to do so.

For example, the Defendants counsel filed a Motion To Dismiss based on the Plaintiff not exhausting his administrative remedies, in respect to the Defendant DOJ. Over two months had passed since the twenty (20) day deadline for the DOJ to respond to the Plaintiff's FOIA request. In a response dated January 17th 2006, and postmarked on January 18th, 2006, in Washington, D.C., Defendant DOJ asked the Plaintiff for additional information. On January 18th 2006, the Plaintiff in Jasper, Florida mailed the FOIA Action to this Court. Under the binding caselaw on this Court and Defendants counsel, once the time limit to respond under Title 5 U.S.C. 552 (a)(6) has passed suit can be filed when the requester has not received the agency's response. Oglesby v. U.S. Dept. of Army, 920 F. 2d 57, 64 (C.A.D.C. 1990). Defendants counsel cited the Oglesby decision in the memorandum of law attached to the motion to dismiss. It is obvious the motion to dismiss

2

was meritless because the Plaintiff could not have received the response from Defendant DOJ on the same day it was mailed, and the FOIA action was filed, and Defendants counsel had 90 days to investigate this defense. The Defendants had the right to present their defenses by motion but this right does not include meritless and frivolous responses of fact and as a matter of law. The Plaintiff filed this litigation under expedited procedures and the Defendants are filing meritless motions.

In respect to the Defendants Motion For Summary Judgment, Defendants counsel attached the declaration of Defendant F.B.I. by David M. Hardy and Defendant DOJ David Luczynski and Christina Griffiths had declarations attached concerning computer record searches. The original FOIA requests were made to Robert O'Neill of the U.S. Attorney's Office in Tampa, Florida and the F.B.I. Public Corruption Squad in Tampa, Florida. In the FOIA action filed by the Plaintiff, it specifically alleged the forensics were performed on the Plaintiff's computer by the F.B.I. office in Tampa, Florida, (Paras. 3-5), that Asst. U.S. Attorney James Muench was present at the Plaintiff's sentencing and was informed of evidence tampering to obtain the Plaintiff's conviction, (Para. 8), a request for a federal investigation was forwarded to the F.B.I. Public Corruption Squad in Tampa, Florida and Asst. U.S. Attorney Robert O'Neill was in charge of the investigation (Para. 9) and that Asst. State Attorney Suzanne Rossomondo was placed in the F.B.I. Witness Protection Program as a result of the F.B.I. investigation. (Para. 12)

It is well-founded in law that if computerized record searches fail to produce responsive records, then the specific agency locations and personnel must be contacted for the search to be deemed adequate for summary judgment purposes. <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 328 (C.A.D.C. 1999).

In the case at bar, the Declarations of David Luczynski,

3

David Hardy and Christina Griffiths clearly show the specific personnel or offices were never contacted. An agency must search for records by contacting the particular offices and personnel for the search to be deemed adequate. <u>Gallace v. U.S. Dept. of Agriculture</u>, 273 F.Supp.2d 53, 60 (D.D.C. 2003). In respect to the Declaration of Christina Griffiths, a paralegal specialist in the U.S. Attorney's Office in Tampa, Florida, she never contacted Asst. U.S. Attorney's Robert O'Neill or James Muench. A paralegal specialist for the U.S. Attorney's Office must contact personnel in the specific agency of their office if the computerized record search does not reveal responsive records. <u>Jackson v. U.S. Attorney's Office</u>, 362 F.Supp.2d 39, 41 (D.D.C. 2005) citing <u>Valencia-Lucena</u>. In a published opinion, this Honorable Court cited the same premise and the <u>Valencia-Lucena</u> decision in another case. <u>Wilson v. D.E.A.</u>, 370 F.Supp.2d 282 (D.D.C. 2005).

    All of the above cases are exactly on point. The Plaintiff does not have a problem with the Defendants filing defenses by motion but under Rule 11, Fed. R. Civ. P., the Defendants counsel has a responsibility of filing motions with at least arguable merit. The Defendants Motion To Dismiss And Motion For Summary Judgment are clearly legally insufficient and meritless so they should be stricken.

