UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
　　Plaintiff,

PROVIDED TO
HAMILTON CI ON 7-24-06
FOR MAILING_____

VS,

CASE NO. 06-cv-247(JDB)

U.S. DEPARTMENT OF JUSTICE, et al,
　　Defendants.

_____/

RECEIVED

JUL 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE AND TO CONSOL-IDATE CASES

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, requesting this Honorable Court to consider the following reply to the Defendants Opposition To Plaintiff's Motion For Change Of Venue And To Consolidate Cases filed in the above-styled cause and offers the following in support thereof:

In the opposition motion filed by the Defendants, there were five basic reasons used to oppose the Plaintiff's request for change of venue, which are patently incorrect and demonstrate the exact reasons why venue needs to be changed. It is obvious from this opposition motion that Defendants counsel is totally ignorant concerning the substantive issues raised in the federal habeas corpus petition currently pending in the U.S. District Court in Tampa, Florida. This Court should realize that when the Plaintiff's allegations are substantiated the resulting ramifications will be felt all the way to the White House and the careers of many Justice Department officials will be effectively over. The Plaintiff has already reached his goal for filing this litigation, which was to obtain an admission from the Defendants that an investigation was being conducted by the F.B.I. Public Corruption Squad in Tampa,

1

Florida, into corruption in the Hillsborough County Courthouse and interviewed the Plaintiff as a result of that investigation. When the Plaintiff's allegations are proven that the F.B.I. and U.S. Attorney's Office in Tampa, Florida suppressed the results of the investigation into case fixing in Tampa and then made false representations to this Court about no records existing, then the resulting scandal will have serious career implications for the participants, Irregardless of whether this Court allows change of venue or discovery in this case will no longer inhibit the truth from being revealed.

First, in the Defendants opposition motion, the reason used not to change venue is that it isn't clear if the cases can be transferred and consolidated. The Defendants attempt to cite an unpublished opinion to support the contention that habeas corpus and FOIA proceedings cannot be consolidated but unpublished opinions have no legal precedential value and there is no caselaw which prohibits the consolidation.

Second, the Defendants claim there isn't any reason why the Plaintiff couldn't have anticipated the need or desirability of filing this litigation in Florida and judicial resources will have been wasted by the transfer of the litigation. The law library at Hamilton C.I. has a minor collection of legal resources and access to federal caselaw is by Westlaw Premise, There are no federal statutes other than those contained in federal criminal and civil rules and laws, so the Plaintiff did not receive a copy of Title 5 U.S.C. 552 until obtaining a copy from the University of Miami Law Library on April 13th, 2006, (Exh. #1). This process usually takes 11 months to receive statutes in this manner.    The Plaintiff didn't receive the FOIA statute until 3 months after filing this litigation and sought expedited review procedures in this Court. The Plaintiff didn't know the litigation could be filed in Tampa, Florida, until receiving the statute but learned it could be filed in Washington, D.C. by reading caselaw, There will be no need for other attorneys in the U.S. Attorney's Office

in Tampa, Florida because attorneys from other jurisdictions are routinely allowed to appear in various federal courts so current counsel can continue since court appearances are rare.

Thirdly, the Defendants oppose transfer because this district court hears a disproportionately large share of all FOIA cases so this court is at least as capable as resolving the FOIA claims as any other federal court. The Plaintiff is seeking exculpatory evidence in the possession of the F.B.I. Office and U.S. Attorney's Office in respect to the federal corruption investigation in Tampa, Florida. For this Court to determine what constitutes "exculpatory evidence" would require duplicating the efforts of obtaining the Plaintiff's state court criminal files and reviewing them. This issue will also be addressed later in this reply.

Fourthly, the Defendants have raised a defense of no records which remains to be seen because this Court has not ruled on the Defendants dispositive motion. This Court should be aware that the Plaintiff has initiated a new FOIA request to Defendant F.B.I. Public Corruption Squad in Tampa, Florida concerning the records of the entire corruption investigation in the Hillsborough County Courthouse in Tampa, Florida. (Exh.#2) This request was filed on June 28th, 2006 and the ten (10) day period under Title 5 U.S.C. (a)(6)(A)(i) has lapsed and the F.B.I. Public Corruption Squad in Tampa, Florida has failed to respond, so the Plaintiff is drafting a new FOIA Action to file in the U.S. District Court in Tampa, Florida.

