UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
    Plaintiff,

VS.

U.S. DEPARTMENT OF JUSTICE, et al,
    Defendants,

CASE NO. 06-cv-0247(JDB)

RECEIVED

AUG 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY
JUDGMENT

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure and this Court's Order filing this opposition to the Defendant's Motion To Dismiss And Motion For Summary Judgment and the Plaintiff sets forth material facts to prove the searches for records by the Defendants was inadequate and insufficient and offers the following in support thereof:

The Defendants U.S. Department of Justice (DOJ) and Federal Bureau of Investigation have filed a Motion To Dismiss, in respect to the exhaustion of administrative remedies for Defendant DOJ, by the Plaintiff and a Motion For Summary Judgment, which claims there is no dispute of genuine fact that adequate searches were performed, under Title 5 U.S.C. 552 and no responsive records were found. The Plaintiff opposes the Motion To Dismiss on the basis that the response to the FOIA request by the Defendant DOJ failed to notify the Plaintiff of his right to appeal as required by Title 5 U.S.C. 552(a)(6)(A)(i) and therefore, the Plaintiff did not further need to exhaust his remedies before filing suit. In respect to the Motion For Summary Judgment, after the computerized record searches failed to produce responsive records the Defendants failed to contact specific locations, i.e. Tampa, Florida or specific agency personnel so the searches are deemed inadequate as a matter of law. The Defendants Motion To Dismiss And Motion For Summary Judgment should be denied.

PROVIDED TO HAMILTON C.I. ON

AUG 0 7 2006

FOR MAILING

1

In support of the Motion To Dismiss by Defendant DOJ, the Declaration of David Luczynski was attached as Exhibit #1. This declaration specifically stated that the letter dated September 19th, 2005 from EOUSA (Attachment A of this Opposition) informed the Plaintiff that the records sought were in the possession of state or local jurisdictions and the Plaintiff should direct the request to those agencies. (See, Dec. of David Luczynski, Exh. #1, Pg. 2 of 4, Para. 5). However, the EOUSA response also stated it was a final action but failed to notify the Plaintiff of his right to appeal the determination. (Att. A).

If a government agency fails to notify the requester of his right to appeal, in the agencies response, then the response is deemed insufficient under the FOIA to trigger the exhaustion requirement and the requester can file suit under Title 5 U.S.C. 552 (a)(6)(c). Oglesby v. U.S. Dept. of Army, 920 F.2d 57 67 (C.A.D.C. 1990). However, if the agency responds to an additional request before suit is filed and the agency response is received prior to filing suit, then the exhaustion requirement still applies, Id. The Oglesby Court specifically stated: "The purpose of the ten day limit for an agency response is to allow a FOIA requester, who has not yet received a response from the agency, to seek an order compelling the release of the requested documents." Oglesby, 920 F.2d at 64. (emphasis added)

In support of opposition and denial of the Motion To Dismiss, the Plaintiff attaches his own affidavit, Affidavit Of Steven A. McLeod. (Att. B). The Plaintiff filed suit on the morning of January 15th, 2006 by mailing the Complaint to the Clerk of this Court. (Att. B, Pg. 5, Para. 19). The Plaintiff signed for the response by Defendant DOJ dated January 17th 2006 (Att. B, Para. 20, Pg. 6) on January 23rd, 2006, as evidenced by the Hamilton C.I. (Main Unit) Incoming Mailroom Log. (Att. B, Pg. 6, Para. 20, Exh. #10). Since the Plaintiff had already filed suit before receiving the

2

response from Defendant DOJ, the decision in <u>Oglesby</u> requires the Motion To Dismiss by Defendant DOJ to be denied.

In respect to the Motion For Summary Judgment for Defendant DOJ there were Declarations by David Luczynski in Washington, D.C. and paralegal specialist Christina Griffiths concerning computer searches for responsive records. The Plaintiff mailed an FOIA request to Asst. U.S. Attorney Robert O'Neill at the Tampa, Florida office on August 7th, 2005. (See, Aff. of Steven A. McLeod, Att. 2, Pg. 5, Para. 18 and Exhibit #9). The declarations by Mr. Luczynski and Ms. Griffiths are insufficient because the failure to contact Mr. O'Neill, as to responsive records, creates a genuine issue of material fact concerning the adequacy of the agency's efforts to locate documents and therefore, summary judgment must be denied.

The FOIA request was made directly to Asst. U.S. Attorney Robert O'Neill in Tampa, Florida. The Plaintiff mailed correspondence directly to Mr. O'Neill (Aff. of Steven A. McLeod, Para. 16) and Mr. O'Neill clearly received several letters from David Rowland and Chief Judge Manuel Menendez concerning the Plaintiff's criminal case, (See, Aff. of Steven A. McLeod, Para. 15, Exh. #7, Para. 24, Exh. #4, 6, 17 and 18). These letters clearly have the Plaintiff's name and Case No. 00-15913 attached to them. The letter of April 30th, 2004 (Exh. #4) was the letter brought by the two agents from the FBI field office to the interview with the Plaintiff on September 21st 2004, so this letter had to be routed from Mr. O'Neill to the Tampa F.B.I. office to the Jacksonville FBI office.

