UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
     Plaintiff,

VS.

U.S. DEPARTMENT OF JUSTICE, et al.
     Defendants,

CASE No. 06-cv-247(JDB)

## AFFIDAVIT OF STEVEN A. McLEOD

I, Steven A. McLeod hereby declare and certify the following to be a true and correct statement of facts:

1. I was arrested on September 20th, 2000, in Tampa, Florida for two counts of sexual battery and one (1) count of false imprisonment in Case No. CF00-15913, in the Thirteenth Judicial Circuit, In And For Hillsborough County, Florida.

2. During the pre-trial discovery process in my criminal case, I was provided a police report by my trial attorney, Ursula Richardson, which was prepared by Tampa Police Department Detective Scott Wolfe, that indicated that T.P.D. Detective Robert Sheehan, who was deputized into an F.B.I. Task Force had participated in the search of my residence and taken my computer into his custody for the purpose of performing a forensic analysis. (Exh.#1, Pg.2)

3. On the morning of November 20th, 2000, I appeared before Circuit Court Judge Jack Espinosa, Jr. and was present when Judge Espinosa was informed that Detective Sheehan and F.B.I. Agent Peggy (Margaret) Foster had not appeared at depositions because due to Detective Sheehan's participation in the F.B.I. Task Force and the forensic analysis participation in this case by Agent Foster, the normal course was for affidavits to be executed in the place of oral depositions so Det. Sheehan and Foster would

Attachment B                    1                    A.H. B

9. I appeared before Circuit Court Judge Wayne Timmerman on February 4th, 2004, for the purpose of a hearing for a Motion To Disqualify State Attorney's Office because my trial attorney, Ursula Richardson had gone to work for the State Attorney's Office and I learned she had conversations about my case, which under Florida law would entitle me to have the entire State Attorney's Office disqualified from participating in my post-conviction proceedings.

10. After becoming frustrated in being unable to get Judge Timmerman to sign the hearing orders from February 4th 2004 I wrote Judge Manuel Menendez, who is Chief Judge of the 13th Judicial Circuit, several letters, including a letter dated April 30th, 2004, (Exh. #4), in which I told Chief Judge Menendez of several cases that I knew had been fixed in Hillsborough County, because I knew my case had been fixed and I was going to expose the corruption to the press about the corrupt practices of judges in Tampa, Florida.

11. On the morning of September 21st, 2004 I was called to the medical building here at Hamilton C.I., by Prison Inspector Cercy and introduced to a male and female F.B.I agent, who told me they wanted to interview me about my letter of April 30th 2004 to Chief Judge Menendez (and they had a copy of the letter) for the Tampa F.B.I. Public Corruption Squad in Tampa, Florida. During the interview, I provided the two agents information and details about payments made to prosecutors in the Hills, Co. State Attorney's Office. Also, the male F.B.I agent made a comment which led me to believe that someone in the State Attorney's Office was cooperating in the F.B.I. investigation of Judge Timmerman's role in my case and in respect to my investigation request to Hills, Co. Commission Chairman Tom Scott. I was asked by the female F.B.I. agent to document the remaining details on other cases I knew

3

were fixed and I was provided an outline to follow by the female agent (Exh. #5) with the address at the F.B.I. office in Tampa, Florida for me to forward it to. I informed the agents that I was concerned about mailing the documents to the F.B.I. office because of problems with my mail being tampered with and that I documented the dates of ALL of my outgoing mail. The two agents told me that they would speak to Inspector Cercy about the mail tampering problems and I was assured it would be stopped.

12. After leaving the interview with the two F.B.I. agents on September 21st, 2004, I was unsure if the F.B.I. office in Tampa had received the investigation request letter from Hills. Co. Commission Chairman Tom Scott with all 21 exhibits or one of the other investigation request letters to the other County Commissioners with only 3 of the exhibits so I went back to the law library and copied the letter and 21 exhibits and wrote an explanation letter to the F.B.I. office in Tampa, Florida. The following morning, September 22nd, 2004 I mailed the entire package of the copy of the letter to Hills. Co. Comm. Chairman Tom Scott, 21 exhibits, and the explanation letter to the F.B.I. Public Corruption Squad, 500 E. Zack St., Suite 610, Tampa, Florida, 33602, to insure the F.B.I. had a complete set of documents.

13. During the period of time from September 22nd 2004, until I mailed the FOIA request on August 8th, 2005, I wrote and mailed letters to the F.B.I. office in Tampa, Florida, on or about December 14th, 2004, January 12th, 2005, January 18th, 2005, April 27th, 2005, June 23rd, 2005, and August 8th, 2005, according to the outgoing mail log that I maintain.

14. After the comment by the male F.B.I. agent on September 21st, 2004, about Judge Timmerman's role in my case, I was certain Judge Timmerman was a target

4

in the F.B.I. investigation so I wrote a letter to Chief Judge
Menendez dated September 23rd, 2004 (Exh#6) because Judge
Timmerman was still considering my Motion For Post-Conviction
Relief and I didn't want to file a Motion To Disqualify Judge
and make Judge Timmerman aware of the F.B.I. investigation.

