UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ————————————————— )<br>STEVEN A. McLEOD,                                  )<br>                                                             )<br>                     Plaintiff,                           )<br>                                                             )<br>          v.                                              )<br>                                                             )<br>U.S. DEPARTMENT OF JUSTICE, *et al.*        )<br>                                                             )<br>                     Defendants.                       )<br>————————————————— ) | Civil Action No.: 06-247 (JDB) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT**

The U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") respectfully file this reply memorandum in support of their motion to dismiss and for summary judgment in this case brought under the Freedom of Information Act ("FOIA"). As explained in Defendants' motion, Plaintiff is a *pro se* prisoner serving a life sentence for state charges in Florida. He filed substantially identical FOIA requests with the U.S. Attorney's Office in Tampa, Florida ("USAO-Tampa"), and the FBI offices in Tampa, Florida. Both requests sought information relating to Plaintiff's state prosecution in a specified case in Florida.

Defendants do not have documents responsive to his request. Defendants moved for dismissal on the basis of Plaintiff's failure to exhaust his administrative remedies because he failed to appeal the finding of no records to the Office of Information and Privacy ("OIP"). Defendants also moved for summary judgment because their search was reasonable and they therefore satisfied their obligations under FOIA. Plaintiff's arguments in his opposition merit only brief discussion and none preclude entry of judgment for Defendants.

1.      Plaintiff argues that he was not required to appeal the no-records decision to OIP because DOJ failed to notify him of his right to appeal the finding.  <u>See</u> Plf. Opp. at 1.  Plaintiff is mistaken and has no evidence to contradict the declaration of David Hardy, attached to Defendants' motion, which includes the letter sent to Plaintiff dated September 20, 2005, which specifically explains to Plaintiff that he may appeal the finding of no records to OIP.  <u>See</u> Ex. C to Hardy Dec.

2.      Plaintiff argues that summary judgment should be denied on the search issue because Defendants "failed to contact specific locations, i.e., Tampa, Florida or specific agency personnel[.]" <u>See</u> Plf. Opp. at 1.  Plaintiff's opposition later argues that DOJ should have contacted Assistant U.S. Attorney Robert O'Neill in particular because Plaintiff addressed his FOIA request to O'Neill.  <u>See id.</u> at 3.  This does nothing to challenge the adequacy of DOJ's search because it does nothing to establish either that O'Neill was likely to have responsive records or that DOJ failed to contact him.  (If anything, the more likely inference to be drawn is just the opposite--that O'Neill's receipt of Plaintiff's correspondence made it all the more likely that O'Neill knew about the request and was involved in DOJ's internal response.)

Plaintiff cites his exhibits 4, 6, 7, 17, and 18 to support the notion that O'Neill has responsive records, but none of these exhibits offer any such support:

- •      Exs. 4 and 6 are Plaintiff's own self-serving letters, which do not clash in any identified or identifiable way with Defendants' Statement of Material Facts.

- •      Exs. 7, 17, and 18 are letters from the Administrative Office of the Courts, an arm of the Florida government.  They have nothing to say about DOJ' or the FBI's possession of responsive records and do not clash in any identified or identifiable

way with Defendants' Statement of Material Facts.

Plaintiff asserts that "no individual was contacted in the Tampa field office" of the FBI, see Plf. Opp. at 4, but again Plaintiff simply misses the relevant evidence in the record, which is that the FBI did search the Tampa Office's indices to its Central Records System. See Hardy Dec. ¶¶ 15-16. Plaintiff asserts that failure to search the "tickler" files bars summary judgment for the FBI, see Plf. Opp. at 4, but the alleged failure has neither any supporting evidence, nor any obvious consequences to it. After all, Plaintiff's request seeks information from his own computer hard drive seized during his state prosecution and there is no obvious reason why a computer disc would be housed or referenced in a "tickler" file.

Similarly, Plaintiff's complaint that the FBI failed to contact "Det. Sheehan, F.B.I. Agent Peggy Foster or the Special Agent in Charge of the F.B.I. Public Corruption Squad," id. at 5, lack any supporting evidence or explanation. Mere assertions in his opposition papers do not count as evidence capable of overcoming the sworn agency declaration and so again Plaintiff has done nothing to challenge Defendants' Statement of Material Facts.

3.     Three other points. First, Plaintiff's reference to the FBI's "ELSUR," Plf. Opp. at 5, is inapposite because (1) he did not request records in, or a search of, the FBI's Electronic Surveillance indices, and (2) there is no reason to think his computer disc or other requested records would be housed or referenced therein.

Second, Plaintiff failed to comply with this Court's Local Rules 7(h) and 56.1 which require a party opposing a motion for summary judgment to file a statement of contested issues of material facts, in which the non-moving party responds to the moving party's statement of material facts and offers evidence to rebut the moving party's factual allegations. Plaintiff failed

to do so, and "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement.'" <u>SEC v. Banner Fund Int'l</u>, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citation omitted) (alteration in original).

Finally, Plaintiff makes no challenge whatsoever to Defendants' position that the records that Defendants did provide were, in fact, nonresponsive to his requests or that the redactions from those records were well-founded and appropriate even if the Court deemed the records responsive.

For these reasons, Defendants submit that the Court should grant their motion and enter judgment for Defendants.

September 14, 2006                                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


            /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


            /s/
_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

4

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Motion to Dismiss and for Summary Judgment, Supporting Memorandum, Statement of Material Facts, and attached exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

STEVEN A. McLEOD
R#924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th Street
Jasper, FL 32052

on this 14th day of September 2006.

_____/s/_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov