UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven A. McLeod,

    Plaintiff,

        v.

U.S. Department of Justice *et al.*,

    Defendants.

Civil Action No.  06-0247 (JDB)

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff requested records concerning his criminal case from the United States Attorney's Office in Tampa, Florida ("USAO-Tampa") and the Federal Bureau of Investigation ("FBI"). Defendants move to dismiss the claims arising from the request to USAO-Tampa and for summary judgment on the claims arising from the request to the FBI.[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part defendant's motion for summary judgment.[2]

---

[1]  The complaint names as defendants the Department of Justice ("DOJ"), the FBI, U.S. Attorney Paul Perez, and the FBI Public Corruption Squad.  The FOIA authorizes actions to be brought only against federal agencies.  Because the USAO and the FBI are components of DOJ, the Court hereby substitutes DOJ as the sole defendant.

[2]  Because the Court will be relying on matters beyond the pleadings to resolve the claim pertaining to USAO-Tampa, the motion to dismiss this claim is converted to a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6) (conversion clause).

I.  BACKGROUND

1. FBI Records

By letter dated August 7, 2005, plaintiff requested "information . . . of any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in" the criminal prosecution of him in the "13th Judicial Circuit Court, In and For Hillsborough County, Florida." Compl., Exs. 10, 11. By letter dated September 20, 2005, FBI Headquarters, to which plaintiff's request addressed to the "FBI Corruption Squad" in Tampa, Florida (Compl. Ex. 10) was forwarded, informed plaintiff that it located no responsive records in its "automated indices to our central records system files" and advised him of his appeal rights. Declaration of David M. Hardy ("Hardy Decl."), Ex. C. Plaintiff lodged his appeal with DOJ's Office of Information and Privacy ("OIP") by letter dated October 3, 2005. *Id*., Ex. D.

A search of the FBI's Tampa field office located three letters plaintiff had sent to the FBI requesting "assistance in matters unrelated to his FOIA request." *Id*. ¶ 15. The FBI released unredacted copies of those letters to plaintiff by letter dated March 31, 2006. *Id*. The FBI also released by letter of May 5, 2006, a redacted four-page account of an interview plaintiff had provided the FBI on September 22, 2004, concerning his allegations of judicial corruption in Hillsborough County. *Id*., Ex. G. The FBI redacted information pursuant to FOIA exemptions 6 and 7(C), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), *see* 5 U.S.C. § 552a. Hardy Decl. ¶ 17 and Ex. G.

2. EOUSA Records

By notice dated January 17, 2006, the Executive Office for United States Attorneys ("EOUSA") informed plaintiff that before processing his request made to USAO-Tampa, it

would need a notarized example of his signature or a certification of identity.[3] Def.'s Ex. 1, Declaration of David Luczynski ("Luczynski Decl."), Ex D. It advised plaintiff to correct "the above deficiencies" and to submit a new request because the notice constituted "a final determination and your request has been closed." *Id*. EOUSA further advised plaintiff of his right to appeal the decision to OIP. Plaintiff complied with the notice by returning a completed Certification of Identity form dated January 24, 2006. *Id*., Ex. E. Plaintiff initiated this action on February 10, 2006. By letter dated March 30, 2006, EOUSA informed plaintiff about the processing of his request and possible search and duplication fees. Luczynski Decl., Ex. F. Also, on or about March 30, EOUSA conducted a search but located no responsive records. *Id*., Ex. G (Declaration of Christina J. Griffiths ¶ 8).

## II.  LEGAL STANDARD

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Greene v. Dalton,* 164 F.3d 671, 674 (D.C. Cir. 1999). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)). All reasonable inferences from the facts must be drawn in favor of the nonmoving party. *Id*. at 255.

---

[3]  The EOUSA processes FOIA and Privacy Act requests for all Offices of the United States Attorneys. *See* Luczynski Decl. ¶ 1.

In a FOIA case, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations. When, as here, no responsive records are located, the agency is entitled to summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). In determining the adequacy of an agency's search, the Court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir.1998); *Int'l Trade Overseas, Inc. v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988). A search is deemed adequate upon a showing that the agency "made a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby*, 920 F.2d at 68). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [the agency's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir.1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326.

III.  DISCUSSION

1.  EOUSA's Response

Defendant asserts that the case "should be dismissed as it relates to the USAO-Tampa because Plaintiff failed to exhaust his administrative remedies by failing to appeal the finding of no records to the Office of Information and Privacy."  Defendants' Memorandum in Support of Their Motion to Dismiss and for Summary Judgment ("Def.'s Mem.") at 1.  Defendant has not produced the final determination or cited to any portion of the record showing the issuance of such a determination.  Rather, consistent with its initial response closing plaintiff's original request (Request Number 05-3441), EOUSA responded, by letter dated March 30, 2006, to "Plaintiff's renewed inquiry [Request Number 06-892]."  Luczynski Decl. ¶ 9.  It processed what may be reasonably construed as a new request during this litigation and has defended its position on the merits.[4]  Under these circumstances, consideration of the merits would not undermine the "purposes and policies underlying the exhaustion requirement."  *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).  The Court therefore denies EOUSA's motion based on plaintiff's failure to exhaust administrative remedies.

