UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No.: 06-247 (JDB) |

**DEFENDANT'S SUPPLEMENTAL RESPONSE
IN SUPPORT OF SUMMARY JUDGMENT**

The U.S. Department of Justice ("DOJ") respectfully files the attached supplemental declarations regarding the agency's search for responsive records, pursuant to this Court's order dated October 18, 2006, in this case brought under the Freedom of Information Act ("FOIA"). Specifically, the Court ordered DOJ "to supplement the record to reflect an inquiry to [Assistant U.S. Attorney Robert] O'Neill and any other relevant AUSAs and the results of such inquiry." Mem. Op. at 6.

As explained by the two supplemental declarations, no email was sent to Mr. O'Neill because he was never assigned to any criminal case involving Plaintiff and therefore it was neither necessary nor appropriate for him to participate in the search for responsive records. The FOIA contact in the U.S. Attorney's office in Tampa, Christina Griffiths, did send an email to a civil AUSA in the Tampa office, however, in response to a subsequent FOIA request from Plaintiff (not the instant matter), because that civil AUSA was listed as assigned to a civil action involving Plaintiff. See Supp. Griffiths Dec. ¶ 8. That civil action turned out to be the instant

case, and this explains why that civil AUSA did not need to search her records responsive to the FOIA request in this case, and why the Tampa office closed its files on the civil action.

As for EOUSA's David Luczynski, the statement in his original declaration highlighted by the Court was based on his mistaken reliance on the internal checklist that EOUSA uses to monitor progress of FOIA searches, and part of that checklist is for the particular FOIA contacts in the various offices to send emails to appropriate AUSAs to determine if they may have responsive records. See Supp. Luczynski Dec. ¶ 2. Mr. Luczynski explains that he has no reason to think that Mr. O'Neill ever had responsive records, should have been involved in the search, or that Mr. O'Neill received an email or any other request from anyone asking him to participate in the search for responsive records. See id. ¶ 3. Mr. Luczynski re-affirms his belief that the search was proper. Id. ¶ 4.

Defendant DOJ submits that the record, as supplemented herewith, indicates that its search for records was reasonable and that this Court should grant it summary judgment.

November 16, 2006                     Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W., Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Supplemental Response in Support of Summary Judgment and attached exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

    STEVEN A. McLEOD
    R#924820
    Hamilton C.I. (Main Unit)
    10650 S.W. 46th Street
    Jasper, FL 32052

on this 16th day of November 2006.

                                      /s/
                              ALAN BURCH, D.C. Bar # 470655
                              Assistant United States Attorney
                              555 4th St., N.W.
                              Washington, D.C. 20530
                              (202) 514-7204
                              alan.burch@usdoj.gov