UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD,                )<br>                                                )<br>           Plaintiff,                       )           Civil Action No.: 06-247 (JDB)<br>                                                )<br>     v.                                         )<br>                                                )<br> U.S. DEPARTMENT OF JUSTICE, *et al.*  )<br>                                                )<br>          Defendants.               )<br>                                                ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER,
AMEND, OR VACATE ORDER AND JUDGMENT IN A CIVIL CASE**

The U.S. Department of Justice ("DOJ") respectfully opposes Plaintiff's motion to alter, amend, or vacate order and judgment in a civil case, no. [43]. Plaintiff, a *pro se* prisoner serving a life sentence, seeks to undo the Court's recent entry of judgment in favor of Defendant in this case brought under the Freedom of Information Act. Prior to entering judgment, the Court had ordered Defendant to supplement the record with additional explanation of the agency's search for responsive records. See nos. [36] and [38]. Defendant filed the supplemental material, no. [39], and then the Court entered judgment, nos. [40] and [41]. Plaintiff's current motion argues that he should have been given the chance to respond to Defendant's supplemental material.

**Legal Standard for Reconsideration**

A motion to alter or amend judgment pursuant to Rule 59(e) must show: (1) an intervening change of law, (2) newly discovered evidence, or (3) to correct a clear error or prevent manifest injustice. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); McDonnell Douglas Corp. v. NASA, 109 F. Supp. 2d 27, 28 (D.D.C. 2000); New York v. United

States, 880 F. Supp. 37, 38 (D.D.C. 1995). Furthermore, "[a] trial court has broad discretion to grant or deny a motion for reconsideration." McDonnell Douglas, 109 F. Supp. 2d at 28. See generally Dyson v. Pharmacia & Upjohn, Inc., 129 F. Supp. 2d 19, 20-21 (D.D.C. 2001).

Plaintiff's instant submission reads more like a motion for leave to file a response to Defendant's supplemental materials than like a motion for reconsideration. Now that the Court has entered judgment in favor of Defendant, it seems that Plaintiff should have included with his motion any argumentation and/or evidence that might be relevant either to Defendant's supplemental memorandum or to the Court's memorandum opinion, no. [41]. Because Plaintiff has not included anything like that, much less anything approaching the standards for reconsideration, it is not appropriate to grant Plaintiff's motion.

December 20, 2006                    Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Alter, Amend, or Vacate Order and Judgment in a Civil Case to be served upon *pro se* Plaintiff by first class mail addressed to:

    STEVEN A. McLEOD
    R#924820
    Hamilton C.I. (Main Unit)
    10650 S.W. 46th Street
    Jasper, FL 32052

on this 21st day of December 2006.

                /s/
              ALAN BURCH, D.C. Bar # 470655
              Assistant United States Attorney
              555 4th St., N.W.
              Washington, D.C. 20530
              (202) 514-7204
              alan.burch@usdoj.gov