UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. McLEOD,
    Plaintiff,

VS.

U.S. DEPARTMENT OF JUSTICE, et al.
    Defendants.

CASE NO. 06-cv-247 (JDB)

PROVIDED TO
HAMILTON CI ON 12-29-06
FOR MAILING

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE ORDER AND JUDGMENT IN A CIVIL CASE

COMES NOW, the Plaintiff, Steven A. McLeod, Pro Se, pursuant to Federal Rules of Civil Procedure, requesting this Honorable Court to consider this reply to the Defendant's Opposition To Plaintiff's Motion To Alter, Amend Or Vacate Order And Judgment In A Civil Case and offers the following in support thereof:

The Plaintiff respectfully disagrees with the contentions set forth by counsel in the Defendant's Opposition To Plaintiff's Motion To Alter, Amend Or Vacate Order And Judgment In A Civil Case. The Plaintiff is clearly entitled to file a response to the Defendant's Supplemental Response In Support Of Summary Judgment and filed a timely motion for extension of time under the prison mailbox rule. This Court clearly committed clear error by entering summary judgment for the Defendants and a manifest injustice occurred by doing so without allowing the Plaintiff an opportunity to respond, in respect to Rule 59(e), Fed. R. Civ. P. Whether in this proceeding or after reversal on appeal, this Court will have to address the issue.

In the Memorandum Order entered on October 1, 2006, this Court denied summary judgment on the basis that

RECEIVED
JAN 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

the paralegal specialist, Christina Griffiths, and Mr. Luczynski had not contacted Asst. U.S. Attorney Robert O'Neill or other AUSA's in the Tampa office during the records search. (Memo Order, Pg. 6). While there was some discussion about e-mails by Ms. Griffiths in her sworn declaration and that of Mr. Luczynski, suddenly when the Court requires the e-mails the Defendants change their position in conflicting declarations to deny the e-mails were ever sent, (Defendant's Supplemental Response In Support Of Summary Judgment, Pg. 2), which are part of the EOUSA's normal procedure to search for responsive records. This means that the Defendants are now admitting to failing to comply with their own procedures.

More importantly, the requirement for the Defendants to contact Mr. O'Neill isn't dictated by e-mails but by the clearly established case law to show an adequate search for the purpose of obtaining summary judgment. The original FOIA request was sent to Mr. O'Neill, who is Chief Asst. U.S. Attorney in the Tampa, Florida office, and is a supervisor so he wouldn't be assigned to any case but supervises the AUSA's who are, so he would have knowledge about who to contact. In this case, Ms. Griffiths, a paralegal specialist, did a computerized records search but has now admitted twice in sworn declarations that she hasn't contacted Mr. O'Neill and the second time was after this Court ordered the Defendants to do so.

As was shown in the Plaintiff's Opposition To Defendant's Motion To Dismiss And Motion For Summary Judgment (Pl's. Opp) on Pages 3 and 4 the Defendants are required to contact specific persons who may have access to records. <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 328 (C.A.D.C. 1999). When a paralegal specialist in the U.S. Attorney's office performs a computer records search but fails to contact specific agency personnel, then the declaration is insufficient and summary judgment

2

is precluded. Jackson v. U.S. Attorney's Office, 362 F.Supp. 2d 39, 41 (D.D.C. 2005), citing Valencia-Lucena. The Jackson case is exactly on point.

The question this Court must ask is, "Why are the Defendants attempting to obtain summary judgment without complying with clearly established federal law?" This Court ordered the Defendants to contact Mr. O'Neill in the October 18th, 2006 Memo. Order by stating: "Instead, EOUSA will be required to supplement the record to reflect an inquiry to O'Neill and any other relevant AUSAs and the results of such an inquiry." (Pg. 6). Mr. O'Neill obviously has responsive records and information about the Plaintiff's criminal case, as shown by Exhibits #4, 6, 7, 17 and 18 of the Plaintiff's Affidavit attached to the Plaintiff's Opposition To Motion To Dismiss And Summary Judgment. Why are the Defendants trying to get around contacting Mr. O'Neill and comply with this Court's Order and federal law?

It should be obvious to this Court that the Defendants are clearly violating the requirements and the spirit of Title 5 U.S.C. 552. It was clear error to grant summary judgment without the Defendant EOUSA contacting Mr. O'Neill and if this Court denies the Plaintiff's Motion To Alter, Amend Or Vacate Order And Judgment In A Civil Case, then it will be reversible error on appeal. The Plaintiff was clearly denied the opportunity to file a response/reply to the Defendant's Supplemental Response In Support of Summary Judgment and the motion for extension of time was timely filed under the prison mailbox rule _before_ the judgment was entered in this case. Defendant's counsel sure took full advantage by filing an opposition to the Plaintiff's Motion To Alter, Amend Or Vacate Order And Judgment In A Civil Case but the Plaintiff can't electronically file documents. The bottom line is that the Defendant EOUSA is not entitled to summary judgment without an inquiry to Mr. O'Neill and

3

so the Order and Judgment must be vacated or reversed on appeal.

WHEREFORE, the Plaintiff prays that this Honorable Court will vacate the Order and Judgment dated November 30th, 2006 and order a response by Mr. O'Neill and other AUSAs and grant any and all other relief that this Court deems just and proper.

<u>UNNOTARIZED OATH</u>

I HEREBY certify, pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct under penalty of perjury.

DATED: 12/28/06

Steven A. McLeod D.C. #924820
Hamilton C.I. (Main Unit)
10650 S.W. 46th St.
Jasper, FL 32052

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing has been served by U.S. Mail to: Alan Burch, Esq., U.S. Attorney's Office, 555 Fourth St., N.W., Washington, D.C. 20001, by hand delivering to Ms. Herring, Law Library Supervisor, Hamilton C.I. on this 29th day of December, 2006.

Respectfully submitted,

Steven A. McLeod

4