UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. McLEOD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-247 (JDB) |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* PRIVILEGES**

The U.S. Department of Justice ("DOJ") respectfully requests that the Court revoke Plaintiff's *in forma pauperis* ("IFP") privileges on appeal. It appears that Plaintiff has filed several prior civil actions, and may be statutorily ineligible for IFP status. Even if he is eligible, Defendant submits that the Court should exercise its discretion by denying the privileges, based on his frivolous filings in other cases.

To reduce the number of meritless claims filed by inmates, Congress enacted the Prisoner Litigation Reform Act, which established standards for the grant of *in forma pauperis*. See Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. See 28 U.S.C. § 1915(b); Chandler, 145 F.3d at 1357. The grant of IFP status is strictly discretionary, see 28 U.S.C. § 1915(a), Ibrahim v. District of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("Leave to file *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion, [citation omitted], and denied in the court's discretion when that privilege has

been abused by filing claims or appeals that are frivolous or not taken in good faith."), but that discretion is limited by the PLRA's "three strikes" provision, which prohibits courts from granting IFP status to prisoners who have had three prior civil actions dismissed for failure to state a claim, or as frivolous or malicious (unless the prisoner is in imminent danger of serious physical injury). See also Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler, 145 F.3d at 1357. If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. See Smith, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). See Ibrahim, 208 F.3d at 1036. Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. See 28 U.S.C. § 1915(g); Kalinowski v. Bond, 358 F.3d 978, 978 (7th Cir. 2004); Thompson v. Gibson, 289 F.3d 1218, 1222-23 (10th Cir. 2002); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. See Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, the Court granted plaintiff's motion to proceed *in forma pauperis* on appeal on January 22, 2007, only two business days after the filing of Plaintiff's notice of appeal and motion for leave to proceed IFP on appeal.

According to docket sheets obtained and reviewed from the Nationwide PACER system, there are eleven civil actions listed under "Steven A. McLeod," including three for "Steven Alan McLeod." Of the eight former actions, several appear to refer to Plaintiff because they match his current address and prisoner number. (It is possible that some of the others are Plaintiff also.)

Of those with the same address and prisoner number, one case appears to have generated two strikes for Plaintiff, because his action was dismissed by the district court, and then his appeal was dismissed after a finding that the appeal was frivolous.  See Ex. 1 (docket sheet for civil action no. 98-1534, M.D. Fla.).  Notably, the Circuit Court in that case denied Plaintiff's motion to proceed IFP.

In addition, Plaintiff had his civil action dismissed in case no. 06-989 (M.D. Fla.).  See Exs. 2-5 (docket sheet and orders).  Although that dismissal is on appeal, and so might not count yet as a strike under the PLRA, see Smith, 208 F.3d at 27 (assuming but not ruling that appeal time should run for a dismissal to count as a strike), the district court in that case too denied Plaintiff IFP status, pointing to his failure to comply with numerous requirements from the local rules and standing order.

On the basis of Plaintiff's litigious history, Defendant respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1915(a) to deny Plaintiff IFP privileges.  A proposed order is attached.

January 23, 2007                                   Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C.  Bar #498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W., Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Motion to Revoke *In Forma Pauperis* Privileges and attached exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

   STEVEN A. McLEOD
   R#924820
   Hamilton C.I. (Main Unit)
   10650 S.W. 46th Street
   Jasper, FL 32052

on this 23rd day of January, 2007.

                                       /s/
                              ALAN BURCH, D.C. Bar # 470655
                              Assistant United States Attorney
                              555 4th St., N.W.
                              Washington, D.C. 20530
                              (202) 514-7204
                              alan.burch@usdoj.gov