UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


STEVEN A. MCLEOD

      Plaintiff,

v.            Case No. 3:06-cv-989-J-25MCR

JEB BUSH, etc.; et al.,

      Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

  Plaintiff, an inmate of the Florida penal system, submitted a handwritten complaint to the Court complaining about the conditions of his confinement. Plaintiff failed to use the appropriate civil rights complaint form to present his claims. As a result, the complaint is incomplete and fails to show whether Plaintiff has exhausted his administrative remedies. See 42 U.S.C. § 1997(e). Additionally, Plaintiff has not advised the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised the claims previously. In reviewing any previous filings, this Court must consider the nature of Plaintiff's actions that were dismissed before, as well as after, the enactment of the Prison Litigation Reform Act. Plaintiff needs to apprise this Court of the nature of the actions that were previously dismissed. See 28 U.S.C. § 1915(g) which states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1998).

Also, Plaintiff has submitted a complaint that is seventy-five pages long and names 45 Defendants. It presents a long rambling narrative of just about everything that has ever happened to Plaintiff at Hamilton Correctional Institution over the years, including but not limited to problems with inmate banking, mail tampering, toilet paper shortages, flooding, the inmate grievance procedure and female guards viewing undressed male inmates.

If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process. He must attach to the form any grievances he filed regarding his claims, and the responses thereto. Plaintiff must exhaust his administrative remedies **with respect to each defendant concerning each claim raised against that particular defendant.** Plaintiff should not include claims for which he has not exhausted administrative remedies.

2

If the claims are not related to the same basic issue or incident, **then each claim must be addressed in a separate complaint.** In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice to give Plaintiff the opportunity to properly file a civil rights complaint.

This case is also before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff seeks to enjoin Defendants James R. McDonough, the Secretary of the Florida Department of Corrections, and Jack Sapp, the Warden of Hamilton Correctional Institution (hereinafter HCI), from transferring Plaintiff from HCI, from confiscating his legal work, from interfering with Plaintiff receiving a box of legal documents from his family and from retaliating against him for filing this litigation.

Plaintiff complains that in the past he has been given retaliatory disciplinary reports and his legal documents have been destroyed or stolen. He seeks an injunction to allow him to receive boxes of legal documents that he previously sent to his

3

family and he seeks to be allowed to keep legal documents on the end of his bunk rather than in a locker or somewhere else.

Plaintiff asserts that if he is transferred to a different institution, it will delay timely receipt of Court orders or may interfere with access to the law library. He fears retaliatory disciplinary action and destruction of his documents.

The Court is of the opinion that Plaintiff has failed to comply with the strictures of Fed.R.Civ.P. 65 and Local Rule 4.05 of the Rules of the United States District Court for the Middle District of Florida. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed.R.Civ.P., and to submit a proposed form of temporary restraining order prepared in strict accordance with the requirements contained in Rule 65(b) and (d), Fed.R.Civ.P.

Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his request for injunctive relief, the request for injunctive relief is due to be denied for the following reasons. Of course, "[to] support a preliminary injunction, a district court need not find that the evidence positively guarantees a final verdict in plaintiff's favor." Levi Strauss & Co. v. Sunrise Intern. Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). Instead, as the Eleventh Circuit has stated, the

4

district court must determine whether four prerequisites for extraordinary relief have been established by the evidence:

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Here, Plaintiff has not demonstrated that a protective order is necessary to prevent irreparable injury. The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen.

5

Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Further, the decision of where to confine a particular inmate is certainly within the broad discretionary authority of the prison officials:

> Generally, "[custodial] officials have broad administrative and discretionary authority over the institutions they manage and . . . incarcerated persons retain only a narrow range of protected liberty interests." Hewitt, 459 U.S. at 467, 103 S.Ct. at 869. Moreover, inmates usually possess no constitutional right to be housed at one prison over another. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Accordingly, the Supreme Court has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility. See Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). . . .

Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989).

This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates as that is the type of decision which typically is made by prison administrators with the expertise to make these decisions, taking into account the safety and security of the prison staff and inmates. Finally, there is no justification for entering an order to prohibit Plaintiff's transfer within the Florida Department of Corrections. Plaintiff has not shown that he will suffer irreparable injury if he is transferred to a different institution. The Court will not interfere with the internal

operations of the prison. Whether an inmate should be allowed to store legal property on the end of his bunk is a decision which must be left to the prison administrators. There are safety and security, fire code and space and facility issues involved. Of course, Plaintiff must comply with institutional mailing regulations concerning the sending or receiving of boxes of legal mail. Again, there are storage issues which must be addressed by the prison officials.

In the alternative, it appears that Plaintiff may be requesting that this Court grant an injunction in aid of its jurisdiction. Based on the record before the Court, the Court has not been prevented from exercising its jurisdiction. Plaintiff has filed numerous documents in this case. Thus, there is no need for the Court to grant an injunction in aid of its jurisdiction.

Accordingly, for all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied.

It is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

2. This case is hereby dismissed **without prejudice.**

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

4. The Clerk of the Court shall provide Plaintiff with a civil rights complaint form and an affidavit of indigency form. If Plaintiff elects to file a civil rights complaint, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number.

**DONE AND ORDERED** at Jacksonville, Florida, this **14th** day of November, 2006.

UNITED STATES DISTRICT JUDGE

sa 11/13
c:
Steven A. McLeod

8