    In turning to the issue concerning conducting discovery the Plaintiff's point is that if the Defendants are not going to contact their own agency personnel concerning the existence of responsive records then the Plaintiff should be able to do so to determine if the records exist. Discovery is only appropriate in FOIA actions when the agency has not taken adequate steps to uncover responsive documents. <u>Safecard v. Securities and Exchange Com'n</u>, 926 F.2d 1197, 1202 (D.A.D.C. 1991) In <u>Campbell v. U.S. Dept. of Justice</u>, 193 F.Supp.2d 29, 35 (D.D.C. 2001), the

4

court held that discovery was appropriate since the FBI utterly failed to carry its burden of demonstrating that it undertook a reasonably calculated search to uncover relevant documents. Id.

For example, in the initial complaint in this case, the Plaintiff alleged that his computer was in possession of the F.B.I. who performed the forensic analysis in the Plaintiff's criminal case. In the Defendant's Opposition To Plaintiff's Motion For Continuance On Ruling On Defendants Motion To Dismiss And Motion For Summary Judgment For Plaintiff To Conduct Discovery, Defendants Counsel takes the position that the Plaintiff has somehow suggested the F.B.I. is still in possession of his computer. This statement by Defendants counsel is ridiculous because the Plaintiff obviously knows the location of his computer. The question the Plaintiff is trying to answer some six (6) years later is <u>who</u> in F.B.I. performed the forensics analysis and obtain a copy of the report of Det. Sheehan in his capacity of an F.B.I. Task Force member. If the Defendants don't want to contact the F.B.I. office in Tampa to find out if the records exist, then the Plaintiff should be able to ask Det. Sheehan in a deposition.

The request for an investigation by Hills. Co. Commission Chairman Tom Scott, which originated from the Plaintiff, was mailed to the F.B.I. Public Corruption Squad in Tampa, Florida and the Plaintiff wrote them and Asst. U.S. Attorney Robert O'Neill several letters about this investigation. The F.B.I. office in Tampa, Florida and the U.S. Attorney's Office was where the FOIA request was directed but they have failed to provide ANY documents to the Plaintiff, even though the F.B.I. has admitted to having conducted an investigation into corruption in the Hillsborough County Courthouse in Tampa, Florida. If the Defendants don't want to contact these offices or personnel to determine if the records exist, which goes to adequacy of the search, then the Plaintiff should be able to do so.

Furthermore, the Court's finding in footnote 1 that the affidavit in support of conducting discovery pursuant to Rule 56(f), Fed. R. Civ. P., is a narrative of his criminal proceedings in Florida is incorrect. The Plaintiff has been pursuing a federal investigation into criminal misconduct by the police officers, prosecutors, judges and defense attorney in the state court proceedings since December of 2003. The Defendant F.B.I. Public Corruption Squad has admitted to conducting an investigation into corruption in the Hillsborough County Courthouse in Tampa, Florida. The express purpose of the FOIA litigation is, and has always been, to obtain the fruits of the F.B.I. investigation as it pertains to misconduct in the Plaintiff's criminal case. None of the declarations by the Defendants specifically deny the F.B.I. was not investigating the criminal misconduct by court participants to obtain the Plaintiff's conviction.

Finally, the Court's Order of June 26th 2006 was premature. The Defendants had sought an extension of time to file a response to the Plaintiff's Motion To Strike And Motion For Sanctions but the Court ruled prior to the Defendants response. This fact places the Defendants counsel in a difficult position because now no matter what occurs for the remainder of this litigation, the Plaintiff fully intends to appeal the denial of sanctions, if the Defendants do not withdraw or correct the Motion To Dismiss And Motion For Summary Judgment to establish the Rule 11, Fed. R. Civ. P., standards in respect to FOIA litigations. The question has become whether the Defendants will withdraw the motion or face sanctions as a result of a decision by the circuit court of appeals because the motion is clearly frivolous and ignorance is not a defense.

WHEREFORE, the Plaintiff prays that this Honorable Court will grant reconsideration and any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 7/6/06

Steven A. McLeod, DC#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St., N.W., Washington, D.C. 20530, by hand delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. (Main Unit) on this 7th day of July, 2006.

Respectfully submitted,

Steven A. McLeod, ProSe

7