Finally, the Defendants oppose transfer due to the Plaintiff not being entitled to discovery, under Rule 6 of Rules Governing Habeas Corpus Proceedings, which is patently false. The Plaintiff has set forth substantial allegations of ineffective assistance of counsel concerning trial counsel failing to discover evidence tampering and planting by police officers and prosecutors, the failure to obtain exculpatory evidence from the Plaintiff's computer or call Det. Sheehan or the F.B.I. analyst as a witness and a due process of law claim concerning the introduction

3

by Asst. State Attorney Suzanne Rossomondo and Asst. U.S. Attorney James Muench at the Plaintiff's sentencing (Exh #3). During opening argument, trial counsel Ursula Richardson, informed the jury they would here about an incident at the Plaintiff's residence on Dakota Avenue, near Gandy Blvd. and Manhattan Blvd. On the night of Hurricane Gordon. The Plaintiff's residence on Dakota Avenue was 13 MILES from the intersection of Gandy and Manhattan Blvds. and on the night of the alleged offenses, September 20th, 2000 Hurricane Gordon was off the coast of ATLANTIC CITY, NEW JERSEY, not Tampa, Florida.

Shortly after the Plaintiff's conviction, Ms. Richardson began prosecuting people for the State Attorney's Office in the same courtroom the Plaintiff was convicted in. It was Tampa Police Department detectives involved in the evidence planting and tampering to obtain the Plaintiff's conviction and now Ms. Richardson is employed by the Tampa City Attorney's Office who represent the Tampa Police Department. If the Plaintiff can show Ms. Richardson collaborated with prosecutors to obtain his conviction, then the Plaintiff would be entitled to have the convictions vacated <u>and</u> the charges dismissed, <u>U.S. v. Marshank</u>, 777 F. Supp. 1507 (N.D. Cal. 1991); citing <u>U.S. v. Russell</u> 411 U.S. 423, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973).

Since the Defendants have admitted conducting an investigation into corruption at the Hillsborough County, Florida Courthouse and interviewing the Plaintiff during the investigation, the Plaintiff will be granted wide latitude in conducting discovery pursuant to Rule 6, Rules Governing Habeas Corpus Proceedings under the U.S. Supreme Court decision in <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997).

The <u>Bracy</u> decision was based on a criminal defendant, whose trial judge was implicated in corruption by fixing other cases. The defendant sought sealed trial transcripts

4

of the judge's trial, reasonable access to the prosecutions materials, opportunities to depose persons associated with the judge and a chance to search the judge's rulings for a pattern of pro-prosecution bias. The district court denied the discovery requests under Rule 6(a) and the U.S. Supreme Court reversed holding that while the contentions were only theories, the petitioner had shown good cause under Rule 6(a) because if the facts were fully developed he could demonstrate an entitlement to relief. Bracy, 520 U.S. 909-910, 117 S. Ct. at 1799.

The U.S. District Court in Tampa, Florida is familiar with the documents of the Plaintiff's state criminal case, is well aware of the long history of corruption in the Hillsborough County Courthouse, the relationship between the Hillsborough County State Attorney's Office and U.S. Attorney's Office and the problems with the issues of prosecutorial misconduct in the U.S. Attorney's Office at the time of the Plaintiff's criminal conviction. Under Title 28 U.S.C. 2254(e), the state court rulings are presumed correct unless rebutted by clear and convincing evidence. Since, the Defendants in this litigation have admitted to conducting an investigation into corruption in the Hillsborough County Courthouse and the interview with the Plaintiff during the investigation, the Plaintiff under Bracy will have wide latitude into conducting discovery pursuant to Rule 6(a), Rules Governing Habeas Corpus Proceedings.

The motion for change of venue should be granted to stop duplicate efforts by this Court and the Court in Tampa, Florida. The discovery in the habeas corpus litigation will be wider than requested in this litigation and the truth will eventually be revealed. These are the reasons why the Plaintiff has continually attempted to have the Defendants Motion To Dismiss And Summary Judgment stricken. Defendant's counsel has taken a position which cannot be maintained in integrity and there will be no excuses when the truth is revealed. The Plaintiff requests this Court to grant the change of venue.