In <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321 (C.A.D.C. 1999), the Court held that summary judgment is precluded if the record raises substantial doubt as to the adequacy of an agency's search for responsive records. The failure to search for records in a specific location or contact specific persons who may have access to the records precludes summary judgment. <u>Id at 328</u>. In a case exactly on point in respect

3

to paralegal Christina Griffiths falling to contact Asst. U.S. Attorney Robert O'Neill, the Court held in Jackson v. U.S. Attorneys Office, 362 F. Supp. 2d 39, 41 (D.D.C. 2005) that declaration by a paralegal specialist with the U.S. Attorney's Office is insufficient to establish a reasonable search when specific agency personnel were not contacted. It is clear from the exhibits attached to the Plaintiffs Affidavit (Exh. #4, 6, 7, 17 and 18) that Mr. O'Neill is in possession of responsive records and the failure to contact Mr. O'Neill deems the agency search insufficient to obtain summary judgment and therefore, Defendant DOJ's Motion For Summary Judgment should be denied.

In respect to the Motion For Summary Judgment, Defendant F.B.I. attached the Declaration of David Hardy, which stated the Tampa Field office of the F.B.I. was conducting an investigation into corruption in the Hillsborough County Courthouse in Tampa, Florida (Pgs 7-8, Para. 15, Pg. 12, Para. 23). Although contact with Ann Shannon of the F.B.I. field office in Jacksonville Florida produced all of the letters written to that office by the Plaintiff, no individual was contacted in the Tampa field office, even though the interview with the Plaintiff and the forensics of the Plaintiff's computer were performed by agents in the Tampa field office or initiated there, Furthermore, Mr. Hardy failed to search ELSUR or "tickler" file searches. The Motion For Summary Judgment by Defendant F.B.I. must be denied.

In the Affadavit of Steven A. McLeod and the attached exhibits it is clear that Det. Robert Sheehan, deputized into an F.B.I. Task Force and F.B.I. Agent Peggy Foster performed the forensics on the Plaintiff's computer and executed affidavits or F.B.I. 302 reports as a result of these functions (See Aff, Steven A. McLeod, Pg. 1-2, Paras. 2-4 and Exhibits 1 and 19, Page 3, lns. 3-14). The Plaintiff also sent at least eight (8)

letters to the F.B.I. office in Tampa and the 302 report form of the interview with the Plaintiff has a "TP" file indicator in the File No. 194A-TP-55469 (See, Aff. of Steven A. McLeod, Pg. 4 Para. 13, and Exhibit #15). The letters to the F.B.I. Jacksonville field office contained a "JK" indicator. (See Aff. Exh. #13).

Under the decision of Valencia-Lucena v. Coast Guard, 180 F. 3d 321 (C.A.D.C. 1999), Defendant F.B.I. had to contact the agency personnel or location for the search to be deemed adequate for summary judgment purposes. It is clear that Det. Sheehan, F.B.I. Agent Peggy Foster or the Special Agent In Charge of the F.B.I. Public Corruption Squad were not contacted. The F.B.I. Public Corruption was the addressee of the Plaintiff's FOIA request. (See, Aff. Steven A. McLeod, Pg. 5, Para. 18 and Exh. #8) The failure to conduct personnel contact of these personnel at the Tampa field office of the F.B.I. creates a genuine issue of material fact as to the adequacy of government's efforts to locate documents which precludes summary judgment. Wilson v. D.E.A., 370 F.Supp. 2d 382 (D.D.C. 2005).

Furthermore, in the Declaration of David M. Hardy, attached to the Defendant's Motion For Summary Judgment on Page 7 in Footnote 4, Mr. Hardy states that absent a specific request for a search of cross-references at the administrative level, only the main files are searched and the Plaintiff did not request such a search. In Campbell v. U.S. Department of Justice, 164 F. 3d 20, 28 (C.A.D.C. 1998), the Court held that a reasonable search required the agency to to contact the local agency supervisor for ELSUR and "tickler" searches for the search to be deemed adequate for summary judgment purposes. Id at 28 and multiple cases cited therein. Due to the foregoing reasons the search by the Defendant F.B.I. raises genuine issues of material fact as to the adequacy and summary

judgment should be denied.

In conclusion, the Motion To Dismiss by Defendant DOJ for failure to exhaust administrative remedies should be denied because of the failure to notify the Plaintiff of his right to appeal. The litigation was clearly filed before the Plaintiff received the DOJ's response. In respect to the Motion For Summary Judgment, the failure by Defendants DOJ and FBI to conduct searches in specific locations or contact specific personnel raises issues of material fact as to the adequacy of the agencies searches and therefore, summary judgment should be denied.

WHEREFORE, the Plaintiff prays that this Honorable Court will denied the Defendants Motion To Dismiss And Motion For Summary Judgment and grant any and all other relief that this Court deems just and proper.

## UNNOTARIZED OATH

I HEREBY certify that the foregoing is true and correct under penalty of perjury, pursuant to Title 28 U.S.C. 1746.

DATED: 8/3/06

Steven A. McLeod D.C# 924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St., N.W., Washington, D.C. 20530 on this ____ day of August, 2006.

Respectfully submitted,

Steven A. McLeod

6