15. On November 4th, 2004, I received a response to my
September 23rd 2004 letter to Chief Judge Menendez from David
A. Rowland of the Legal Dept of the Administrative Office OF The
Courts, 13th Jud. Cir. and I noticed a copy of Mr. Rowland's
letter had been sent to Asst. U.S. Attorney Robert O'Neill. (Exh#7).

16. I wrote letters dated November 5th, 2004 and November
9th, 2004, for information about the F.B.I. investigation and
any information he may have concerning the investigation, to Mr. O'Neill.

17. During the period of time between November of 2004 until
June of 2006, I sent several letters to the F.B.I. office in
Jacksonville Florida, concerning problems and civil rights
criminal offenses by Florida Department of Corrections employees
at Hamilton C.I. (Main Unit) in Jasper, Florida.

18. On or about August 7th, 2005, I mailed a Freedom
Of Information Act request to the F.B.I. office in Tampa, Florida,
(Exh.#8) and an identical request to Robert O'Neill, U.S. Attorney's
Office in Tampa, Florida. (Exh. #9).

19. On the morning of January 18th, 2006, I mailed the
Freedom Of Information Act Action to initiate the litigation
in the U.S. District Court, For The District Of Columbia In Case
No. 06-cv-247(JDB) specifically seeking documents and other
information from the F.B.I. office in Tampa, Florida, concerning
the forensic analysis of my computer (Paras. )-6), information from
Asst. U.S. Attorney James Muench concerning the introduction
of Det. Wolfe at my sentencing, (Para. 8), information from the

5

F.B.I. Public Corruption in Tampa, Florida and Asst. U.S. Attorney Robert O'Neill concerning the investigation initiated pursuant to the request for investigation to Hills, Co. Comm. Chairman Tom Scott (Paras. 9-12) and information about Suzzanne Rossomondo's placement in the Federal Witness Protection Program for misconduct to obtain my conviction. (Para. 12).

20. According to the Hamilton C.I. (Main Unit) Incoming Mailroom Log (Exh. #10), I signed for a letter from the Department of Justice (Exh. #11) dated January 17th 2006, which was received on January 23rd, 2006 at Hamilton C.I. and received by me on January 24th, 2006.

21. In an envelope postmarked March 31st, 2006, I received a letter from Ann Shannon of the F.B.I. office in Jacksonville, Florida (Exh. #12) with several documents from that office, including a letter dated June 29th, 2005, (Exh. #13) and Ms. Shannon's letter questioned why my FOIA request was directed to the Tampa F.B.I. field office, instead of the Jacksonville field office. I noticed the letter I sent to the F.B.I. office in Jacksonville, Florida, dated June 29th, 2005 (Exh. #13) contained a F.B.I. File No. of 282A-JK-(49296.

22. In a letter dated April 4th, 2006, (Exh. #14), I wrote Ms. Shannon at the F.B.I. office in Jacksonville, Florida and explained the agents who visited me from the Jacksonville office on September 21st, 2004, were conducting the interview on behalf of the F.B.I. Public Corruption Squad in Tampa, Florida.

23. Ann Shannon subsequently provided me a copy of the report of the interview by the two F.B.I. agents on September 21st, 2004, (Exh. #15) from the F.B.I. office in Jacksonville, Florida, and the report contained an F.B.I. File No. 194A-TP-55465, which was provided me by Ms. Shannon through David M. Hardy of the F.B.I. office in Washington, D.C. in a letter dated May 5th, 2006. (Exh. #16).

6

24. In response to my letter dated April 18th, 2006, David Rowland of the Legal Department of the Administrative Office Of The Courts, 13th Jud. Cir. (Exh.#17) informed me that my letter of April 30th, 2004 (Exh.#4) was forwarded to Asst. U.S. Attorney Robert O'Neill with a cover letter (Exh #18) and that my letter dated September 23rd, 2006 (Exh. #6) was forwarded to Asst, U.S. Attorney Robert O'Neill without a cover letter.

25. The response from David Rowland dated November 1st, 2004, (Exh #20) to my September 23rd, 2004 letter clearly has "State of Florida v. Steven A. McLead, Case No. 00-15913" at the top of the letter and a copy was mailed to Asst. U.S. Attorney Robert O'Neill

26. From the date of my arrest to this date, I have not received any documents, records or responses to my letters from the F.B.I. office in Tampa, Florida or the U.S. Attorney's Office in Tampa, Florida.

AFFIANT FURTHER SAYETH NOT.

## UNNOTARIZED OATH

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that I have personal knowledge of the facts contained herein and that the foregoing is true and correct under penalty of perjury.

DATED: 8/3/06

Steven A. McLead D.C.# 924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St
Jasper, FL 32052

7