Regarding the merits, plaintiff asserts that EOUSA's search was inadequate because its staff "failed to contact specific locations, *i.e.*, Tampa, Florida[,] or specific agency personnel" – namely, Assistant United States Attorney Robert O'Neill, to whom the request was addressed.  Pl.'s Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment ("Pl.'s Opp.") at 1, 3.  Using plaintiff's name, EOUSA staff searched the Legal Information Office

---

[4]  Contrary to Luczynski's statement, the March 30, 2006, letter does not inform plaintiff about his right to appeal to OIP.  *See* Luczynski Decl. ¶ 9; Ex. F.  Nor is there any indication that the letter is a final, appealable decision.

5

Network System (LIONS) and the Public Access to Court Electronic Records (PACER) databases covering the Middle District of Florida, which includes Tampa. Griffiths Decl. ¶¶ 1, 8-9. "The LIONS system tracks civil, criminal, and appellate investigations and cases." *Id*. ¶ 9. The search of LIONS yielded "[n]o criminal matter or case records." *Id*. ¶ 8. It identified a civil case that "was opened then closed" because of the pending litigation in this Court. *Id*. According to Luczynski, "[t]he FOIA Contact [presumably Griffiths] also sent e-mails to the Assistant United States Attorney ["AUSA"] in the Criminal Division to ascertain whether they had any responsive records," Luczynski Decl. ¶ 10, but Griffiths does not substantiate this claim in her declaration and Luczynski has not produced the e-mails.

In view of plaintiff's uncontested assertion that the search should have included an inquiry to O'Neill, and in the absence of any competent evidence establishing defendant's contact with O'Neill or any other AUSA, the Court will not on this record grant summary judgment with respect to the adequacy of EOUSA's search. Instead, EOUSA will be required to supplement the record to reflect an inquiry to O'Neill and any other relevant AUSAs and the results of such an inquiry.

2. The FBI's Response

Plaintiff asserts that the FBI's search was inadequate because no one contacted individuals in the Tampa field office, where plaintiff was interviewed and forensics tests were performed, and no one searched the "ELSUR or 'tickler' file." Pl.'s Opp. at 4. Using plaintiff's name, birth date and social security number, FBI Headquarters staff searched its Central Records System ("CRS"), and the CRS files of the FBI's Florida field offices located in Tampa (address of the FOIA request) and Jacksonville (plaintiff's place of incarceration). Hardy Decl. ¶¶ 14, 15. The search covered main investigatory files and cross-referenced files. *Id*. Plaintiff claims that

6

the FBI should have (1) contacted Detective Robert Sheehan, "deputized into an FBI Task Force[,] and FBI Agent Peggy Foster [who] performed the forensics on [plaintiff's] computer and executed [FBI] affidavits" and (2) searched its "ELSUR or 'tickler' file."  Pl.'s Opp. at 4.

Unlike the circumstances surrounding the EOUSA search, however, there is not a "sufficient predicate to justify" plaintiff's challenge to the FBI's search.  *Campbell*, 164 F.3d at 28 (citing *Oglesby*, 920 F.2d at 68).  Plaintiff did not specify in his request any files to be searched, and he has not pointed to anything in the record suggesting that the FBI failed to pursue "obvious leads," *Valencia-Lucena*, 180 F.3d at 325, that would have reasonably warranted a broader search for the type of information he had requested, *i.e.*, "any evidence of criminal misconduct, exculpatory evidence or evidence planting or tampering by any persons involved in" his criminal prosecution by the State of Florida.  Compl. Ex. 10.  Although the FBI did release a redacted account of plaintiff's interview about alleged judicial corruption, plaintiff has not disputed defendant's contention that this document is not responsive to his request because it concerns "a completely separate criminal prosecution of another person, not identified or referenced in any way in [plaintiff's] FOIA request."  Def.'s Mem., Statement of Material Facts ¶ 8.  Plaintiff therefore has presented no genuine issue of material fact with respect to this release.[5]

"When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are

---

[5] The Court's FOIA jurisdiction extends only to claims predicated on the improper withholding of responsive records.  *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983).  The Court therefore lacks jurisdiction to address defendant's redactions of information from the concededly non-responsive document, which, in any event, plaintiff has not challenged.

unlikely to produce any marginal return." *Campbell*, 164 F.3d at 28.  Based on the description of the CRS, *see* Hardy Decl. ¶¶ 9-13, the Court finds that the FBI's search of that filing system was reasonably calculated to locate records responsive to plaintiff's request.  In the absence of any facts raising a substantial doubt about the adequacy of the FBI's search, or any evidence of agency bad faith, the Court concludes that defendant is entitled to judgment as a matter of law on the claims arising from the FBI's processing of plaintiff's FOIA request.

## CONCLUSION

For the preceding reasons, defendant's motion for summary judgment is granted as to the claims pertaining to FBI records.  Resolution of the motion pertaining to EOUSA records will be reserved pending further information relating to that search.  A separate Order accompanies this Memorandum Opinion.


                                          s/
                                    JOHN D. BATES
                                 United States District Judge

Dated: October 18, 2006