5



UNIVERSITY OF

4/13/06

Mr. McLeod:

To Whom it May Concern:

       The Law Library cannot fulfill your request for documents. Regretfully, we can not provide research or reference services. If you supply citations for the material you require, we will attempt to supply copies of materials in our collection.

                                        Thank You
                                        The University of Miami
                                        Law Library Reference
        $5 USC \S 552$                   And Document Delivery
                                        Staff

    Our staff provides services to prisoners after all of our normal
    work is done. There is no department that handles prisoner re-
    quests on a full time basis. We do NOT adhere to deadlines and
    schedules. Current turn around time for any answer is 11 months.
    Aside from this request, we take the letters to be answered in
    the order in which they are received.  We do not do research and
    we will not make copies of anything over 100 pages.
    Letters are not answered by anyone person.

    If you need faster service please find another source of information bec-
    ause we cannot make any guarantees as to completing a request for
    information by a specific date or time.

                                        Exh #1

June 28th, 2006

Steven A. McLeod, D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

F.B.I. Public Corruption Unit
5525 W. Gray St.
Tampa, FL 33609

RE: FOIA Request

PROVIDED TO
HAMILTON CI ON 6-28-06
FOR MAILING _____ SM

F.B.I. Public Corruption Unit,

God's grace and peace to you in Jesus name! This letter is my official request, under the Freedom Of Information Act, pursuant to Title 5 U.S.C. 552 for any and all information obtained during the investigation by your office into corruption in the Hillsborough County Courthouse in Tampa, Florida in 2004 to date. Under DOJ FOIA regulations 28 C.F.R. Sections 16.3(a) and 16.41(a), this request is being made directly to your office, since your office possesses the information I seek, from 2004 to date.

I am specifically requesting any and all reports, records or information of this investigation, including witness interviews, names of cooperating witnesses, electronic surveillance (wiretaps & phonetaps) and the names of targets of this investigation. This request includes, but is not limited to, any information concerning investigation of Hillsborough County State Attorney Mark Ober, Asst. Hills. Co. State Attorney Michael Sihqeore, Asst. Hills. Co. State Attorney Suzanne Rossomando Kreis, Hills. Co. Public Defender Julianne Holt, former Asst. Public Defender Ursula Richardson, Hills. Co. Circuit Court Judge Jack Espinosa, Jr., Hills. Co. Circuit Court Judge Wayne Timmerman, Tampa Police Detective Scott Wolfe, Tampa Police Detective John Yaratch and Tampa Police Det. Robert Sheehan,

Pursuant to Title 5 U.S.C. 552(a)(6)(A)(i) your office has ten (10) days (except Saturdays, Sundays and legal public holidays) to respond after receiving this request. Pursuant to Title 5 U.S.C. 552(a)(6)(C), the failure to respond within ten (10) days, means I am deemed to have exhausted my administrative remedies and can file suit at any time. Please govern yourselves accordingly. Thank you and God bless.

IN Christ,

cc: file

Exh. #2

# AFFIDAVIT

On March 23rd, 2001, in Hillsborough County Corthouse, Courtroom #7. I was at the sentencing For Steven A McLeod sitting in the front row of seats third down from the end . There was a man sitting in the end seat, Ms. Susan Rossomondo came over and was talking to him about Mr. McLeod's case and sentencing. Ms. Susan Rossomondo than motioned for Detective Wolfe to come over to them and when he did, Ms. Rossomondo introduced Detective Wolfe to this man as "this is the detective that tied the knots in the rope" this man must not have quite heard her or maybe thought he misunderstood Ms. Rossomondo because he looked at her and asked what and Ms. Rossomondo again told him that "this is the Detective that tied the knots in the rope". Apparently this man is James Muench who works for the U.S. Attorney's office and prsecuted Mr. McLeod in a previous case thirteen years ago..



Nicola J. Eakins
113 South Willow Ave.
Tampa, Florida 33606

State of Florida
County of Hillsborough
Sworn to and subscribed before me ___3 rd___ day of, ___April___ 2001
by _Nicola Eakins_ .

Notary Republic, States of Florida

Personally Known ___ or Produced ID _✓_

FL E 252630585120

_____
Notary Republic, States of Florida

BARBARA GREEN
Notary Public - State of Florida
My Commission Expires Jan 31, 2005
Commission # CC997920

Exhibit # 3